1  Timothy J. Halloran – 104498
       THalloran@mpbf.com
2  Keith G. Adams – 240497
       KAdams@mpbf.com
3  Dina M. Zagari – 278627
       DZagari@mpf.com
4  MURPHY, PEARSON, BRADLEY & FEENEY
   550 S. Hope Street, Suite 650
5  Los Angeles, CA  90071
   Telephone:  (213) 327-3500
6  Facsimile:   (213) 627-2445

7  Attorneys for Defendant
   ZAZZLE INC.

8

9           **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

| | |
|---|---|
| 12  GREG YOUNG PUBLISHING, INC., a corporation, | Case No.: 2:16-CV-04587-SVW-KS |
| 13 | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT** |
| 14              Plaintiff, | |
| 15          v. | *Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Keith Adams, Statement of Uncontroverted Facts and Conclusions of Law, and Proposed Judgment All Filed Concurrently* |
| 16  ZAZZLE INC., a corporation, and DOES 1 TO 10, | |
| 17              Defendants. | |
| 18 | |
| 19 | |
| 20 | **Hearing** |
| 21 | Date:        April 24, 2017 |
| 22 | Time:        1:30 p.m.<br>Place:       First Street Courthouse<br>Room:       Courtroom 10A |
| 23 | |
| 24 | Complaint Filed:  June 23, 2016<br>FPTC Date:       June 12, 2017<br>Trial Date:       June 20, 2017 |

25

26

27

28

Pursuant to F.R.C.P. 56(c) and Central District of California Local Rule 56-1, defendant Zazzle Inc. ("Zazzle") submits the following the following Statement of Uncontroverted Facts and Conclusions of law in support of its motion for summary judgment as to the claims brought by plaintiff Greg Young Publishing, Inc. ("Plaintiff" or "GYPI").

## I.   STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.  Greg Young is an individual in the business of licensing images to third parties. | 1.  Declaration of Keith Adams ("Adams Decl."), Ex. ("Ex.") R [Deposition Transcript of Greg Young Publishing, Inc.] at 20:24-21:16, 116:10-119:16. |
| 2.  Beginning in 1992, Mr. Young did business through a d/b/a, "Greg Young Publishing" ("GYP"). | 2.  Ex. A; Ex. R at 21:9-16. |
| 3.  Beginning in 2007, Mr. Young also did business through another d/b/a, "Greg Young International" ("GYI"). | 3.  Ex. B. |
| 4.  "Greg Young Publishing" was registered as a d/b/a to Mr. Young as an individual. | 4.  Ex. A. |

- 1 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 5. "Greg Young International" was registered as a d/b/a to Mr. Young as an individual. | 5. Ex. B. |
| 6. In 2007, Greg Young created Greg Young Publishing, Inc., which was registered with the California Secretary of State on December 18, 2007. | 6. Ex. C; Ex. R at 20:24-21:8. |
| 7. Scott Westmoreland is an independent painter. | 7. Ex. R at 22:2-22:17; Ex. D. |
| 8. Westmoreland registered and owns the copyright to six artworks at issue in this case. | 8. Ex. D; Ex. R at 122:1-5. |
| 9. On June 30, 2010, Westmoreland entered into an agreement with "Greg Young Publishing, a California corporation" (the "Westmoreland Agreement"). | 9. Ex. E; Ex. R at 120:5-17. |
| 10. No agreement other than the Westmoreland Agreement was produced by GYPI in discovery, as of March 25, 2017. | 10. Adams Decl., ¶19; Ex. R at 122:15-22. |

- 2 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 11. GYPI claims that the Westmoreland Agreement is a "license" of Westmoreland's copyrights. | 11. Docket No. 39 at p.19, ¶75; Ex. R at 120:22-121: 7. |
| 12. The Westmoreland Agreement appointed GYPI Westmoreland's "exclusive representative … for soliciting, negotiating and administering agreements with third parties." | 12. Ex. E at GYP160; Ex. R at 122:6-14. |
| 13. Under the Westmoreland Agreement, GYPI was to use its "reasonable best efforts" to interest third parties in Westmoreland's work and negotiate licensing agreements on his behalf. | 13. Ex. E at GYP160. |
| 14. Under the Westmoreland Agreement, GYPI's activities are subject to Westmoreland's prior approval, and Westmoreland approves and executes the agreements. | 14. Ex. E at GYP160; Ex. R at 121:20-25. |
| 15. Under the Westmoreland Agreement, GYPI is to receive a portion of the proceeds from the agreements it negotiates with third-parties. | 15. Ex. E at GYP160-161. |

- 3 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 16. The Westmoreland Agreement did <u>not</u> assign or license any copyrights to GYPI. | 16. Ex. E; Ex. R at 121:20-25 (Mr. Young: "…it's his [Westmoreland's] artwork…") |
| 17. The Westmoreland Agreement expressly defines Westmoreland's copyrights as being part of the "Property," and expressly states that GYPI "shall not at any time acquire any rights in the Property." | 17. Ex. E at GYP160, 163; Ex. R at 121:20-25. |
| 18. The Westmoreland Agreement has a clause stating that if Westmoreland "declines to bring an action on his own behalf to enforce the copyrights … then Agent shall have the right to enforce the copyrights …." | 18. Ex. E at GYP163. |
| 19. GYPI's express understanding is that it has standing in this action based on the clause in the Westmoreland Agreement purporting to grant it the right to enforce the copyrights. | 19. Ex. R at 121:2-10, 123:12-125:3-5. |

- 4 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 20. Pursuant to the Westmoreland Agreement, GYP negotiated several licensing agreements with third parties (the "Third-Party Agreements"). | 20. Ex. F; Ex. G; Ex. H; Ex. I; Ex. R at 127:5-10, 128:7-8, 129:23-130:2, 131:18-20, 134:6-10, 138:11-14. |
| 21. Each of the Third-Party Agreements was between Westmoreland and the third party, not GYPI. | 21. Ex. F at GYP173; Ex. G at GYP228; Ex. H at GYP232; Ex. I at 241; Ex. R at 121:20-25. |
| 22. Each of the Third-Party Agreements described GYPI as Westmoreland's "exclusive licensing agent." | 22. Ex. F at GYP173; Ex. G at GYP228; Ex. H at GYP232; Ex. I at 241. |
| 23. Each of the Third-Party Agreements contained a license of copyrights from Westmoreland as a licensor, not GYPI. | 23. Ex. F at GYP176; Ex. G at GYP228, GYP230; Ex. H at GYP232, GYP234; Ex. I at GYP241. |
| 24. Each of the Third-Party Agreements was executed by Westmoreland, not GYPI. | 24. Ex. F at GYP180; Ex. G at GYP230; Ex. H at GYP234; Ex. I at GYP246, GYP247; Ex. R at 121:20-25, 127:16-128:3. |
| 25. In 1999, Mr. Young came up with an idea for a series of "vintage" paintings that could be licensed. | 25. Ex. R at 23:17-25:22. |
| 26. Mr. Young contacted Kerne Erickson, a painter. | 26. Ex. R at 23:17-26:2. |

- 5 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 27. Mr. Young and Erickson entered into a business relationship wherein Mr. Young would provide third-party images and "ideas" to Erickson, and Erickson would create a painting based on the same. | 27. Ex. R at 23:17-26:2. |
| 28. Mr. Young provided Erickson with images and descriptions of what he thought the paintings should look like. | 28. Ex. R at 25:11-33, 57:15-58:19, 81:11-82:9, 83:16-18. |
| 29. Mr. Young was not involved in the physical creation of the works. | 29. Ex. R at 81:11-82:9, 95:6-10. |
| 30. Mr. Young does not consider himself a co-author of the works. | 30. Ex. R at 73:13-21. |
| 31. Dozens of works were created under this arrangement. | 31. Ex. O; Ex. R at 70:4-71:5. |
| 32. Mr. Young created lithographic reproductions of Erickson's paintings. | 32. Ex. R at 26:23-28:11, 32:21-33:8. |
| 33. Mr. Young carefully ensured that the reproductions of Erickson's paintings were as accurate as possible, without embellishment or changes. | 33. Ex. R at 26:23-28:11, 32:21-33:8. |

- 6 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 34. On December 21, 1999, GYP and Erickson entered into a "Work for Hire Agreement." (the "1999 Agreement") | 34. Ex. J; Ex. R at 61:24-62:8, 64:2-10. |
| 35. The 1999 Agreement provided that GYP would give Erickson "archetypes" and "instructions" to create paintings based on. | 35. Ex. J at GYP185. |
| 36. The 1999 Agreement provided that GYP could accept or reject Erickson's paintings. | 36. Ex. J at GYP185. |
| 37. The 1999 Agreement provided that Erickson would be paid a fixed sum for each work. | 37. Ex. J at GYP185. |
| 38. The 1999 Agreement provided that Erickson would be an independent contractor, and receive no benefits. | 38. Ex. J at GYP186; Ex. R at 63:2-64:7. |

- 7 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 39. The 1999 Agreement provided the following with respect to copyrights: "Work product Ownership. Any copyrightable works, ideas, discoveries, inventions, patent, products, or other information (collectively, the "Work Product") developed or produced in whole or in part by Erickson in connection with the services provided under this agreement shall be the exclusive property of GYP. Upon request, Erickson shall sign all documents necessary to confirm or perfect the exclusive ownership of GYP to the Works or the Work Product." | 39. Ex. J at GYP186. |
| 40. At some point in 2003-2004, Mr. Young learned that the 1999 Agreement was not a proper "work for hire" agreement. | 40. Ex. R at 65:16-66:8, 141:4-10, 145:17-146:13, 151:18-152:9. |
| 41. On August 19, 2004, Erickson and GYP entered into another agreement (the "2004 Agreement"). | 41. Ex. J at 187; Ex. K; Ex. R at 65:14-66:24. |

- 8 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 42. The 2004 Agreement stated that the parties sought to "clarify" that all works created under the 1999 until the date of the 2004 Agreement were assigned to GYP. | 42. Ex. K at GYP187. |
| 43. The 2004 Agreement stated that the parties intended that the works created under the 1999 Agreement would be "for hire." | 43. Ex. K at GYP187 ("To the fullest extent permitted under 17 U.S.C. §101 et seq. the Work Product shall be considered a work made for hire."). |
| 44. The 2004 Agreement stated that the parties intended that the copyrights to all of the works created under the 1999 Agreement would vest in GYP. | 44. Ex. K at GYP187. |
| 45. The 2004 Agreement, to the extent the works Erickson had already created were not "for hire," characterized them as the "Work Product" and assigned the rights in those works to GYP. | 45. Ex. K at GYP187; Ex. R at 70:4-15. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 46. The 2004 Agreement thus specifically assigned the rights to 23 of the works at issue from Erickson to GYP. | 46. Ex. K at GYP 189-191 (listing the following works: AL5 – Aloha Hawaii; CS32 – Havana; CS35 – Travel by Air Los Angeles to San Diego; CS36 – Catalina By Air; CS37 – Visit Cuba; CS41 – Inter-Island Airways; CS43 – Chicago; CS45 – Waikiki Beach; CS46 – The Lindbergh Line; CS47 – Super Skyliners; CS52 – Braniff Airways-Manhattan; CS53 – Standard Airlines-El Paso; CS55 – Cuba; CS56 – Waikiki; CS60 – Hawaii Land of Surf and Sunshine; CS62 – Tahiti; CS63 – Miami Beach Florida; CS64 – Veradero Cuba; CS67 – Hope Ranch; CS69 – Huntington Beach; CS70 – Cuba Havana Jocket Club; CS75 – Cuba Land of Romance, and SP1 -- Pineapple); Ex. R at 70:4-15. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 47. The 2004 Agreement did not purport to assign the rights to two works (CS27 - Los Angeles by Clipper and CS30 – Hawaii) created pursuant to the 1999 Agreement, even though they had already been created. | 47. Ex. K at GYP189-191; Ex. O; Ex. P. |
| 48. The 2004 Agreement specified that it "shall not void or terminate" the 1999 Agreement. | 48. Ex. K at GYP188; Ex. R at 69:8-16. |
| 49. The 2004 Agreement did not contain any future assignment of rights to works created under the 1999 Agreement to GYP. | 49. Ex. K at GYP187-188 (defining the assignment as including the "Work Product," which was in turn limited to the material listed on "Schedule A," and additionally stating that the agreement concerned "all works created from December 21, 1999 until the date written by GYP under its signature," which was August 19, 2004). |
| 50. The 2004 Agreement also classified Erickson as an independent contractor. | 50. Ex. K at GYP187. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 51. The 2004 Agreement also contained a clause where Erickson agreed "to execute such other documents as may be requested of Erickson by GYP, if necessary, to cure any defect in this assignment." | 51. Ex. K at GYP187. |
| 52. After August 19, 2004, Erickson created numerous works at issue in this litigation, specifically: CS77 – Visit Santa Monica; CS78 – San Francisco; CS79 – Escape to Cuba; CS80 – Key West; CS81 – Napa Valley, CS84 – Fly to Hawaii, CS87 – Greeting from Samoa, CS89 – Duke Kahanamoku; and CS99 – Havana. | 52. Ex. O, Ex. P; Ex. R at 72:8-23 (Mr. Young: "They're not all here."). |
| 53. On May 16, 2007, Erickson and "Greg Young International" entered into a separate agreement wherein Erickson would create works for GYI (the "2007 Agreement"). | 53. Ex. L; Ex. R at 74:18-24. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 54. The 2007 Agreement stated that "all copyrightable materials … shall be deemed a 'work made for hire,'" but also included a provision that automatically assigned any copyrights that did not vest in GYI as work-for-hire to GYI. | 54. Ex. L at GYP193. |
| 55. The 2007 Agreement specified that GYI would have the right to register as a copyright claimant with the Copyright Office. | 55. Ex. L at GYP193. |
| 56. The 2007 Agreement expressly stated that Erickson was an independent contractor, not an employee | 56. Ex. L at GYP194; Ex. R at 81:11-18, 84:19-85:3. |
| 57. The 2007 Agreement was intended to be the operative agreement and stated that it superseded all prior agreements between the parties and their predecessors | 57. Ex. L at GYP194; Ex. R at 74:25-75:15, 77:1-20. |
| 58. The 2007 Agreement also included a purported assignment of copyright interests to one of the works at issue in this litigation (CS95 – Havana). | 58. Ex. L at GYP197; Ex. R at 78:11-79:5. |

- 13 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 59. Mr. Young vaguely testified that, somehow, the 2004 and 2007 Agreements or addendums were amended to include additional copyright assignments; but he testified that such amendments were both to the 2004 and 2007 Agreements. | 59. Ex. R at 71:6-72:23, 73:22-74:8, 80:9-16. |
| 60. As of March 25, 2017, no documents were provided supporting the assertion that there were additional of assignments of copyrights from Erickson to GYP or GYI beyond those in Exhibits K, L, M and N. | 60. Adams Decl., ¶19. |
| 61. On May 14, 2013, Greg Young, as an individual, assigned the copyright to "Visit Santa Monica" to GYPI (the "May 2013 Assignment"). | 61. Ex. M; Ex. R at 93:17-94:4, 148:22-149:1. |
| 62. On September 27, 2011, Mr. Young/GYI assigned, in a written agreement recorded with the Copyright Office, various works to GYPI (the "September 2011 Assignment"). | 62. Ex. N; Ex. R at 96:1-97:23. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 63. The September 2011 Assignment purported to assign "CS99 – Havana," a work which does not exist. | 63. Ex. N; Ex. R at 79:10-15, 97:15-98:16. |
| 64. GYPI and Erickson have no pre-complaint written agreement that has been produced in this litigation. | 64. Adams Decl., ¶19. |
| 65. The Erickson works at issue in this litigation are purportedly subject to assorted registrations and supplemental registrations. | 65. Adams Decl., ¶15; Ex. O; Ex. R at 141:11-143:9; Ex. Q. |
| 66. Generally speaking, from 1999 to 2003, GYP registered the works as "works for hire" and characterized them as "reproductions." | 66. Ex. O at GYP550-640, 664-667; Ex. P. |

- 15 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 67. Twenty-four Erickson works were initially registered as "reproductions" of works of art, often as "reproduction of painting by photolithography" or the equivalent, with ownership claimed by GYP as "work for hire": AL5 – Aloha Hawaii; CS27 – Los Angeles by Clipper; CS30 – Hawaii; CS32 – Havana; CS35 – Travel by Air Los Angeles to San Diego; CS36 – Catalina By Air; CS37 – Visit Cuba; CS41 – Inter-Island Airways; CS43 – Chicago; CS45 – Waikiki Beach; CS46 – The Lindbergh Line; CS47 – Super Skyliners; CS52 – Braniff Airways-Manhattan; CS53 – Standard Airlines-El Paso; CS55 – Cuba; CS56 – Waikiki; CS60 – Hawaii Land of Surf and Sunshine; CS62 – Tahiti; CS63 – Miami Beach Florida; CS64 – Veradero Cuba; CS67 – Hope Ranch; CS69 – Huntington Beach; CS70 – Cuba Havana Jockey Club; and SP1 – Pineapple. | 67. Ex. O at GYP550-640, 664-667; Ex. P. |

- 16 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 68. In 2003 (and again in 2013), there were "supplemental" registrations recorded, stating that the works were owned via assignment (not as "works for hire") and were actually paintings (or the equivalent). | 68. Ex. O at GYP550-640, 664-667; Ex. P (Chart summarizing copyright filings); Ex. R at 145:11-146:13. |
| 69. Prior to August 19, 2004, supplemental registrations were made as to the following works: CS27 – Los Angeles By Clipper; CS30 – Hawaii; CS32 – Havana; CS41 – Inter-Island Airways; CS45 – Waikiki Beach; CS46 – The Lindbergh Line; C47 – Super Skyliners. | 69. Ex. O; Ex. P. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 70. In 2013, supplemental registrations were made for the following 17 works, listing GYP, not GYPI, as the copyright claimant: AL5 – Aloha Hawaii; CS35 – Travel by Air Los Angeles to San Diego; CS36 – Catalina By Air; CS37 – Visit Cuba; CS43 – Chicago; CS52 – Braniff Airways-Manhattan; CS53 – Standard Airlines-El Paso; CS55 – Cuba; CS56 – Waikiki; CS60 – Hawaii Land of Surf and Sunshine; CS62 – Tahiti; CS63 – Miami Beach Florida; CS64 – Veradero Cuba; CS67 – Hope Ranch; CS69 – Huntington Beach; CS70 – Cuba Havana Jockey Club; and SP1 -- Pineapple. | 70. Ex. O at GYP550-640, 664-667; Ex. P. |
| 71. Beginning in 2004 (with "CS75 – Cuba"), the works were generally registered as "paintings" or "art originals," with GYP listed as the copyright claimant through assignment, and Erickson listed as the author. | 71. Ex. O at GYP641-667; Ex. P. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 72.34 of the 35 works were created/registered before GYPI came into existence in December 2007. | 72.Ex. C; Ex. O; Ex. P. |
| 73.There is "CS95 – Havana" and a "CS99 – Daytona Beach," both registered with the Copyright Office, but no "CS99 – Havana." | 73.Ex. O; Ex. P. |
| 74.All works were registered by GYP (not GYPI), with three exceptions: CS77 – Visit Santa Monica was registered in the name of Mr. Young; CS99 – Havana was registered in the name of GYI; and CS115 – Blue Hawaii was registered in the name of GYPI on June 2, 2010. | 74.Ex. O; Ex. O at 644-645 ("Visit Santa Monica"), 660-661 ("Havana"), 662 ("Blue Hawaii"); Ex. P. |
| 75.None of the registrations claimed Mr. Young as an author or co-author (as opposed to claimant or owner through work-for-hire). | 75.Ex. O; Ex. P. |
| 76.On March 3, 2017, pursuant to the parties' stipulation, the Court set an effective last date to file summary judgment motions of March 27, 2017. | 76.Dkt. 43; Local Rule 6-1. |

- 19 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 77. GYPI's deposition was taken on March 20, 2017. | 77. Ex. R. |
| 78. At GYPI's deposition, it became readily apparent to all involved, including GYPI, that it had severe chain-of-title issues. | 78. *See generally* Ex. R. *See* Ex. R at 72:8-17.<br>(Q. Perhaps you can identify -- there are 35 images which are purportedly infringing on rights that you believe that your company has. And there's a schedule here. And can you tell me if all 35 of the infringing images that you contend my client infringed are on this Schedule A?<br>MR. YOUNG: You're right.<br>MR. HALLORAN: I know I'm right.<br>THE WITNESS: They're not all here.) |
| 79. Zazzle informed GYPI on March 21, 2017 that it intended to move for summary judgment on GYPI's chain of title and standing issues, and the parties had a meet-and-confer that same day that touched on those issues. | 79. Adams Decl., ¶20. |

- 20 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 80. At 8:30 p.m. on Sunday, March 26, 2017, GYPI made an additional production via Dropbox link. | 80. Adams Decl., ¶21; Ex. S. |
| 81. As part of GYPI's March 26, 2017, GYPI produced: an "Affirmation of Copyright Assignment" by Kerne Erickson, dated March 25, 2017, wherein he purported to release all copyrights to Mr. Young and/or GYPI; an "Affirmation of Grant of Exclusive Rights" by Scott Westmoreland, dated March 25, 2017, wherein he attempted to re-characterize the June 30, 2010 agreement (Exhibit "E") as granting exclusive rights; and an "Assignment of Rights Agreement" by Mr. Young himself, dated March 25, 2017, wherein he purported to assign any rights he had to GYPI. Zazzle objects to such documents. | 81. Adams Decl., ¶21. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 82. As part of GYPI's March 26, 2017 production, GYPI produced, for the first time and without authentication, a series of "Addendums" to the August 19, 2004 agreement between GYP and Erickson, which purported to assign rights to "GYP." Zazzle objects to such documents. | 82. Adams Decl., ¶21. |

## II.   CONCLUSIONS OF LAW

1.     As to all works by Westmoreland, GYPI lacks standing. The contract between Westmoreland and GYPI does not assign or license Westmoreland's copyrights to GYPI. Rather, the contract makes GYPI Westmoreland's marketing agent. Marketing agents lack standing to pursue infringement claims as they are not owners of copyrights. *See* 17 U.S.C. § 501(b); *Nafal v. Carter*, 540 F.Supp.2d 1128 (C.D.Cal.2007), *aff'd* 388 Fed.Appx. 721 (9th Cir.2010); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993). The "right to sue" clause is invalid. *See Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir.2005). *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) does not apply as the agreement between GYPI affirmatively did <u>not</u> transfer or license any copyright interest. Nor would any *post hoc* licenses be sufficient to establish standing, which is determined at the time of infringement. *See Silvers*, 402 F.3d at 885. GYPI's March 25, 2017 agreements all represent an impermissible attempt to rewrite "the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).

2.     As to all works by Erickson, GYPI lacks a proper chain of title. The

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

1  works were owned in the first instance by Erickson, Mr. Young, "Greg Young

2  Publications," and/or "Greg Young International." There is no evidence whatsoever

3  that GYPI has any sort of chain of title to 32 of the 35 works in question. As to the

4  three works where GYPI has some semblance of a chain-of-title, GYPI actually lacks

5  any cognizable rights. While there is a purported assignment of CS77 from Mr. Young

6  to GYPI, there is no assignment of CS77 from Erickson to Mr. Young. Such an

7  assignment is required as Erickson was the author of the work, as the 1999 Agreement

8  was an invalid purported "work for hire" agreement. *See* 17 U.S.C. §§ 101, 201(d)(1),

9  201(d)(2), 204. The purported assignment of CS99 refers to a work that does not exist.

10 Lastly, while GYPI registered as the owner of CS115, it is not entitled to the statutory

11 presumption of validity of 17 U.S.C. § 410(c) as five years have passed since that

12 registration, and that registration is anyway invalid as there is no <u>written</u> work for hire

13 agreement or assignment between Erickson and GYPI. *See* 17 U.S.C. §§ 101,

14 201(d)(1), 201(d)(2), 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th

15 Cir. 1990). GYPI bears the burden of proving its chain-of-title, and it has failed to

16 meet that burden. *See, e.g., Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*, 116 F.3d

17 484, 1997 WL 303244 (9th Cir. 1997); *In re Napster, Inc. Copyright Litigation*, 191

18 F.Supp.2d 1087, 1101 (N.D. Cal. 2002);

19

20  DATED:  March 27, 2017          MURPHY, PEARSON, BRADLEY & FEENEY

21

22                                  By  _____

23                                      Keith G. Adams
                                        Attorneys for Defendant
24                                      ZAZZLE INC.

25  KGA.3095689.docx

26

27

28

- 23 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587