Timothy J. Halloran – 104498
    THalloran@mpbf.com
Keith G. Adams – 240497
    KAdams@mpbf.com
Dina M. Zagari – 278627
    DZagari@mpf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:   (213) 327-3500
Facsimile:    (213) 627-2445

Attorneys for Defendant
ZAZZLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>ZAZZLE INC., a corporation, and DOES 1 TO 10,<br><br>        Defendants. | Case No.: 2:16-CV-04587-SVW-KS<br><br>**REPLY IN SUPPORT OF DEFENDANT ZAZZLE INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>*Reply Memorandum, Reply Declaration of Keith Adams, Reply Evidentiary Objections, and Request for Judicial Notice All Filed Concurrently*<br><br>**Hearing**<br>Date:      April 24, 2017<br>Time:      1:30 p.m.<br>Place:     First Street Courthouse<br>Room:    Courtroom 10A<br><br>Complaint Filed:  June 23, 2016<br>FPTC Date:    June 12, 2017<br>Trial Date:     June 20, 2017 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................. 1

II.   ARGUMENT ................................................................. 2

    A.    GYPI Lacks Standing As To The Westmoreland Works ........................... 2

        1.    GYPI Has No Copyright Ownership Interest ................................... 2

        2.    *Minden* Does Not Apply ............................................... 3

        3.    "Right To Sue" Assignments Are Void As A Matter Of Law .......... 4

    B.    GYPI Lacks Standing As To The Erickson Works ..................................... 4

        1.    Oral Copyright Grants Cannot Transfer Copyright Ownership ........ 5

        2.    *Jules Jordan Video* Has No Bearing In This Litigation ................... 6

        3.    Other Purported Transfers To GYPI Were Ineffective .................... 7

        4.    GYPI Lacks Statutory Copyright To Certain Erickson Works ......... 8

    C.    Jurisdiction Cannot Be Created Through GYPI's *Post Hoc* Assignments ........................................................ 8

    D.    GYPI Should Have Known Written Assignments Were Required ............ 9

III.  CONCLUSION ............................................................... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Atonio v. Wards Cove Packing Co.*,
   810 F.2d 1477 (9th Cir. 1987)............................................................4

*Clark v. City of Lakewood*,
   259 F.3d 996 (9th Cir. 2001)..............................................................8

*Doran v. Del Taco, Inc.*,
   2006 WL 2037942 (C.D. Cal. July 5, 2006) ......................................8

*Eden Toys, Inc. v. Florelee Undergarment Co.*,
   697 F.2d 27 (2d Cir. 1982)..................................................................6

*Effects Assocs., Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990)...........................................................1, 5

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
   617 F.3d 1146 (9th Cir. 2010)..........................................................6, 7

*Kim Seng Co. v. J & A Importers, Inc.*,
   810 F. Supp. 2d 1046 (C.D. Cal. 2011)..............................................7

*Lanard Toys Ltd. v. Novelty Inc.*,
   511 F. Supp. 2d 1020 (C.D. Cal. 2007)..............................................8

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................8

*Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*,
   116 F.3d 484, 1997 WL 303244 (9th Cir. 1997) ...............................5

*Magnuson v. Video Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996)..............................................................6

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
   795 F.3d 997 (9th Cir. 2015)...........................................................3, 4

*Nafal v. Carter*,
   540 F. Supp. 2d 1128 (C.D. Cal. 2007),
   *aff'd* 388 Fed. Appx. 721 (9th Cir. 2010) .........................................2

*Newman-Green, Inc. v. Alfonzo-Larrain*,
   490 U.S. 826 (1989) ............................................................................9

*Righthaven LLC v. Hoehn*,
   716 F.3d 1166 (9th Cir. 2013)............................................................9

*Roberts v. Arizona Bd. of Regents*,
   661 F.2d 796 (9th Cir. 1981)..............................................................9

- ii -

# TABLE OF AUTHORITIES
(continued)

**Page**

*Silvers v. Sony Pictures Ent'm't, Inc.*,
  402 F.3d 881 (9th Cir. 2005).................................................................4

*Urbont v. Sony Music Entm't*,
  831 F.3d 80 (2d Cir. 2016)...................................................................7

*Valente-Kritzer Video v. Pinckney*,
  881 F.2d 772 (9th Cir. 1989)................................................................6

## STATUTES

17 U.S.C.
  § 101.......................................................................................................9
  § 201(d)(1)..............................................................................................5
  § 201(d)(2)..............................................................................................5
  § 204.............................................................................................1, 5, 6, 7
  § 408(d)...................................................................................................8
  § 501.......................................................................................................1
  § 501(b)...................................................................................................2

37 C.F.R.
  § 201.5(b)(1)...........................................................................................8
  § 201.5(b)(2)...........................................................................................8

## RULES

Federal Rules of Civil Procedure
  Rule 11(b)(2)-(3)...................................................................................10

Rules of Court
  Local Rule 15-1.......................................................................................9

- iii -

## I.    **INTRODUCTION**

The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so.

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).

Thinking that Greg Young Publishing was the same thing as Greg Young Publishing, Inc., I never executed written documents to transfer my Kerne Erickson copyrights to Greg Young Publishing Inc.

Opposition Declaration of Greg Young (Dkt. 75; "GY Opp. Decl."), at ¶26.

Greg Young's own testimony should end Greg Young Publishing, Inc.'s ("GYPI") case. Only copyright owners can sue for infringement. 17 U.S.C. § 501. Copyright ownership must pass through written transfer. 17 U.S.C. § 204. GYPI alleged that it has standing through assignment and/or license of the Westmoreland and Erickson artworks at issue, in this case and many others. GYPI's opposition (Dkt. 70; "GYPI Opp.") to Zazzle's motion (Dkt. 49-1; "ZMSJ"), effectively admits there were no such transfers and GYPI lacks standing.

As to the Westmoreland works, GYPI has only an agency relationship with Westmoreland, insufficient for standing. GYPI fabricates contractual provisions to claim GYPI had ownership rights, in the form of an exclusive right to grant third-parties licenses to Westmoreland's copyrights. The Westmoreland Agreement and the parties' actions thereunder make clear that Westmoreland <u>only</u>, not GYPI, had the power to grant such licenses. Thus, this case is easily distinguishable from the sole case on which GYPI relies. An *en banc* Ninth Circuit decision has firmly rejected GYPI's other argument that copyright owners can assign enforcement rights to third parties.

As to the Erickson works, GYPI explains how *Greg Young*, as an individual, has a chain-of-title to Erickson's works. The issue is not Mr. Young's chain-of-title: it is GYPI's. GYPI never shows an agreement transferring those rights from Mr. Young to GYPI prior to this litigation because, as Mr. Young admitted, none exists. GYPI's cited

- 1 -

cases are inapplicable because standing to sue depends on the facts at the time the complaint was filed, and GYPI cannot establish standing and jurisdiction after the fact.

GYPI's arguments that Mr. Young was unaware of corporate or copyright law should be seen as the distractions that they are. Mr. Young and GYPI were represented by counsel prior to and during this litigation, and in other cases where GYPI made similar allegations. At a minimum, counsel was under an obligation to make sure GYPI's allegations had evidentiary support, and failed to do so.

GYPI's opposition confirms GYPI's lack of standing. Zazzle's motion should be granted, and this case dismissed.

## II.    ARGUMENT

### A.    GYPI Lacks Standing As To The Westmoreland Works

#### 1.    GYPI Has No Copyright Ownership Interest

Under the Copyright Act, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The Westmoreland Agreement does not make GYPI an "owner" of a right under copyright because GYPI does not own the copyrights and has no independent power to use the copyrights or grant licenses to third-parties. *See* ZMSJ at 7:15-9:28; *Nafal v. Carter,* 540 F. Supp. 2d 1128 (C.D. Cal. 2007), *aff'd* 388 Fed. Appx. 721 (9th Cir. 2010).

GYPI contests *none* of the relevant facts concerning the Westmoreland Agreement (Dkt. 49-4, Ex. E): (1) that it appointed GYPI merely as Westmoreland's "exclusive representative" (GYPI Statement of Genuine Issues [Dkt. 71; "SGI"], ¶12); (2) that all of GYPI's activities under the agreement are subject to Westmoreland's approval (*id.*, ¶14); (3) that all of Westmoreland's copyrights remain exclusively his property, not GYPI's (*id.*, ¶17); and (4) that every third-party agreement (a) was between Westmoreland and the third-party, not GYPI (*id.*, ¶21), (b) contained a copyright grant from Westmoreland, not GYPI (*id.*, ¶23), and (c) was executed by Westmoreland, not GYPI. *Id.*, ¶24.

- 2 -

GYPI itself admits that "Westmoreland owns the artwork and the copyrights therein." GYPI Opp. at 18:20-21. That should end the analysis, as only the "owner or beneficial owner" of copyright can sue. If Westmoreland owns the "copyrights therein," then *he*, not GYPI, is the proper plaintiff.

GYPI attempts to address these inconvenient facts by rewriting the Westmoreland agreement, asserting that "besides Mr. Westmoreland, only GYPI may authorize third parties to reproduce his artwork, to prepare derivative works . . . , to distribute copies . . . , and to display the artwork publicly." GYPI Opp. at 18:23-26; *see also id.* at 19:15-17, 20:20-23. Nothing in the Westmoreland Agreement gives GYPI the power to do any of those things.[1] In practice, Westmoreland, not GYPI, did all of them. SGI ¶¶21, 23-24. GYPI has no ownership interest in the Westmoreland copyrights, and lacks standing to sue for copyright infringement.

## 2. *Minden* Does Not Apply

GYPI claims that the similarities between it and the "licensing agent" plaintiff in *Minden Pictures, Inc. v. John Wiley & Sons, Inc.* ("*Minden*"), 795 F.3d 997 (9th Cir. 2015) "cannot be overemphasized." GYPI Opp. at 19:26-27.  GYPI misunderstands *Minden*. GYPI's argument is that the plaintiff in *Minden* was an exclusive licensing agent and had standing, and GYPI is Westmoreland's exclusive licensing agent, and should also have standing. GYPI ignores that *Minden* did not find that the plaintiff had standing because it was a licensing agent, exclusive or otherwise. Rather, *Minden* found that the plaintiff was a *copyright owner* because it had an "an exclusive license to grant licenses to others." 795 F.3d at 1004. *Minden* thus held that where an "exclusive licensing agent" has copyright ownership rights (*i.e.*, the right to grant exclusive licenses on its own), the "licensing agent" has standing. GYPI here has no such rights.

---

[1] GYPI also claims the agreements list GYPI as a third-party beneficiary (GYPI Opp. at 20:10-12), when they either expressly disclaim any liability to third parties or are silent on the issue. *See* Dkt. 49-4, Ex. F at 31 (Section 11.1, expressly disclaiming third-party liability), Ex. G at 37-38 (Sections 5.3 and 8.2, same), Ex. H at 41-42 (Sections 5.3 and 8.2, same), Ex. I (nowhere describing GYPI as a third-party beneficiary).

REPLY IN SUPPORT OF DEFENDANT ZAZZLE INC.'S
MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:16-CV-04587

### 3. "Right To Sue" Assignments Are Void As A Matter Of Law

GYPI also argues that copyright holders can transfer "the right to enforce against copyright infringement." GYPI Opp. at 21:4-22:21. The Ninth Circuit held in an *en banc* decision that the "assignment of an accrued [copyright] cause of action is impermissible" as "only the owner of an exclusive right under the copyright is entitled to sue for infringement." *Silvers v. Sony Pictures Ent'm't, Inc.*, 402 F.3d 881, 889-890 (9th Cir. 2005). GYPI's argument is squarely barred by *Silvers*, nowhere cited in GYPI's brief even though Zazzle cited it on this exact issue. ZMSJ at 10:24-11:13. GYPI's reliance on out-of-context quotes from *Minden* is misplaced. GYPI Opp. at 21:23-24. Even if *Minden* held that copyright owners can assign a right to sue third-parties, which it does not, *Silvers*, as both an earlier decision and an *en banc* decision, controls. *See Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir. 1987).

### B. GYPI Lacks Standing As To The Erickson Works

GYPI's complaint clearly pled that it — not Mr. Young — had standing and ownership of the Erickson copyrights.[2] GYPI's numerous prior complaints in other recent copyright infringement cases in the Central District all pled the same thing.[3]

GYPI did not have the rights to *any* of the Erickson works. ZMSJ at 11:14-14:9. GYPI concedes all the essential facts. The 1999 Agreement (Dkt. 49-5, Ex. J) and 2004 Agreement (Dkt. 49-5, Ex. K) were both between Erickson and Greg Young d/b/a "Greg Young Publishing." SGI ¶¶34, 41. The 2007 Agreement (Dkt. 49-5, Ex. L), which superseded the 1999 and 2004 Agreements, was between Erickson and Greg

---

[2] *See* Dkt. 39, ¶8 ("GYP [defined as "Greg Young Publishing, Inc." at p.1] personally commissions works from Mr. Erickson and purchases the copyrights in those works by way of an assignment."), ¶13 ("GYP has and continues to protect the copyrights it holds in Mr. Erickson's works. GYP registers all of its artwork . . ."), ¶29 ("Mr. Erickson and Greg Young Publishing, Inc. have complied in all respects with the Copyright Act . . . [and] secured the exclusive rights and privileges in and to the copyrights of the Erickson Artwork."), ¶84 ("GYP owns all title and interest in the copyrights of the Erickson Artwork . . .").

[3] *See* Request for Judicial Notice on Reply ("RRJN"), at Ex. 1, ¶¶9, 14, 16, 45 (containing near-verbatim allegations as in footnote 2, *supra*); Ex. 2, ¶¶6, 11, 21, 44 (same); Ex. 3, ¶¶7, 12, 18, 33 (same); Ex. 4, ¶¶6, 11, 20, 53 (same).

Young d/b/a "Greg Young International." SGI ¶¶53, 57. Erickson never had a written agreement that pre-dates this litigation with GYPI. SGI ¶64. As Mr. Young testified, with the exception of a handful of works addressed below, there were no written transfers from Greg Young, GYP and/or GYI to GYPI. *See* GY Opp. Decl., ¶¶23-26.

Copyright ownership can only be transferred by written agreement, and an assignee-plaintiff bears the burden of proving their chain-of-title. *See* 17 U.S.C. §§ 201(d)(1), 201(d)(2), 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990); *Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*, 116 F.3d 484, 1997 WL 303244 (9th Cir. 1997). GYPI does not even attempt to meet that burden. GYPI *concedes* that it did not have a written chain-of-title, and then argues that (1) purported "oral assignments" are sufficient, and (2) that an infringement defendant cannot raise the writing requirement of Section 204 as a defense even where the plaintiff lacked standing at the outset of the case. Neither argument has merit.

### 1.    Oral Copyright Grants Cannot Transfer Copyright Ownership

GYPI argues that, while it did not have a written agreement with Mr. Young transferring his copyrights to it, there was an "oral" assignment sometime in 2007. *See, e.g.,* GYPI Opp. at 12:25-13:13, 14:14-15:2; SGI ¶¶61-62 (stating copyrights were transferred to GYPI through an oral assignment, but citing no evidence).

GYPI's assertion lacks evidentiary support. Nowhere in his declaration did Mr. Young testify to any such assignment. GY Opp. Decl., ¶¶1-26. Rather, Mr. Young testified that he "did not fully appreciate" the fact that GYPI was a separate entity from his prior d/b/a, GYP. *Id.,* ¶24. Mr. Young's only testimony was that his unexpressed "intention" was to have GYPI own his copyrights. *Id.*, ¶26. In effect, Mr. Young testifies and GYPI argues that copyrights, which require a written assignment, were transferred to GYPI through Mr. Young's unexpressed thoughts, even though he did not believe GYPI was a separate entity.

Furthermore, GYPI admitted as "undisputed" that Mr. Young/GYP, not GYPI, registered as the copyright claimant for the works in **2013**, more than six years after the

- 5 -

1   purported "oral" transfer, and that all works (bar a few) were registered in the name of
2   and by GYP, not GYPI. SGI ¶¶70, 72, 74.

3         The cases cited by GYPI do not assist its argument that Mr. Young's telepathic
4   transfer of copyright, contradicted by his own Copyright Office registrations, is
5   permissible. *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427–29 (9th Cir. 1996) was
6   expressly decided based on the inapplicable 1909 Copyright Act, not the operative 1976
7   Copyright Act. Furthermore, in *Magnuson*, the putative owner was a suspended
8   corporation without the capacity to sue (*id.* at 1428-1429); here, the putative owner was
9   Mr. Young d/b/a GYP, who has that capacity and repeatedly registered for copyrights
10  even after the purported oral assignment. *Valente-Kritzer Video v. Pinckney*, 881 F.2d
11  772 (9th Cir. 1989) also does not assist Plaintiff. It did not hold that a *post-litigation*
12  transfer was effective for standing purposes; indeed, it was a breach of contract case that
13  did not concern copyright infringement standing at all. *Id.* at 773-774. Additionally,
14  there was an actual contemporaneous written letter purporting to memorialize the
15  transfer, and even that was found insufficient to meet the writing requirement of Section
16  204. *Id. Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 36–37 (2d Cir.
17  1982), suffers from a similar defect: there was an underlying written exclusive license,
18  purported to be modified by conduct. Nor do any of GYPI's cited cases deal with the
19  scenario here, where the only "writings" were registrations by an individual (Mr. Young
20  d/b/a "GYP"), who actually possessed the rights under the relevant agreements, *six*
21  *years* after the purported oral assignment of the works to GYPI.

22        **2.   *Jules Jordan Video* Has No Bearing In This Litigation**

23        GYPI misreads *Jules Jordan Video, Inc.* ("*Jules Jordan Video*") *v. 144942*
24  *Canada Inc.,* 617 F.3d 1146 (9th Cir. 2010) for its argument that a copyright
25  infringement defendant cannot assert lack of chain-of-title as a defense. In *Jules Jordan*
26  *Video*, both the corporation and the sole shareholder/director/officer of the corporation
27  sued, and the court found standing. *Id.* at 1149, 1155-1156. Either the corporation had
28  standing, or the individual did, and the court had jurisdiction either way; as such, the

- 6 -

1   case is distinguishable and the Court's discussion of Section 204 was "dicta," as noted

2   in *Kim Seng Co. v. J & A Importers, Inc.*, 810 F. Supp. 2d 1046, 1057 n. 10 (C.D. Cal.

3   2011). The Second Circuit recently distinguished *Jules Jordan Video* on this very

4   ground. *Urbont v. Sony Music Entm't*, 831 F.3d 80 (2d Cir. 2016) characterized *Jules*

5   *Jordan Video* as a case where "both potential owners of the copyright are parties to the

6   lawsuit." 831 F.3d at 86-87. *Urbont* went on to hold that a copyright infringement

7   defendant could use a Section 204-type defense, reasoning that *Jules Jordan Video* only

8   applied to situations where all potential owners were parties. 831 F.3d at 87-88.

9   Regardless, *Jules Jordan Video* has no application here, where the individual with

10  standing is not a party, and the party that actually sued lacked standing at the beginning

11  of the litigation.

12       **3.      Other Purported Transfers To GYPI Were Ineffective**

13       For the vast majority of works, there is no written transfer to GYPI, and GYPI

14  lacks standing. GYPI lacks standing to the remaining works as well.

15       *CS77 – Visit Santa Monica:* The plain language of the 1999 and 2004 Agreements

16  make clear that the 1999 Agreement was to be a "work-for-hire" agreement. SGI ¶¶34,

17  39, 41-43, 45. As such, it was ineffective to transfer Erickson's copyrights. ZMSJ at

18  14:17-15:17. Try as GYPI might to argue otherwise, there was no written transfer of the

19  CS77 copyright or future copyrights in the 2004 Agreement itself. SGI ¶48. The only

20  purported written transfer was in the objectionable addendums, produced in an untimely

21  fashion. SGI ¶¶60, 77, 80-82. Even if there were a written transfer, GYPI's evidence on

22  its own summary judgment motion shows that there were <u>no</u> sales of any product with

23  this image. *See* Dkt. 66-1, Ex. F. As such, Zazzle's display of the image on its website,

24  the only possibly infringing activity, is protected by the DMCA. *See* Dkt. 69.

25       *CS99 – Havana:* There was no written transfer of this work to GYPI, as GYI had

26  the rights to a "CS95 – Havana," not a "CS99 - Havana." SGI ¶¶62-63. To cover for this

27  error, GYPI asserts that "there is only one Havana painting by Kerne Erickson

28  registered or otherwise and the copyright in that painting is what got assigned." GYPI

MSJ at 8:17-20. There is no evidentiary support for this assertion in GYPI's brief, and neither Erickson nor Mr. Young testify to that supposed fact in their declarations. *Cf.* GY Opp. Decl., ¶16; Dkt. 74.

*CS115 – Blue Hawaii:* GYPI registered itself as the copyright claimant (*i.e.*, owner of all rights) for this artwork "by written agreement," but had no written agreement entitling it to do so. SGI ¶¶64, 74. Mr. Young, not GYPI, would have the rights to this work under the 2007 Agreement. SGI ¶57.

### 4.    GYPI Lacks Statutory Copyright To Certain Erickson Works

As to the statutory copyright issue, GYPI does not dispute that its photolithographic reproductions of Erickson's paintings were unoriginal and therefore not entitled to copyright. ZMSJ at 19:4-20:4. GYPI does not dispute that Mr. Young registered the unprotectible lithographs. SGI ¶67. Registrations for works that are unprotectible/unoriginal are void, as they are outside the "harmless error" rule. *See Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1034 (C.D. Cal. 2007). "Supplemental" registrations are only effective to correct *inaccurate* information. *See* 17 U.S.C. § 408(d); 37 C.F.R. §§ 201.5(b)(1), (b)(2). The original registrations were accurate, albeit ineffective, and the supplemental registrations were void. There is no statutory copyright in these works.

## C.    Jurisdiction Cannot Be Created Through GYPI's *Post Hoc* Assignments

GYPI argues that the various March 2017 agreements corrected any deficiencies in GYPI's chain of title. Those agreements should be disregarded. The foundation of federal jurisdiction is a plaintiff with standing. As set forth previously (ZMSJ at 17:2—18:17), to have standing, a federal-court "plaintiff must have suffered an 'injury in fact.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted). Whether a plaintiff has standing to file suit is evaluated by looking to "the facts as they exist when the complaint is filed." *Lujan*, 504 U.S. at 571 n. 4; *see Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). "The plaintiff must establish by a preponderance of the evidence that he had standing when the complaint was filed."

- 8 -

*Doran v. Del Taco, Inc.,* 2006 WL 2037942, at *7 (C.D. Cal. July 5, 2006). If a plaintiff lacks standing when a suit is filed, a plaintiff cannot "amend around" that jurisdictional defect. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Here, GYPI lacked standing when the lawsuit was filed,[4] and cannot use the March 2017 agreements to "amend around" this fact. As the Ninth Circuit has held, there are "few exceptions to this general principle" that standing is determined at the time of filing, and "permitting standing based on a property interest acquired after filing is not one of them." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013). Nor should GYPI be permitted leave of the Court to amend. *See Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (upholding denial of motion to amend made "after discovery was virtually complete and [a] motion for summary judgment was pending").[5]

## D.   GYPI Should Have Known Written Assignments Were Required

Throughout its motion and supporting declarations, GYPI argues that Mr. Young "misunderstood" or "did not fully appreciate" various fundamentals of copyright law (*e.g.*, the "work for hire" definition expressly contained with 17 U.S.C. § 101) and corporate law (*e.g.*, the distinction between a corporation and a d/b/a). *See* GYPI Opp. at 4:13-21, 7:28-8:3, 9:9-14, 9:14-19, 15:25-16:2, 17:16-19, 23:8-11; GY Opp. Decl., ¶¶2, 24-26; SGI, ¶¶34, 40, 59, 61-63, 78.

This is disingenuous. Mr. Young/GYPI have been represented by counsel for the entire relevant period. Mr. Young testified that the 2004 and 2007 Agreements were both entered into on the advice of counsel. GY Opp. Decl., ¶¶9, 25. Many of the "supplemental" copyright registrations, dating back to 2004, were authorized and signed

---

[4] Absent GYPI's ownership of copyright, GYPI's complaint does not support Article III standing (if it is even separate from standing under the Copyright Act in this case) as it contains no allegations that GYPI's licensing business was damaged by the alleged infringement. *See generally* Dkt. 39, and at ¶¶83-94. GYPI's discovery responses and testimony confirm no such injury occurred. *See* Adams R. Decl., Ex. T at 6:1-28; Ex. V at 115:20-23.

[5] GYPI has failed to bring an actual motion to amend its complaint, and also to attach the proposed amended pleading in violation of Local Rule 15-1.

- 9 -

1  not by Mr. Young, but by his then-counsel at Venable LLP. *See, e.g.,* Dkt. 49-6, Ex. O
2  at 81, 85, 89. GYPI has filed *numerous* other copyright infringement lawsuits similar to
3  the instant lawsuit, where it pled that GYPI – not Mr. Young – had the rights to
4  Erickson's works. *See* RRJN, Exs. 1-4.

5      Even if Mr. Young was not aware of the nuances of copyright law, his counsel
6  certainly should have been aware of Section 204's writing requirement, and was under
7  an obligation to ensure the legal and factual contentions in GYPI's pleadings had
8  support. *See* F.R.C.P. 11(b)(2)-(3).[6] GYPI and its counsel failed to do so, in case after
9  case. Counsel should have been aware of the distinction between a d/b/a and a
10 corporation, and noted the lack of any written agreement between Erickson and/or Mr.
11 Young, on the one hand, and GYPI, on the other. Regardless, GYPI cannot repeatedly
12 make false representations to the court, and then plead ignorance as an excuse.

### III.   CONCLUSION

13
14     GYPI effectively concedes that it lacked standing to prosecute this action. GYPI's
15 belated March 2017 Agreements cannot correct this defect, nor should GYPI be
16 permitted to rewrite its pleadings through amendment. Zazzle's motion should be
17 granted, and this case dismissed.

18
19  DATED:  April 10, 2017          MURPHY, PEARSON, BRADLEY & FEENEY

20                         By _____
21                            Keith G. Adams
22                            Attorneys for Defendant
                             ZAZZLE INC.
23
24 KGA.3104111.docx
25
26
27 ───────────────────
[6] In this case, GYPI also apparently received the assistance of a partner at Venable LLP,
28 a firm that has represented Zazzle very recently in intellectual property matters. *See*
   Adams R. Decl., Exs. X-Z; Reply Evidentiary Objections at Section (C).