1  Timothy J. Halloran – 104498
       THalloran@mpbf.com
2  Keith G. Adams – 240497
       KAdams@mpbf.com
3  Dina M. Zagari – 278627
       DZagari@mpf.com
4  MURPHY, PEARSON, BRADLEY & FEENEY
   550 S. Hope Street, Suite 650
5  Los Angeles, CA  90071
   Telephone:  (213) 327-3500
6  Facsimile:   (213) 627-2445

7  Attorneys for Defendant
   ZAZZLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZAZZLE INC., a corporation, and DOES 1 TO 10,<br><br>Defendants. | Case No.: 2:16-cv-04587<br><br>**DEFENDANT ZAZZLE INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**<br><br>**Complaint Filed:** June 29, 2016<br>**L.R. 16-1 Meeting:** May 3, 2017<br>**Pre-Trial Conference:** June 12, 2017<br>**Trial:** June 20, 2017 |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................... 1

II. CLAIMS AND DEFENSES ....................................................................... 2

A.   Summary of GYPI's Claims .................................................................. 2

B. Elements Required to Establish GYPI's Claims ................................... 2

1. Direct Copyright Infringement .............................................................. 2

C. Key Evidence in Opposition to GYPI's Claims. ................................... 3

1. Evidence in Opposition to Claim of Direct Copyright Infringement ............... 3

D. Summary of the Affirmative Defenses Zazzle Plans to Pursue. ........... 5

E. Elements of Zazzle's Affirmative Defenses ......................................... 6

1. First Affirmative Defense – DMCA Safe Harbors ............................... 6

2. Seventh Affirmative Defense – Innocent Intent ................................... 7

3. Eighth Affirmative Defense – Copyright Misuse ................................. 7

4. Ninth Affirmative Defense – Unclean Hands ...................................... 7

F. Description of Key Evidence in Support of Zazzle's Affirmative Defenses .. 7

1. First Affirmative Defense – DMCA Safe Harbors ............................... 7

2. Seventh Affirmative Defense – Innocent Intent ................................... 9

3. Eighth Affirmative Defense – Copyright Misuse ................................. 9

4. Ninth Affirmative Defense – Unclean Hands .................................... 10

G. Anticipated Evidentiary Issues ........................................................... 10

H. Anticipated Issues of Law ................................................................... 11

III. BIFURCATION ....................................................................................... 11

IV. JURY TRIAL ........................................................................................... 12

V. ATTORNEYS' FEES .............................................................................. 12

VI. ABANDONMENT OF ISSUES ............................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Psystar Corp.*,
658 F.3d 1150 (9th Cir. 2011) ................................................................................. 7

*Brother Records, Inc. v. Jardine*,
318 F.3d 900 (9th Cir. 2003) ................................................................................... 7

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ................................................................................................ 11

*Feltner v. Columbia Pictures Television, Inc.*,
523 U.S. 340 (1998) .............................................................................................. 12

*Omega S.A. v. Costco Wholesale Corp.*,
776 F.3d 692 (9th Cir. 2015) ................................................................................... 7

*Mattel Inc., v. Walking Mountain Productions*,
353 F.3d 792 (9th Cir. 2003) ................................................................................. 12

*Magnuson v. Video Yesteryear*,
85 F.3d 1424 (9th Cir. 1996) ................................................................................. 12

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
134 S.Ct. 1962 (2014) ........................................................................................... 10

*Polar Bear Prods., Inc. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) ................................................................................. 10

*Practice Management Information Corp. v. American Medical Association*,
121 F.3d 516 (9th Cir.1997) .................................................................................... 7

*Wyle v. R.J. Reynolds Industries, Inc.*,
709 F.2d 585 (9th Cir. 1983) ................................................................................. 11

**Statutes**

17 U.S.C. § 101 *et seq.*
§ 501 *et seq.* .......................................................................................................... 2
§ 504(c)(2) ............................................................................................................. 7
§ 507(b) ................................................................................................................ 10
§ 512 ............................................................................................................. 3, 5, 6

**Other Authorities**

Ninth Circuit Manual of Model Civil Jury Instruction ("MJI"),
§ 17.1 ..................................................................................................................... 3
§ 17.4 ..................................................................................................................... 3
§ 17.24 ................................................................................................................... 7
§ 17.30 ................................................................................................................... 6
§ 17.36 ................................................................................................................... 7
§ 17.37 ................................................................................................................... 3

Pursuant to Local Rule 16-4, defendant Zazzle Inc. hereby submits its memorandum of contentions of facts and law.

### III. INTRODUCTION

Plaintiff Greg Young Publishing Inc. ("Plaintiff" or "GYPI") brought this action for copyright infringement against defendant Zazzle Inc. ("Zazzle"). GYPI claims copyright ownership of thirty-four (34) paintings by Kerne Erickson that it contends that Zazzle infringed on, by the display of user-uploaded images of the paintings on its website and, in thirty-three (33) cases, the printing of said images on physical products.[1]

Zazzle has a website, where users upload images for display. Those users, or third parties, can then purchase products with the uploaded images printed on them, for those products that the initial uploader has chosen to make available. Recognizing that some users will nonetheless upload infringing material, Zazzle employs dozens of people to review 20,000 images per day, and also uses keyword searches and databases to filter infringing material to the best of its ability. But Zazzle does not have the ability to "reverse image" search every image uploaded onto its website, nor does it have a comprehensive library of every copyrighted image, nor a comprehensive database of copyright licenses, as would be required to "control" uploading of infringing images. Zazzle monitors for infringement to the best of its ability, and attempts to comply in all respect with the relevant law. It is unfortunate that some images nonetheless slipped through and were printed. GYPI will undoubtedly attempt to paint Zazzle as a "willful" copyright infringer, but nothing could be farther from the truth: Zazzle used its best efforts to comply with the law and remove offending images. Indeed, in over half the cases, there were no sales of products bearing the offending images after Zazzle received notice of GYPI's claimed copyrights; and in the remaining cases, sales were minimal.

---

[1] Thirty-five works were listed in the complaint. For whatever reason, GYPI appears to have withdrawn its claim as to CS45 – Waikiki Beach. CS77 – Visit Santa Monica was never printed on a physical product.

- 1 -

More notably, while Plaintiff will undoubtedly seek millions in statutory damages, sales of products bearing Plaintiff's artwork were under $15,000 during the relevant period from June 2013 to the present. Plaintiff's own royalties, for *every* artwork created by Erickson (there are over 150) during that same period was under $22,000, and Plaintiff spent no more than $82,500 to acquire the copyrights in the first place. There is no basis, under the Copyright Act or otherwise, to give Plaintiff a wholly unjustified windfall in the hundreds of thousands or millions of dollars because a handful of offending images slipped through the cracks of Zazzle's review process.

## IV. CLAIMS AND DEFENSES

### A. Summary of GYPI's Claims

GYPI has stated that it intends to pursue its pleaded claims as follows:

- Claim 1: Direct Copyright Infringement; GYPI alleges that Zazzle has directly infringed its copyrights in violation of 17 U.S.C. § 501 *et seq*. GYPI <u>does</u> intend to pursue this claim.
- Claim 2: Vicarious and/or Contributory Copyright Infringement; GYPI alleges that Zazzle has vicariously infringed its copyrights. GYPI <u>does not</u> intend to pursue this claim.

### B. Elements Required to Establish GYPI's Claims

#### 1. Direct Copyright Infringement

To succeed on its claim for direct copyright infringement, GYPI must prove:

1. GYPI is the owner of valid copyrights; and
2. Zazzle copied original elements from the alleged copyrighted works.
3. Copying includes (1) reproducing the work in copies, (2) preparing derivative works based upon the copyrighted work, (3) distributing copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending, (4) performing publicly a copyrighted musical work or audiovisual work, (5) displaying publicly a

copyrighted musical work or audiovisual work, and (6) performing a sounds recording by means of a digital audio transmission.

*See* Ninth Circuit Manual of Model Civil Jury Instruction ("MJI"), §§ 17.1, 17.4. In addition, GYPI has stated that it seeks to pursue a "willful" infringement claim which would permit an award of up to $150,000 per statutory copyright infringed. An infringement is considered willful when:

1. the defendant engaged in acts that infringed the copyright; and
2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

MJI § 17.37.

### C. Key Evidence in Opposition to GYPI's Claims.

#### 1. Evidence in Opposition to Claim of Direct Copyright Infringement

There is no evidence to support a claim of direct infringement against Zazzle as to any works not printed on physical products. GYPI has sued Zazzle because Zazzle allowed users to upload images, some of which GYPI alleges infringed its copyrighted works. While the relevant facts of how Zazzle's system processed user uploaded images is undisputed, even apart from Zazzle's entitlement to Section 512(c) safe harbor, any copying of those images on to Zazzle's servers lacked the volition required to support a claim of direct infringement against Zazzle. The key evidence Zazzle will rely on in opposition to GYPI's claim of direct infringement is as follows: As to element (1), copyright registrations certificates and other purported chain of title documents that fail to establish that GYPI owns each of the alleged copyrights, as well as the alleged infringing images themselves, which in some cases establish that the alleged infringements do not otherwise infringe any work alleged by GYPI. As to element (2), testimony from Zazzle witnesses, Zazzle's terms of use, copyright policies, training documents, screenshots from Zazzle's website and documentation regarding the functionality of Zazzle's software and services. As to two (2) works, CS45 – Waikiki

- 3 -

Beach (withdrawn per GYPI's draft memorandum of contentions) and CS77 – Visit Santa Monica, there were no sales of physical products at all, only the display of images.

As to works printed on physical products, any copying of those images lacked the volition required to support a claim of direct infringement against Zazzle. The key evidence Zazzle will rely on in opposition to GYPI's claim of direct infringement is as follows: As to element (1), copyright registrations certificates and other purported chain of title documents that fail to establish that GYPI owns each of the alleged copyrights, as well as the alleged infringing images themselves, which in some cases establish that the alleged infringements do not otherwise infringe any work alleged by GYPI. As to element (2), testimony from Zazzle witnesses, Zazzle's terms of use, copyright policies, training documents, screenshots from Zazzle's website and documentation regarding the functionality of Zazzle's software and services.

There is no evidence to support a claim that any infringement by Zazzle was willful. Testimony from both GYPI itself and Zazzle witnesses will establish that whenever Zazzle was notified of specific infringements, it acted expeditiously to remove such infringements. There is no testimony or support anywhere in the record for any claim that Zazzle allowed *known* violations to remain on its website or be printed. GYPI will assert that Zazzle can be inputed such knowledge because it gave Zazzle a "library" of its images; however, Zazzle cannot reasonably be charged with perfect knowledge of all of GYPI's images and all of millions of images on its website. Nor did Zazzle act with reckless disregard or willful blindness to infringement. Testimony and demonstrative evidence from Zazzle will show that the overwhelming majority of products on Zazzle's website, as well as the overwhelming majority of products actually printed, did not infringe any third party copyrights or trademarks. Testimony and demonstrative evidence from Zazzle will establish that it had in place reasonable measures to prevent copyright violations, including an electronic database of terms linked to copyright infringement and an active content review team that monitored the

- 4 -

first printing of each individual product. Testimony from Zazzle will also establish that there were no feasible measures that could have been put in place that would have permitted it to continue offering its services to its users while at the same time monitoring every single image printed for every potential violation of every potential copyright. Testimony and documentary evidence from Zazzle will also show that, while a certain number of images were printed afterwards, it undertook serious efforts in late 2015 to remove all infringing or potentially infringing images, and the number of sales after those efforts were undertaken were minimal. The evidence will also show that, of the thirty-one (31) works where notice was given alleged to have been physically printed and sold on products, there were sales after formal DMCA notification of only fifteen (15) of those works.

**D.      Summary of the Affirmative Defenses Zazzle Plans to Pursue**

Zazzle intends to pursue the following affirmative defenses at trial, and also indicates below those pleaded affirmative defenses it does not intend to pursue:

- First Affirmative Defense – DMCA Safe Harbors: GYPI's claims are barred in whole or in part by the DMCA safe harbors in 17 U.S.C. § 512.
- Seventh Defense – Innocent Intent: GYP's statutory damages, if any, are limited by Zazzle's innocent intent because Zazzle at no time intended to infringe any copyright and instead relied on the promises made by its users that they had the rights to upload and print the allegedly infringing images.
- Eighth Defense – Copyright Misuse: GYPI's claims are barred in whole or in part by the doctrine of copyright misuse because GYPI has sought to use its copyrights to restrict activity that is not protected by copyright law, including activity protected by the DMCA and the mere "offering" of products for sale, as well as attempts to remove non-infringing artwork created by others that used the same source material as artwork owned by GYPI.
- Ninth Defense – Unclean Hands: GYPI's claims are barred by the doctrine of unclean hands for (1) copyright misuse, as stated above, and (2) GYPI's receipt

- 5 -

of advice from an attorney whose firm also represented Zazzle, and (3) Plaintiff's own copyright and trademark infringements.

### E. Elements of Zazzle's Affirmative Defenses

#### 1. First Affirmative Defense – DMCA Safe Harbors

GYPI's claims are in part by the DMCA safe harbors in 17 U.S.C. § 512(c). Zazzle is eligible to use this defense if Zazzle:

1. is a service provider of network communication services, online services or network access;
2. adopted, reasonably implemented and informed users of a policy to terminate users who are repeat copyright infringers;
3. accommodated and did not interfere with standard technical measures used to identify or protect copyrighted works;
4. designated an agent to receive notifications of claimed infringement, and made the agent's name, phone number and email address available on its website and to the Copyright Office; and
5. is facing liability for copyright infringement based on information residing on the defendant's systems or networks at the direction of users.

MJI § 17.30. This defense applies if Zazazle:

6. lacked actual knowledge that the material or activity on the system or network was infringing;
7. was either (a) not aware of facts or circumstances from which specific infringing activity was apparent, or (b) upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, acted expeditiously to remove or disable access to the material; and
8. while having the right and ability to control the infringing activity, did not receive a financial benefit directly attributable to the infringing activity.

MJI § 17.30.

///

### 2. Seventh Affirmative Defense – Innocent Intent

This defense requires a showing by Zazzle by a preponderance of the evidence that (1) it was not aware that its acts constituted an infringement of copyright, and (2) it had no reason to believe that its act constituted an infringement of copyright. 17 U.S.C. § 504(c)(2); MJI § 17.36.

### 3. Eighth Affirmative Defense – Copyright Misuse

Copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright [Act]." *Practice Management Information Corp. v. American Medical Association*, 121 F.3d 516, 520 (9th Cir.1997). The purpose of the defense is to prevent copyright holders "from leveraging their limited monopoly to allow them control of areas outside the monopoly." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011). "The defense is often applied when a defendant can prove either: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws." *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 700 (9th Cir. 2015). *See* MJI § 17.24.

### 4. Ninth Affirmative Defense – Unclean Hands

To prevail on an unclean hands defense, a defendant in a copyright infringement action must demonstrate that (1) the plaintiff's conduct is inequitable and (2) the conduct relates to the subject matter of its claims. *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003).

## F. Description of Key Evidence in Support of Zazzle's Affirmative Defenses

### 1. First Affirmative Defense – DMCA Safe Harbors

The key evidence Zazzle will rely on to support this defense is as follows:

As to element (1) (service provider) there is no dispute that Zazzle is a service provider.

As to element (2) (reasonable policy for termination of repeat infringers), testimony from Zazzle witnesses, Zazzle's terms of use, screenshots from Zazzle's

1 website, correspondence with users, and documentation regarding the functionality of
2 Zazzle's software and services. Zazzle routinely terminates users who repeatedly
3 infringe copyright or engage in egregious acts of copyright infringement. Pursuant to
4 this policy, Zazzle has terminated many user accounts. Zazzle has always promptly
5 removed content and terminated users under reasonable circumstances.

6     As to element (3) (non-interference with standard technical measures), there is no
7 dispute that Zazzle accommodates and does not interfere with standard technical
8 measures.

9     As to element (4) (designation of an agent), testimony from Zazzle witnesses.
10 There is no dispute that Zazzle has designated an agent to receive notifications of
11 claimed infringements, and the element can be established through testimony from
12 Zazzle witnesses. Zazzle has had an agent to receive notices of alleged infringement,
13 and has made that information available on its website and with the Copyright Office.

14     As to element (5) (material uploaded at the direction of a user), testimony from
15 Zazzle witnesses, Zazzle's terms of use, screenshots from Zazzle's website and
16 documentation regarding the functionality of Zazzle's software and services.

17     As to element (6), testimony from Zazzle witnesses. There is no evidence that
18 Zazzle has actual knowledge that the specific material or activity using the material on
19 the system or network is infringing or was aware of facts or circumstances from which
20 infringing activity is apparent.

21     As to element (7), testimony from Zazzle witnesses. There is no evidence that
22 upon obtaining such knowledge or awareness, Zazzle failed to expeditiously to remove,
23 or disable access to, the material. Instead, Zazzle immediately took down allegedly
24 infringing images once it received infringement notices from GYPI. Whenever Zazzle
25 became aware of any allegedly infringing image, it immediately terminated access to the
26 image. There is no evidence that Zazzle ever acquired knowledge of specific infringing
27 images and failed to act or that Zazzle materially contributed to the alleged
28

- 8 -

infringements. To the contrary, Zazzle's terms of use strictly prohibited infringing material.

As to element (8), testimony from Zazzle witnesses. There is no dispute that Zazzle does not advertise on its website and therefore did not obtain any financial benefit from uploaded images. There is no evidence that Zazzle has otherwise obtained a financial benefit directly attributable to the infringing activity where Zazzle has the right and ability to control such activity.

### 2. Seventh Affirmative Defense – Innocent Intent

The key evidence Zazzle will rely on to support this defense is as follows: as to element (1), testimony from Zazzle witnesses, testimony from GYPI; correspondence between Zazzle and GYPI; and GYPI's discovery responses. This evidence will show that Zazzle was unaware of any specific infringements. The evidence will also show that Zazzle promptly disabled or took-down infringements it was aware of, and provided a candid and full disclosure of allegedly infringing sales.

As to element (2), testimony from Zazzle witnesses, testimony from GYPI; correspondence between Zazzle and GYPI; GYPI's discovery responses. This evidence will show that Zazzle was unaware of any "red flags" that would lead it to suspect specific infringements were occurring. The evidence will also show Zazzle put in place robust monitoring systems to monitor for potential infringements, and any infringement of copyright was done with innocent intent.

### 3. Eighth Affirmative Defense – Copyright Misuse

The key evidence Zazzle will rely on is directed at element (2) of this defense, and is the testimony of GYPI and Kerne Erickson, and correspondence between Zazzle and GYPI. The evidence will show that in at least one instance, Plaintiff used its claimed copyright to send a "takedown" notice for an image that merely used the same source material as the image allegedly owned by Plaintiff. Furthermore, Plaintiff's repeated copyright claims as to "vintage" artworks necessarily crowded out similar works that were not necessarily infringing but merely using the same source material as

Plaintiff's artworks. This amounts to an attempt to secure a limited monopoly in "vintage"-style artworks based on pre-existing and out-of-copyright artworks that is not permissible under the Copyright Act.

### 4. Ninth Affirmative Defense – Unclean Hands

As to element (1), the key evidence Zazzle will rely on is GYPI's complaint.

As to element (2), the key evidence Zazzle will rely on is the testimony of GYPI and documentary evidence provided by Venable LLP. The evidence will show that Plaintiff received legal advice on this lawsuit from a conflicted attorney who had access to Zazzle's confidential information.

## G. Anticipated Evidentiary Issues

Plaintiff has not provided any sort of exhibit list. As such, Zazzle cannot effectively identify anticipated evidentiary issues. Zazzle does anticipate moving for exclusion of any evidence as to sales of products by Zazzle or royalties received by Plaintiff from prior to June 23, 2013. GYPI filed suit on June 23, 2016. Due to the three-year statute of limitations period, only infringements from June 23, 2013 to the present should be at issue. *See* 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S.Ct. 1962, 1969 (2014) ("[The] statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong."). Plaintiff will likely claim the "discovery rule" applies to toll the statute of limitations, although the application of that doctrine to copyright infringement has been questioned. *See Petrella*, 134 S. Ct. at 1969 ("Under the [Copyright] Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence."); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (the discovery rule applies "so long as the copyright owner did not discover—and reasonably could not have discovered—the infringement before the commencement of the three-year limitation period"). The three-year period should start at the filing of the complaint.

///

**H.     Anticipated Issues of Law**

*Additional Lawsuit:* GYPI initially prosecuted additional claims for copyright infringement as to certain works created by Scott Westmoreland. In its May 3, 2017 summary judgment order, the Court found that GYPI lacked standing to pursue such claims. On May 8, 2017, Westmoreland filed suit as an individual in the case *Westmoreland v. Zazzle Inc.*, C.D. Cal. Case No. 8:17-cv-00820. The case has been assigned to the Hon. David O. Carter. However, there was no notice of related case filed, even though the allegations made by Westmoreland in that lawsuit are effectively identical to the allegations made by GYPI as to Westmoreland's works in this lawsuit, Westmoreland is represented by GYPI's counsel in this litigation, and the cases obviously present closely-related issues of law.

*Motion to Amend:* GYPI has stated that it will seek to amend the complaint to add additional claimed violations. Zazzle's position is that such late amendment is highly prejudicial to it and leave to amend should be denied.

*Motion to Dismiss and/or For Sanctions:* GYPI received legal advice in this litigation from Venable LLP. Venable LLP represented Zazzle and had access to Zazzle's confidential information. A deposition of GYPI on this, and certain other, topics, is currently set for May 31, 2017. Depending on the outcome of that deposition, Zazzle may seek appropriate sanctions, up to and including dismissal. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

*Motion to Continue:* Zazzle may apply to the Court for a continuance of the trial date.

*Injunctive Relief:* Zazzle does not believe GYPI is entitled to any injunctive relief, based on both a lack of irreparable harm as well as balancing of the equities.

*Statute of Limitations:* As set forth in Section II.G, *supra.*

**III.     BIFURCATION**

Zazzle does not believe bifurcation is necessary or appropriate.

## IV. JURY TRIAL

GYPI timely demanded a jury trial in its June 23, 2016 complaint. Zazzle demanded a jury trial in its September 16, 2016 answer. The copyright claims at issue in this case are triable to a jury. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

## V. ATTORNEYS' FEES

The Copyright Act provides that in any copyright action, the court "may allow the recovery of full costs by or against any party ... [and] the court may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. To determine whether to grant a prevailing defendant attorneys' fees, the district court determines whether the successful defense of the action furthered the purposes of the Copyright Act. *Mattel Inc., v. Walking Mountain Productions*, 353 F.3d 792, 816 (9th Cir. 2003). To this end, the Court may consider several nonexclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness; and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996).

## VI. ABANDONMENT OF ISSUES

As indicated in Section II above, Zazzle does not intend to pursue certain of its pleaded affirmative defenses, and GYPI does not intend to pursue its claim for vicarious/contributory infringement, or its claim as to CS45 – Waikiki Beach.

DATED:  May 22, 2017     MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Keith G. Adams
Attorneys for Defendant
ZAZZLE INC.

KGA.3138282.docx

- 12 -
DEFENDANT ZAZZLE INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4     CASE NO. 2:16-CV-04587