**LAW OFFICES OF JEFFREY S. YOUNG**
**JEFFREY S. YOUNG, SBN 172016**
jeff@jeffreyyounglaw.com
**JACOB P. AINCIART, SBN 313588**
**ainciart@mac.com**
1307 State Street, First Floor
Santa Barbara, CA 93101
Tel: (805) 884-0338
Fax: (805) 884-0799

**AQUILINO LAW**
**JASON A. AQUILINO, (*pro hac vice*)**
jason@aquilino.us
Old 41 Hwy, Suite 112-225
Kennesaw, GA 30152
Tel : (404) 201-3417
Fax : (885) 223-7154

Attorneys for Plaintiff GREG YOUNG PUBLISHING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation<br><br>                    Plaintiffs,<br><br>vs.<br><br>ZAZZLE, INC., a corporation, and DOES 1 to 10<br><br>                    Defendants | Case No.: 2:16 –CV-04587<br><br>PLAINTIFF GREG YOUNG PUBLISHING, INC.'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT PURSUANT TO L.R. 16-4.<br><br>Pre-Trial Conf:          June 12, 2017<br>Trial:                        June 20, 2017 |

Plaintiff GREG YOUNG PUBLISHING, INC ("GYPI") respectfully submits the following memorandum of contentions of fact and law.

## TABLE OF CONTENTS

**I. SUMMARY OF GYPI'S CLAIM: COPYRIGHT INFRINGEMENT AGAINST DEFENDANT** ...............................................................5

**II. ELEMENTS REQUIRED TO ESTABLISH GYPI'S CLAIM FOR COPYRIGHT INFRINGEMENT** .................................................8

**1. Plaintiff owns the Artwork.** .................................................8

**2. Defendant directly infringed the Artwork and violated exclusive rights granted to GYPI as the copyright holder.** ...........................9

**III. ELEMENTS RELEVANT TO GYPI'S REQUEST FOR STATUTORY DAMAGES** .........................................................10

**A. Statutory Damages: Willful Infringement** .........................11

**IV. KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS FOR COPYRIGHT INFRINGEMENT** .................................................15

**V. ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES** .................................................19

**VI. GYPI'S DEMAND FOR A TRIAL BY JURY** .........................20

**VIII. Abandonment of Issues** .................................................22

# TABLE OF AUTHORITIES

**CASES**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001).........................................8
*Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411 (D.N.J.2005).........................19
*Basic Books, Inc. v. Kinko's Graphics Corp*, 758 F. Supp. 1522 (S.D.N.Y. 1991)..............12, 13
*Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003)............................................20
*Columbia Pictures TV v. Krypton Broad. of Birmingham*, Inc., 106 F.3d 284 (9th Cir. 1997)............22
*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010)...........................8
*Curtis v. Illumination Arts, Inc.*, 33 F.Supp.3d 1200 (W.D. Wash. 2014)..............................11
*Derek Andrew, Inc. v. Poof Apparel Corp.*, 2006 U.S. Dist. LEXIS 92710 (W.D. Wash. 2006) ............12
*Design Tex Group*, Inc. v. U.S. Vinyl Mfg. Corp., 2005 WL 2063819, *4 (S.D.N.Y. Aug. 24, 2005).......13
*Dunn & Fenley, LLC v. Allen*, 2007 U.S. Dist. LEXIS 75292 (D. Or. 2007)..............................22
*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)..............................10, 20
*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).............................................................22
*Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060 (9th Cir. 2013)...........................10
*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545 (9th Cir. 1989).......................22
*Funky Films, Inc. v. Time Warner Entm't Co.*, L.P., 462 F.3d 1072 (9th Cir. 2006)......................9
*Harris v. Emus Records Corp.*, 734 F.2d 1329 (9th Cir. 1984)...........................................11
*Hearst Corp. v. Stark*, 639 F. Supp. 970 (N.D. Cal. 1986)...........................................12, 13
*Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996).............................................22
*In re Aimster Copyright Litigaton*, 334 F.3d 643, (7th Cir. 2003)......................................12
Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc., 602 F.Supp. 151 (S.D. N.Y. 1984)....................14
*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936 (9th Cir. 2011)....................22
*Mantolete v. Bolger*, 791 F.2d 784 (9th Cir. 1986).....................................................22
*Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233 (E.D. Cal. 2008).......................................11
*N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250 (2nd Cir. 1992)..........................22
*Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007 (9th Cir. 1994)..............................10
*Odnil Music Ltd. v. Katharsis, LLC*, 2006 U.S. Dist. LEXIS 68849 (E.D. Cal. 2006)....................22
*Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988)..............................................20
*Pasillas v. McDonald's Corp.*, 927 F.2d 440 (9th Cir. 1991)..............................................9
*Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990) ........................12, 13, 14
Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657 (9th Cir 2017)........................................10
*Playboy Enters. v. Sanfilippo*, 46 U.S.P.Q.2D (BNA) 1350 (S.D. Cal. 1998) ........................13, 22
*Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010).* .................8
*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir.1989)..............................................8
*Sega Enters. v. MAPHIA*, 948 F. Supp. 923 (N.D. Cal. 1996).............................................12
*Spectravest, Inc. v. Fleet Street, Ltd.*, 13 U.S.P.Q.2D (BNA) 1457 (N.D. Cal. 1989)...................12
*Twentieth Century Fox Film Corp. v. Entertainment Distrib.*, 429 F.3d 869 (9th Cir. 2005)...............22
*UMG Recordings, Inc. v. Disco Azteca Distr., Inc.*, 446 F. Supp. 2d 1164 (E.D. Cal. 2006) ..........12, 13, 14
*Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017).........................8, 9, 12
*United Features* Syndicate v. Spree, Inc. 600 F.Supp. 1242 (E.D. Mich. 1984).........................13
*Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012).......................12
*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2nd Cir. 2001)......................................12

**STATUTES**

17 U.S.C. § 101 ......................................................................................................9
17 U.S.C. § 103(b) ..................................................................................................9
17 U.S.C. § 106 ......................................................................................................8
17 U.S.C. § 504(c) ..............................................................................................7, 10
17 U.S.C. § 505 ....................................................................................................21

1

2   **OTHER AUTHORITIES**

3   Fed. Rul. Civ. Proc. 38 (b)..............................................................................................21
    Local Rules 38-1 ...........................................................................................................21
4   Model Jury Instructions, Ninth Circuit, Civil & 17.25 (2007)...................................10
    Model Jury Instructions, Ninth Circuit, Civil & 17.27 (2007)...................................14

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  SUMMARY OF GYPI'S CLAIM:       COPYRIGHT INFRINGEMENT AGAINST DEFENDANT

GYPI pleads an action for copyright infringement against defendant ZAZZLE, INC. ("ZAZZLE" or "Defendant") for the infringement of the following thirty-four (34) of GYPI's registered copyrighted artworks (each an "Artwork" and collectively the "Artworks").

| | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 1 | Aloha Hawaii, AL5 | VA1-159-677<br>VA1-433-550 | 2000<br>July 25, 2013 |
| 2 | Los Angeles By Clipper, CS27 | VA1-002-261<br>VA1-237-000 | 2000<br>October, 21, 2003 |
| 3 | Hawaii, CS30 | VA1-002-259<br>VA1-237-001 | 2000<br>October, 21, 2003 |
| 4 | Havana, CS32 | VA1-002-260<br>VA1-236-997 | 2000<br>October, 21, 2003 |
| 5 | Los Angeles – San Diego, CS35 | VA1-048-131<br>VA1-433-520 | 2000<br>July 23, 2013 |
| 6 | Catalina by Air, CS36 | VA1-052-091<br>VA1-433-518 | 2000<br>July 23, 2013 |
| 7 | Visit Cuba, CS37 | VA1-048-130<br>VA1-433-528 | 2000<br>July 23, 2013 |
| 8 | Inter-Island Airways, Cs41 | VA1-072-870<br>VA1-236-996 | 2001<br>October 21, 2003 |
| 9 | Chicago, CS43 | VA1-072-869 | 2001 |

| | | | VA1-433-534 | July 25, 2013 |
|---|---|---|---|---|
| 10 | The Lindbergh Line, CS46 | | VA1-094-498 | 2001 |
| | | | VA1-237-002 | October 21, 2003 |
| 11 | Super Skyliners, CS47 | | VA1-094-512 | 2001 |
| | | | VA1-236-999 | October 21, 2003 |
| 12 | Braniff Airways - Manhattan, CS52 | | VA1-128-532 | 2002 |
| | | | VA1-433-545 | July 25, 2013 |
| 13 | Standard Airlines – El Paso, CS53 | | VA1-128-529 | 2002 |
| | | | VA1-433-546 | July 25, 2013 |
| 14 | Cuba, CS55 | | VA1-130-347 | 2002 |
| | | | VA1-433-517 | July, 23, 2013 |
| 15 | Waikiki, Los Angeles Steamship Co., CS56 | | VA1-136-536 | 2002 |
| | | | VA1-433-554 | July 23, 2013 |
| 16 | Hawaii, Land of Surf & Sunshine, CS60 | | VA1-181-637 | 2003 |
| | | | VA1-433-525 | July 23, 2013 |
| 17 | Tahiti, CS62 | | VA1-190-230 | 2003 |
| | | | VA1-433-551 | July 23, 2013 |
| 18 | Miami Beach Eastern Airlines, CS63 | | VA1-185-674 | 2003 |
| | | | VA1-433-552 | July 23, 2013 |
| 19 | Varadero Cuba, CS64 | | VA1-219-145 | 2003 |
| | | | VA1-433-544 | July 25, 2013 |
| 20 | Hope Ranch, CS67 | | VA1-259-660 | 2004 |
| | | | VA1-433-560 | July 23, 2013 |
| 21 | Huntington Beach, CS69 | | VA1-215-855 | 2004 |
| | | | VA1-433-557 | July 23, 2013 |

| 22 | Cuba & American Jockey Club, CS70 | VA1-238-650 VA1-433-553 | 2004 July 23, 2013 |
| 23 | Cuba, Land of Romance, CS75 | VA1-280-059 | August 27, 2004 |
| 24 | San Francisco, CS78 | VAu-674-528 | June 14, 2005 |
| 25 | Escape to Cuba, CS79 | VAu-685-249 | September 9, 2005 |
| 26 | Key West, Florida, CS80 | VAu-685-250 | September 9, 2005 |
| 27 | Napa Valley, CS81 | VAu-685-248 | September 9, 2005 |
| 28 | Fly to Hawaii, CS84 | VA1-353-081 | February 6, 2006 |
| 29 | Greetings From Samoa, CS87 | VA1-363-565 | March 13, 2006 |
| 30 | Duke Kahanamoku, Surfing Legend, CS89 | VA1-363-564 | March 13, 2006 |
| 31 | Havana, CS99 | VAu-745-801 | June 12, 2007 |
| 32 | Blue Hawaii, CS115 | VAu-001028704 | June 2, 2010 |
| 33 | Pineapple, SP1 | VA1-211-672 VA1-433-537 | 2003 July 25, 2013 |
| 34 | Tahiti, Isle of Paradise, CS86[1] | VA1-353-079 | January 30, 2006 |

GYPI will pursue its claim for copyright infringement against Defendant ZAZZLE.  GYPI will seek statutory damages against defendant ZAZZLE for willful copyright infringement, pursuant to 17 U.S.C. § 504(c).

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) "demonstrate that the

---

[1] Plaintiff will seek to add this artwork via a Supplemental Complaint.

alleged infringers violated at least one exclusive right granted

to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017).

## II. ELEMENTS REQUIRED TO ESTABLISH GYPI'S CLAIM FOR COPYRIGHT INFRINGEMENT

### 1.  Plaintiff owns the Artwork.

GYPI holds a copyright registration in each of the thirty-four (34) individual Artworks. GYPI is required to show registration as an element of an infringement claim. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615 (9th Cir. 2010) *(citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010)).* "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 988 (9th Cir. 2017).  Defendant bears the burden of rebutting the facts set forth in the copyright certificate. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir.1989). In addition to holding the copyright registrations, GYPI has also provided evidence of its purchase and written transfer of the copyright of the Artwork from Kerne Erickson, the artist who painted the original Artwork.

GYPI anticipates that Defendant may raise an issue with the fact that a few of the Artworks were painted by Kerne Erickson based on existing works in the public domain.  However, copyright protection for the derivative works created by the artist Kerne Erickson, while limited and distinct from the copyright protections for the source work, still extends to

the changes and contributions made by Kerne Erickson. *See Unicolors,*
*Inc.*, 853 F.3d at 990; 17 U.S.C. § 101; 17 U.S.C. § 103(b).  Consequently,
while GYPI claims no ownership in the underlying public domain works that
were the inspiration for some of the Artworks, GYPI does have ownership
of the derivative renditions and may bring a copyright infringement claim for
unauthorized exact reproductions of the Kerne Erickson renditions.
Defendant reproduced exact copies of the Artworks and therefore infringed
the protected changes and contributions that are protected under the law.

**2.    Defendant directly infringed the Artwork and violated exclusive**
**rights granted to GYPI as the copyright holder.**

A plaintiff must show "copying" of a protected work to prove copyright
infringement.  *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir.
1991). To show copying, GYPI must show that Defendant copied protected
elements of GYPI's copyrighted works either through evidence
of direct copying or through a showing that Defendant had "access" to
plaintiff's copyrighted material and that the two works at issue are
"substantially similar."  *Funky Films, Inc. v. Time Warner Entm't Co.*, L.P.,
462 F.3d 1072, 1076 (9th Cir. 2006).

GYPI will provide evidence that Defendant's employees directly
reproduced the Artwork and manufactured derivative works from those
reproductions and ultimately distributed those reproductions as part of its
customer product manufacturing and sale business.  Because ZAZZLE'S
infringement involves the direct copying of the Artwork, there is no issue of
"access" or "substantial similarity."  However, the evidence will still show
that Defendant had access to the Artwork because its "Designers" had
uploaded the Artwork.

A showing of direct infringement also requires GYPI to show causation (also referred to as "volitional conduct") by the defendant. *See Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013).  "The so-called "volition" element of direct infringement is not a judicially-created element of intent or knowledge; it is a basic requirement of causation." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir 2017).  The evidence will show that Defendant's own employees reproduced and manufactured products from the Artwork, thus proving that Defendant was the direct cause of the infringements.

## III.  ELEMENTS RELEVANT TO GYPI'S REQUEST FOR STATUTORY DAMAGES

GYPI seeks statutory damages against Defendant, pursuant to 17 U.S.C. § 504(c).  GYPI wishes to exercise its Seventh Amendment right to a jury trial on statutory damage issues, including the amount of such award. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).

The amount that may be awarded as statutory damages is not less than $750, nor more than $30,000, for each work that was infringed. However, for each work regarding which the infringement was willful, as much as $150,000 may be awarded. See Model Jury Instructions, Ninth Circuit, Civil & 17.25 (2007); 17 U.S.C. § 504(c).  "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994).  The Court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v.*

*Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

In determining an amount of statutory damages that is just, courts consider such factors as (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) (citations omitted).

The first two factors ("the expenses saved and the profits reaped;" and "the revenues lost by the plaintiff;") are generally given less weight than the others because of the inherent uncertainty in calculating an infringer's profits and a plaintiff's lost revenue.  *Curtis v. Illumination Arts, Inc.*, 33 F.Supp.3d 1200, 1217 (W.D. Wash. 2014)

## A.    Statutory Damages: Willful Infringement

 To establish "willfulness" for the purposes of an award of statutory damages with respect to the infringement of one of GYPI's copyrighted designs, GYPI must prove the following two (2) elements:

1.    Defendant engaged in acts that infringed GYPI's Artwork; and

2.    Defendant knew or should have known that those acts infringed the copyrighted Artwork, which may be met by showing Defendant:

A.    Recklessly disregarded the possibility that its conduct constituted infringement; and/or

B.    Made a deliberate effort to avoid guilty knowledge.

*UMG Recordings, Inc. v. Disco Azteca Distr., Inc.*, 446 F. Supp. 2d 1164, 1173 (E.D. Cal. 2006) *citing Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990) and *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("'[T]o prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights....' " quoting *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011)) *and In re Aimster Copyright Litigaton*, 334 F.3d 643, 650 (7th Cir. 2003) ("deliberate effort to avoid knowledge" sufficient) *and Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2nd Cir. 2001) ("reckless disregard" sufficient) and *Basic Books, Inc. v. Kinko's Graphics Corp*, 758 F. Supp. 1522, 1543 (S.D.N.Y. 1991) ("constructive knowledge" sufficient); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 2006 U.S. Dist. LEXIS 92710 at *32 (W.D. Wash. 2006) ("reckless disregard" sufficient); *Sega Enters. v. MAPHIA*, 948 F. Supp. 923, 926 (N.D. Cal. 1996) ("reckless disregard" sufficient); *Spectravest, Inc. v. Fleet Street, Ltd.*, 13 U.S.P.Q.2D (BNA) 1457 at *11 (N.D. Cal. 1989) ("knew or should have known"); *Hearst Corp. v. Stark*, 639 F. Supp. 970, 979 (N.D. Cal. 1986).

Willfulness need not be proven directly, but may be inferred from a defendant's conduct. *UMG Recordings*, 446 F. Supp. 2d at 1174 (E.D. Cal. 2006); *See N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2nd Cir. 1992).  GYPI is not required to show actual knowledge in order to prove willfulness; to show recklessness or willful blindness is sufficient to prove willfulness.  *See Unicolors, Inc., 853 F.3d at 992.*  "A plaintiff sustains its burden of proving willfulness 'by showing the defendant

knew or should have known it infringed the plaintiff's copyrights.... Willful does not mean malicious, rather, it means with knowledge, whether actual or constructive.' " *UMG Recordings, Inc.*, 446 F. Supp. 2d at 1173 (internal modifications omitted) (q*uoting Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543 (S.D.N.Y. 1991), *and Peer Int'l Corp*, 909 F.2d at 1335 (9th Cir. 1990)). To refute evidence of willful infringement, the defendant " 'must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief.' " *UMG Recordings, Inc.,* 446 F. Supp. 2d at 1173-74 (quoting Peer Int'l, 909 F.2d at 1336).

The following *non-exclusive* list of factors are relevant to the determination of whether or not an act of infringement was willful:

1.      Whether the defendant was in the business of manufacturing, selling and/or distributing copyrighted works at the time of the infringement. *Peer Int'l*, 909 F.2d at 1336;

2.      The defendant's knowledge of copyright laws at the time of the infringement. *Hearst*, 639 F. Supp.at 979; *Design Tex Group*, Inc. v. U.S. Vinyl Mfg. Corp., 2005 WL 2063819, *4,*7-*8 (S.D.N.Y. Aug. 24, 2005);

3.      Whether the defendant did anything to determine if the product was infringing, apart from relying upon the representations of the product's supplier. *UMG Recordings*, 446 F. Supp. 2d at 1174;

4.      Whether the defendant had any procedures or policies to prevent the sale of infringing goods at the time of the infringement. *UMG Recordings*, 446 F. Supp. 2d at 1174; *Playboy Enters. v. Sanfilippo*, 46 U.S.P.Q.2D (BNA) 1350 at *15 n9 (S.D. Cal. 1998); *United Features Syndicate v. Spree, Inc.* 600 F.Supp. 1242, 1247 (E.D. Mich. 1984);

5.      Whether the defendant paid prices for the infringing products

1  comparable to those it would have paid for non-infringing products.  *UMG*

2  *Recordings*, 446 F. Supp. 2d at 1175;

3       6.    Any lack of candor by the defendant during testimony.

4  *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F.Supp. 151, 155

5  (S.D. N.Y. 1984); and

6       7.    The degree of similarity between the defendant's infringing

7  design and the plaintiff's copyrighted design. *Segrets, Inc. v. Gillman*

8  *Knitwear Co.*, 42 F. Supp. 2d 58, 82 (Dist. Ma. 1988); *Kenbrooke Fabrics,*

9  *Inc.,* 602 F.Supp. at 155.

10       To refute evidence of willful infringement, a defendant must not only

11  establish its good faith belief in the innocence of its conduct, it must also

12  show that it was reasonable in holding such a belief.  *Peer Int'l*, 909 F.2d at

13  1336 (9th Cir. 1990); *UMG Recordings*, 446 F. Supp. 2d at 1174 (E.D. Cal.

14  2006); *See* Model Jury Instructions, Ninth Circuit, Civil & 17.27 (2007) at

15  Comment.

16       GYPI will show that Defendant continued to manufacture products

17  from certain Artworks even after GYPI had put Defendant on notice that

18  such Artworks were owned by GYPI and that Defendant did not have

19  authorization from GYPI to manufacture products using those Artworks.

20  GYPI will also show that it put Defendant on notice of its infringing

21  activity through multiple letters and even through communications that

22  included providing Defendant with a catalog of works owned by GYPI,

23  which included twenty-nine (29) of the Artworks.  Additionally, upon

24  receiving notice of its infringements, ZAZZLE took no steps to prevent

25  further infringements, thus knowingly allowing its infringing conduct to

26  continue uninterrupted in reckless disregard of GYPI's copyrights.

27

28

# IV. KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS FOR COPYRIGHT INFRINGEMENT

Plaintiff GYPI intends to offer the following key evidence in support of its claim for copyright infringement:

1. GYPI owns valid copyright registrations for all thirty-four (34) of the copyrighted Artworks at issue in this litigation;

2. GYPI's thirty-four (34) copyrighted Artworks at issue in this litigation have appeared on GYPI's website and on the website of other authorized resellers such as Art.com;

3. Defendant operates a website that allows third party "Designers" to upload images for the purpose of Defendant's sale and manufacture of products containing reproductions of those images.

4. Defendant is well aware that from time to time its Designers upload images that are not actually owned by its Designers and therefore infringe the rights of third party copyright holders.

5. Defendant utilizes a content management team that spends 30 to 60 seconds assessing whether an image violates Defendant's content policy, with copyright violations being only one of the many possible content violations being reviewed in that time frame.

6. Defendant saved money by not implementing a more robust content management system.

7. Defendant infringed the copyrights of thirty-four (34) of GYPI's Artworks by making unauthorized reproductions of such works and manufacturing products with those reproductions on multiple occasions, totaling 4,289 unique reproductions.

8. On the following dates and relative to the following applicable

Artworks, GYPI sent takedown notices, pursuant to the rules of the Digital Millennium Copyright Act, to Defendant, thus putting Defendant on notice of GYPI rights and claims of copyright ownership and infringement of such works:

| Date of Notice to Defendant | GYPI Work at Issue |
| --- | --- |
| 3/26/13 | CS56 Waikiki, Los Angeles Steamship Co. |
| 7/24/13 | CS84 Fly To Hawaii |
| 9/17/13 | CS80 Key West, Florida |
| 9/15/14 | CS46 The Lindbergh Line |
| | CS52 Braniff Airways |
| | CS87 Greetings from Samoa |
| | CS99 Havana |
| 7/28/15 | AL5 Aloha Hawaii |
| | CS27 Los Angeles By Clipper |
| | CS30 Hawaii |
| | CS32 Havana |
| | CS35 Los Angeles - San Diego |
| | CS36 Catalina |
| | CS37 Visit Cuba |
| | CS41 Inter-Island Airways |
| | CS43 Chicago |
| | CS45 Waikiki Beach Hawaii |
| | CS46 The Lindbergh Line S.F. |
| | CS47 Super Skyliners |
| | CS56 Waikiki |
| | CS60 Hawaii, Land of Surf & Sunshine |

| | |
|---|---|
| | CS62 Tahiti |
| | CS63 Miami Beach Eastern |
| | CS67 Hope Ranch |
| | CS70 Cuba & American Jockey |
| | CS78 San Francisco |
| | CS80 Key West |
| | CS84 Fly to Hawaii |
| | CS87 Greetings From Samoa |
| | CS89 Duke Kahanamoku |
| | CS99 Havana |
| | SP1 Pineapple |

9.  At various times subsequent to these notices, Defendant reproduced and manufactured products from certain of the Artworks, in reckless disregard and with constructive knowledge of GYPI's rights:

10.  On and around October 3, 2013, counsel for GYPI had several communications with Tony Ly, Manager of Validation at Zazzle, and such communications included GYPI sending Defendant a catalog of images containing twenty-nine (29) of the 34 applicable Artworks at issue in this litigation.  Shortly after that time, Tony Ly stated that he had gone through Defendant's entire website and was able to remove all images owned by GYPI.

11.  Subsequent to receiving GYPI's notices and/or catalog of images, Defendant reproduced and manufactured anywhere from one to sixty-four products from thirty-one (31) of the 34 applicable Artworks at issue in this litigation, in reckless disregard and with constructive knowledge of GYPI's rights.   Only the following three of the 34 works at issue were not

manufactured as products after Defendant had been put on notice of GYPI's copyrights:

      a. CS36 Catalina

      b. CS79 Escape to Cuba

      c. SP1 Seed Pack Pineapple

12.  The registration dates for each of the thirty-four (34) copyrighted designs at issue in this litigation predate the filing of the complaint for this case.

13.  Defendant infringed thirty-four (34) separate works.

14.  Defendant's copyright infringement was willful as to the thirty-one (31) Artworks referenced in Paragraph 11 directly above.

15.  Defendants are in the business of manufacturing, selling and/or distributing copyrighted works at the time of the infringement.

16.  Defendants have been involved in copyright litigation prior to this action.

17.  Defendants had knowledge of copyright laws at the time of the infringement.

18.  Defendants did little to determine if the products it was manufacturing were infringing, apart from relying upon the representations of the Designers that Defendant already knew were uploading infringing material.

19.  Defendant had no or inadequate procedures or policies to prevent the sale of infringing goods at the time of the infringement.

20.  Defendants did not pay prices to GYPI for the infringing products comparable to those it would have paid for non-infringing products.

21.  The degree of similarity between Defendant's infringing design and GYPI's copyrighted design is very, very high given that they are identical

reproductions.

# V. ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants raise four affirmative defenses in their Disclosure of Contentions of Fact: A. Failure to Mitigate Damages; B. Innocent Intent; C. Copyright Misuse; and D. Unclean Hands.

**A. Failure to Mitigate Damages:** Defendant claims that GYPI did not take adequate actions in protecting and policing its copyrights. Besides Defendant's having no evidence to its contentions, a mitigation of damages defense is not appropriate in a copyright infringement case where the plaintiff is seeking only statutory damages. *See Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 422 (D.N.J.2005).

**B. Innocent Intent:** Defendant states that the elements of innocent intent for the purpose of defending against willful infringement statutory damages are: (1) it was not aware that its acts constituted an infringement of copyright, and (2) it had no reason to believe that its act constituted an infringement of copyright.  As previously stated, GYPI will provide evidence of Defendant's reckless disregard and constructive knowledge that it was manufacturing infringing products.

**C. Copyright Misuse**: Defendant asserts a defense that GYPI monopolized the vintage style artwork.  As an example, Defendant claims that GYPI issued a takedown letter to Defendant to have Defendant remove an actual vintage work (as opposed to a vintage-

style work) that was in the public domain vintage.   Defendant misunderstands the facts of the cited incident.   The evidence shows that Defendant itself removed the work on its own as part of the efforts it undertook in response to the October 3, 2013, communications. GYPI never sought a take down of that particular image; on the contrary, GYPI informed Defendant that the work should not have been removed.

   **D. Unclean Hands**: Defendant intends to pursue the defense of unclean hands. It states that the elements of the defense are that (1) the plaintiff's conduct is inequitable and (2) the conduct relates to the subject matter of its claims. *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003).  Defendant intends to pursue this defense in relation to Copyright Misuse and the fact that GYPI has previously filed claims of copyright infringement in other lawsuits.  Defendant has no evidence to support this defense or that any prior litigation was fraudulent. "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

## VI. GYPI'S DEMAND FOR A TRIAL BY JURY

   GYPI demands a trial by jury.  "[T]he Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998).  This right extends to the amount of an award of statutory damages. *Id* at 355.

   Fed. Rul. Civ. Proc. 38 (b) provides that a party may demand trial by

jury through, *inter alia*, "serving the other parties with a written demand-- which may be included in a pleading."  L.R. 38-1 provides:

> If the demand for jury trial is included in a pleading, it shall be set forth at the end thereof and be signed by the attorney for the party making the demand. The caption of such a pleading shall also contain the following: "DEMAND FOR JURY TRIAL."

GYPI formally demanded a trial by jury in its Complaint, which, pursuant to L.R. 38-1, contained "DEMAND FOR A JURY TRIAL" on its caption, set forth the demand at the end of the Complaint, and was signed by GYPI's attorney.

## VII. GYPI'S BASIS FOR THE RECOVERY OF ATTORNEY FEES

In this Court's discretion, GYPI may be awarded reasonable attorney fees if it prevails on its sole claim for copyright infringement.  17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

(Emphasis added).

"Generally, the plaintiff in a copyright action is awarded fees by virtue of prevailing in the action." *Playboy Enters.*, 46 U.S.P.Q.2D (BNA) 1350 at *19-*20 (S.D. Cal. 1998) (Emphasis added) *citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) ("Plaintiffs

in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action"); *Columbia Pictures TV v. Krypton Broad. of Birmingham*, Inc., 106 F.3d 284, 297 (9th Cir. 1997); *Odnil Music Ltd. v. Katharsis, LLC*, 2006 U.S. Dist. LEXIS 68849 at *3 (E.D. Cal. 2006). Further, "a plaintiff need not succeed on every claim to be entitled to fees and 'is a prevailing party by succeeding on any significant issue which achieves some of the benefit sought.'" *Odnil Music*, 2006 U.S. Dist. LEXIS 68849 at *3-*4 *citing Mantolete v. Bolger*, 791 F.2d 784, 786 (9th Cir. 1986).

In the event GYPI prevails and this Court is inclined to examine GYPI's entitlement to attorney fees beyond that "by virtue of prevailing in the action," it may consider the following factors: (1) Frivolousness; (2) Motivation; (3) Objective unreasonableness (both in the factual and in the legal components of the case); and (4) The need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 fn 19 (1994); *Twentieth Century Fox Film Corp. v. Entertainment Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005).

In exercising its discretion, this Court should be mindful that willful infringement "is an important factor favoring an award of fees." *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996); *Dunn & Fenley, LLC v. Allen*, 2007 U.S. Dist. LEXIS 75292 at *9 (D. Or. 2007) *citing Historical Research*.

## VIII. Abandonment of Issues

GYPI will abandon its claim of vicarious copyright infringement.  GYPI will also abandon its claims of copyright infringement of those artworks not listed in this Memorandum of Law

Dated: May 19, 2017                    LAW OFFICES OF JEFFREY YOUNG

                                              /s/ Jeffrey S. Young

                                       By: _____
                                           Jeffrey S. Young, Attorney for Plaintiff
                                           GREG YOUNG PUBLISHING, INC.