LAW OFFICE OF JEFFREY S. YOUNG
JEFFREY S. YOUNG, SB# 172016
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffyounglaw.com
Tel:   (805) 884-0338
Fax:   (805) 884-0799

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN, SB# 149679
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: 619-992-9401

Attorneys for Plaintiff
GREG YOUNG PUBLISHING, INC.

MURPHY, PEARSON, BRADLEY & FEENEY
Timothy J. Halloran – 104498
      THalloran@mpbf.com
Keith G. Adams – 240497
      KAdams@mpbf.com
Dina M. Zagari – 278627
      DZagari@mpf.com
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:   (213) 327-3500
Facsimile:   (213) 627-2445

Attorneys for Defendant
ZAZZLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>ZAZZLE INC., a corporation, and DOES 1 TO 10,<br><br>            Defendants. | Case No.: 2:16-cv-04587 SVW (KSx)<br><br>**JOINT [PROPOSED] AGREED JURY INSTRUCTIONS**<br><br><br>**Complaint Filed:**   June 23, 2016<br>**Pre-Trial Conference:** July 31, 2017<br>**Trial:**           August 8, 2017 |

# INDEX OF AGREED JURY INSTRUCTIONS

|  | Instruction |
|---|---|
| 1 | 17.2   Copyright—Defined |
| 3 | 17.3   Copyright—Subject Matter—Generally (17 U.S.C. § 102) |
| 6 | 17.4   Copyright—Subject Matter—Ideas and Expression (17 U.S.C. § 102(b)) |
| 8 | 17.5   Copyright Infringement—Elements—Ownership and Copying (17 U.S.C. § 501(a)-(b)) |
| 10 | 17.6   Copyright Infringement—Ownership of Valid Copyright—Definition (17 U.S.C. §§ 201-205) |
| 12 | 17.7   Copyright Infringement—Ownership of Valid Copyright—Copyright Registration Certificate (17 U.S.C. § 410(c)) |
| 15 | 17.8   Copyright Interests—Authorship (17 U.S.C. § 201(a)) |
| 17 | 17.12 Copyright Interests—Assignee (17 U.S.C. § 201(d)(1)) |
| 19 | 17.14 Copyright Infringement—Originality |
| 21 | 17.15 Copyright Interests—Derivative Work (17 U.S.C. §§ 101, 106(2)) |
| 23 | 17.17 Copying—Access and Substantial Similarity |
| 25 | 17.36 Copyright—Damages—Innocent Infringement (17 U.S.C. § 504(c)(2)) |

JOINT [PROPOSED] AGREED JURY INSTRUCTIONS

**INSTRUCTION NO. 17.2: COPYRIGHT—DEFINED**

**(17 U.S.C. § 106)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to, or authorize others to:

1.  reproduce the copyrighted work in copies;

2.  recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3.  distribute copies of the copyrighted work to the public by sale; and/or

4.  display publicly a copyrighted pictorial work or graphic work.

These exclusive rights, are cumulative and may overlap in some cases.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes an assignee.  In general, copyright law protects against reproduction, adaptation, public distribution or public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

- 1 -

# CITATIONS RE: INSTRUCTION NO. 17.1: COPYRIGHT—DEFINED (17 U.S.C. § 106)

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.2

## INSTRUCTION NO. 17.3:  COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102)

The works involved in this trial identified below are known as graphic works such as two dimensional works of graphic art, prints, and art reproductions.

You are instructed that a copyright may be obtained in the following works at issue:

| | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 1 | Aloha Hawaii, AL5 | VA1-159-677 VA1-433-550 | 2000 July 25, 2013 |
| 2 | Los Angeles By Clipper, CS27 | VA1-002-261 VA1-237-000 | 2000 October, 21, 2003 |
| 3 | Hawaii, CS30 | VA1-002-259 VA1-237-001 | 2000 October, 21, 2003 |
| 4 | Havana, CS32 | VA1-002-260 VA1-236-997 | 2000 October, 21, 2003 |
| 5 | Los Angeles – San Diego, CS35 | VA1-048-131 VA1-433-520 | 2000 July 23, 2013 |
| 6 | Catalina by Air, CS36 | VA1-052-091 VA1-433-518 | 2000 July 23, 2013 |
| 7 | Visit Cuba, CS37 | VA1-048-130 VA1-433-528 | 2000 July 23, 2013 |
| 8 | Inter-Island Airways, CS41 | VA1-072-870 VA1-236-996 | 2001 October 21, 2003 |
| 9 | Chicago, CS43 | VA1-072-869 VA1-433-534 | 2001 July 25, 2013 |
| 10 | Waikiki Beach, no. CS45 | VA1-094-499 VA1-237-003 | 2001 October 21, 2003 |
| 11 | The Lindbergh Line, CS46 | VA1-094-498 VA1-237-002 | 2001 October 21, 2003 |
| 12 | Super Skyliners, CS47 | VA1-094-512 VA1-236-999 | 2001 October 21, 2003 |
| 13 | Braniff Airways - Manhattan, CS52 | VA1-128-532 VA1-433-545 | 2002 July 25, 2013 |
| 14 | Standard Airlines – El Paso, CS53 | VA1-128-529 VA1-433-546 | 2002 July 25, 2013 |
| 15 | Cuba, CS55 | VA1-130-347 VA1-433-517 | 2002 July, 23, 2013 |
| 16 | Waikiki, Los Angeles Steamship Co., CS56 | VA1-136-536 VA1-433-554 | 2002 July 23, 2013 |
| 17 | Hawaii, Land of Surf & Sunshine, CS60 | VA1-181-637 VA1-433-525 | 2003 July 23, 2013 |
| 18 | Tahiti, CS62 | VA1-190-230 VA1-433-551 | 2003 July 23, 2013 |
| 19 | Miami Beach Eastern Airlines, CS63 | VA1-185-674VA1-433-552 | 2003 July 23, 2013 |

- 3 -

| | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 20 | Varadero Cuba, CS64 | VA1-219-145 VA1-433-544 | 2003 July 25, 2013 |
| 21 | Hope Ranch, CS67 | VA1-259-660 VA1-433-560 | 2004 July 23, 2013 |
| 22 | Huntington Beach, CS69 | VA1-215-855 VA1-433-557 | 2004 July 23, 2013 |
| 23 | Cuba & American Jockey Club, CS70 | VA1-238-650 VA1-433-553 | 2004 July 23, 2013 |
| 24 | Cuba, Land of Romance, CS75 | VA1-280-059 | August 27, 2004 |
| 25 | Visit Santa Monica, no. CS77 | VA1-297-304 | January 11, 2005 |
| 26 | San Francisco, CS78 | VAu-674-528 | June 14, 2005 |
| 27 | Escape to Cuba, CS79 | VAu-685-249 | September 9, 2005 |
| 28 | Key West, Florida, CS80 | VAu-685-250 | September 9, 2005 |
| 29 | Napa Valley, CS81 | VAu-685-248 | September 9, 2005 |
| 30 | Fly to Hawaii, CS84 | VA1-353-081 | February 6, 2006 |
| 31 | Greetings From Samoa, CS87 | VA1-363-565 | March 13, 2006 |
| 32 | Duke Kahanamoku, Surfing Legend, CS89 | VA1-363-564 | March 13, 2006 |
| 33 | Havana, CS99 | VAu-745-801 | June 12, 2007 |
| 34 | Blue Hawaii, CS115 | VAu-1-028-704 | June 2, 2010 |
| 35 | Pineapple, SP1 | VA1-211-672 VA1-433-537 | 2003 July 25, 2013 |
| 36 | Ginger, SP6 | VA1-202-082 VA1-433-539 | 2003 July 25, 2013 |
| 37 | Tahiti, Isle of Paradise, CS86 | VA1-353-079 | January 30, 2006 |
| 38 | Greetings from Waikiki, CS88 | VA1-363-563 | March 9, 2006 |
| 39 | Palm Beach, Florida, CS85 | VA1-353-080 | February 6, 2006 |

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed or produced in any tangible medium or form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

- 4 -

## CITATIONS RE: INSTRUCTION NO. 17.3: COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102)

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.3

JOINT [PROPOSED] UNDISPUTED JURY INSTRUCTIONS

## INSTRUCTION NO. 17.4: COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b))

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.  In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.

- 6 -

1
2
**CITATIONS RE: INSTRUCTION NO. 17.4: COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b))**

3
Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.4

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT [PROPOSED] UNDISPUTED JURY INSTRUCTIONS

CASE NO. 2:16-CV-04587

**INSTRUCTION NO. 17.5: COPYRIGHT INFRINGEMENT—ELEMENTS—**
**OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claims, the plaintiff has the burden of proving by a preponderance of the evidence that:

1.     the plaintiff is the owner of a valid copyright; and

2.     the defendant infringed one or more of plaintiff's exclusive rights to reproduce, prepare derivative works, publicly display or distribute the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

- 8 -

**CITATIONS RE: INSTRUCTION NO. 17.5: COPYRIGHT INFRINGEMENT— ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.5

JOINT [PROPOSED] UNDISPUTED JURY INSTRUCTIONS

CASE NO. 2:16-CV-04587

# INSTRUCTION NO. 17.6: COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205)

The plaintiff is the owner of a valid copyright if the plaintiff proves by a preponderance of the evidence that:

1.  the plaintiff's work contains original expression; and

2   the plaintiff received a transfer of the copyright.

- 10 -

**CITATIONS RE: INSTRUCTION NO. 17.6: COPYRIGHT INFRINGEMENT— OWNERSHIP OF VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205)**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.6

- 11 -

## INSTRUCTION NO. 17.7: COPYRIGHT INFRINGEMENT— COPYRIGHT REGISTRATION CERTIFICATE (17 U.S.C. § 410(c))

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibits 25, 52, 54-1, 54-3 – 54-35, 291, 294, and 297, which are certificates of copyright registration from the Copyright Office. If you find that this certificate was made within five years after first publication of the plaintiff's work, you may consider this certificate as evidence of the facts stated in the certificate.  From this certificate you may, but need not, conclude that: the works are the original work of Kerne Erickson and that the individuals or entities listed in the registration own the copyright in that work, which I explain in Instructions 17.17 and 17.18.

|   | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 1 | Aloha Hawaii, AL5 | VA1-159-677 VA1-433-550 | 2000 July 25, 2013 |
| 2 | Los Angeles By Clipper, CS27 | VA1-002-261 VA1-237-000 | 2000 October, 21, 2003 |
| 3 | Hawaii, CS30 | VA1-002-259 VA1-237-001 | 2000 October, 21, 2003 |
| 4 | Havana, CS32 | VA1-002-260 VA1-236-997 | 2000 October, 21, 2003 |
| 5 | Los Angeles – San Diego, CS35 | VA1-048-131 VA1-433-520 | 2000 July 23, 2013 |
| 6 | Catalina by Air, CS36 | VA1-052-091 VA1-433-518 | 2000 July 23, 2013 |
| 7 | Visit Cuba, CS37 | VA1-048-130 VA1-433-528 | 2000 July 23, 2013 |
| 8 | Inter-Island Airways, CS41 | VA1-072-870 VA1-236-996 | 2001 October 21, 2003 |
| 9 | Chicago, CS43 | VA1-072-869 VA1-433-534 | 2001 July 25, 2013 |
| 10 | Waikiki Beach, no. CS45 | VA1-094-499 VA1-237-003 | 2001 October 21, 2003 |
| 11 | The Lindbergh Line, CS46 | VA1-094-498 VA1-237-002 | 2001 October 21, 2003 |
| 12 | Super Skyliners, CS47 | VA1-094-512 VA1-236-999 | 2001 October 21, 2003 |
| 13 | Braniff Airways - Manhattan, CS52 | VA1-128-532 VA1-433-545 | 2002 July 25, 2013 |

- 12 -

|  | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 14 | Standard Airlines – El Paso, CS53 | VA1-128-529 VA1-433-546 | 2002 July 25, 2013 |
| 15 | Cuba, CS55 | VA1-130-347 VA1-433-517 | 2002 July, 23, 2013 |
| 16 | Waikiki, Los Angeles Steamship Co., CS56 | VA1-136-536 VA1-433-554 | 2002 July 23, 2013 |
| 17 | Hawaii, Land of Surf & Sunshine, CS60 | VA1-181-637 VA1-433-525 | 2003 July 23, 2013 |
| 18 | Tahiti, CS62 | VA1-190-230 VA1-433-551 | 2003 July 23, 2013 |
| 19 | Miami Beach Eastern Airlines, CS63 | VA1-185-674VA1-433-552 | 2003 July 23, 2013 |
| 20 | Varadero Cuba, CS64 | VA1-219-145 VA1-433-544 | 2003 July 25, 2013 |
| 21 | Hope Ranch, CS67 | VA1-259-660 VA1-433-560 | 2004 July 23, 2013 |
| 22 | Huntington Beach, CS69 | VA1-215-855 VA1-433-557 | 2004 July 23, 2013 |
| 23 | Cuba & American Jockey Club, CS70 | VA1-238-650 VA1-433-553 | 2004 July 23, 2013 |
| 24 | Cuba, Land of Romance, CS75 | VA1-280-059 | August 27, 2004 |
| 25 | Visit Santa Monica, no. CS77 | VA1-297-304 | January 11, 2005 |
| 26 | San Francisco, CS78 | VAu-674-528 | June 14, 2005 |
| 27 | Escape to Cuba, CS79 | VAu-685-249 | September 9, 2005 |
| 28 | Key West, Florida, CS80 | VAu-685-250 | September 9, 2005 |
| 29 | Napa Valley, CS81 | VAu-685-248 | September 9, 2005 |
| 30 | Fly to Hawaii, CS84 | VA1-353-081 | February 6, 2006 |
| 31 | Greetings From Samoa, CS87 | VA1-363-565 | March 13, 2006 |
| 32 | Duke Kahanamoku, Surfing Legend, CS89 | VA1-363-564 | March 13, 2006 |
| 33 | Havana, CS99 | VAu-745-801 | June 12, 2007 |
| 34 | Blue Hawaii, CS115 | VAu-1-028-704 | June 2, 2010 |
| 35 | Pineapple, SP1 | VA1-211-672 VA1-433-537 | 2003 July 25, 2013 |
| 36 | Ginger, SP6 | VA1-202-082 VA1-433-539 | 2003 July 25, 2013 |
| 37 | Tahiti, Isle of Paradise, CS86 | VA1-353-079 | January 30, 2006 |
| 38 | Greetings from Waikiki, CS88 | VA1-363-563 | March 9, 2006 |
| 39 | Palm Beach, Florida, CS85 | VA1-353-080 | February 6, 2006 |

- 13 -

**CITATIONS RE: INSTRUCTION NO. 17.7: COPYRIGHT INFRINGEMENT—**

**COPYRIGHT REGISTRATION CERTIFICATE (17 U.S.C. § 410(c))**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.7

- 14 -

1
2

## INSTRUCTION NO. 17.8: COPYRIGHT INTERESTS—AUTHORSHIP   (17 U.S.C. § 201(a))

3
4
5

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

6
7
8
9
10

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 15 -

CASE NO. 2:16-CV-04587

**CITATIONS RE: INSTRUCTION NO. 17.8: COPYRIGHT INTERESTS—**

**AUTHORSHIP   (17 U.S.C. § 201(a))**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.8

- 16 -

**INSTRUCTION NO. 17.12: COPYRIGHT INTERESTS—ASSIGNEE (17 U.S.C. § 201(d)(1))**

In this case, the plaintiff does not claim to be the author of the copyrights at issue. Instead, the plaintiff claims that it received the copyrights by virtue of assignment from the work's author so that the plaintiff is now the assignee of the copyrights.

A copyright owner may transfer or sell to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work. The person to whom the copyright is transferred or sold becomes the owner of the copyright in the work.

To be valid, the transfer or sale must be in a writing signed by the transferor. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

- 17 -

**CITATIONS RE: INSTRUCTION NO. 17.12: COPYRIGHT INTERESTS—**

**ASSIGNEE (17 U.S.C. § 201(d)(1))**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.12

- 18 -

**INSTRUCTION NO. 17.14: COPYRIGHT INFRINGEMENT—ORIGINALITY**

An original work may include or incorporate elements taken from prior works, works from the public domain, and works owned by others, with the owner's permission.  The original parts of the plaintiff's work are the parts created:

1.     independently by the work's author, that is, the author did not copy it from another work; and

2.     by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CITATIONS RE: INSTRUCTION NO. 17.14: COPYRIGHT INFRINGEMENT—ORIGINALITY**

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.14

JOINT [PROPOSED] UNDISPUTED JURY INSTRUCTIONS

CASE NO. 2:16-CV-04587

1    **INSTRUCTION NO. 17.15: COPYRIGHT INTERESTS—DERIVATIVE WORK**

2    **(17 U.S.C. §§ 101, 106(2))**

3    A copyright owner is entitled to exclude others from creating derivative works

4    based on the owner's copyrighted work.  The term derivative work refers to a work

5    based on one or more pre existing works, such as an art reproduction, or any other form

6    in which the pre existing work is recast, transformed, or adapted.  Accordingly, the

7    owner of a copyrighted work is entitled to exclude others from recasting, transforming,

8    or adapting the copyrighted work without the owner's permission.

9    If the copyright owner exercises the right to create a derivative work based on the

10   copyrighted work, this derivative work may also be copyrighted.  Only what was newly

11   created, such as editorial revisions, annotations, elaborations, or other modifications to

12   the pre existing work is considered to be the derivative work.

13   If the copyright owner allows others to create a derivative work based on the

14   copyrighted work, the copyright owner of the pre existing work retains a copyright in

15   that derivative work with respect to all of the elements from the pre existing work that

16   were used in the derivative work.  The author of the derivative work is entitled to

17   copyright protection only for original contributions made by that author that are more

18   than trivial.  If the derivative work incorporates work in the public domain, the

19   derivative author's protection is limited to elements added by the derivative author to

20   the public domain work, or limited to the manner in which the derivative author

21   combined the pre existing elements in the public domain work into the derivative work.

22   The author of the derivative work may enforce the right to exclude others from

23   the original elements added by the author in an action for copyright infringement.

24   The copyright owner of the pre existing work may enforce the right to exclude

25   others in an action for copyright infringement to the extent that the material copied

26   derived from the pre existing work.

27

28

- 21 -

# CITATIONS RE: INSTRUCTION NO. 17.15: COPYRIGHT INTERESTS—DERIVATIVE WORK (17 U.S.C. §§ 101, 106(2))

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.15

- 22 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 17.17: COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 17.5 states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work.

The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

- 23 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CITATIONS RE: INSTRUCTION NO. 17.17: COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.17

- 24 -

CASE NO. 2:16-CV-04587

1

2

**INSTRUCTION NO. 17.36: COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2))**

3   An infringement is considered innocent when the defendant has proved both of

4   the following elements by a preponderance of the evidence:

5       1.      the defendant was not aware that its acts constituted infringement of

6               the copyright; and

7       2.      the defendant had no reason to believe that its acts constituted  an

8               infringement of the copyright.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 25 -

## CITATIONS RE: INSTRUCTION NO. 17.36: COPYRIGHT—DAMAGES—
## INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2))

Attribution: 9th Circuit Manual of Model Jury Instructions, Instruction 17.36

- 26 -

Respectfully submitted,

Dated: July 27, 2017                    /s/ Darren J. Quinn
                                        Jeffrey S. Young, Esq.
                                        Jacob P. Ainciart
                            LAW OFFICES OF JEFFREY S. YOUNG

                                        Jason A. Aquilino,
                                        AQUILINO LAW

                                        Darren J. Quinn
                            LAW OFFICES OF DARREN J. QUINN

                                        Attorneys for Plaintiff
                            GREG YOUNG PUBLISHING, INC.


Dated: July 27, 2017                    /s/ Keith G. Adams
                                        Keith G. Adams, Esq.
                            MURPHY, PEARSON, BRADLEY & FEENEY
                                    Attorneys for Defendant
                                        ZAZZLE INC.

## **Attestation Regarding Signatures**

The undersigned attests that all signatories listed, and on whose behalf this filing
is submitted, concur in this filing's content and have authorized its filing.

Dated: July 27, 2017                                /s/ Darren J. Quinn
                                                    Darren J. Quinn

- 27 -

JOINT [PROPOSED] UNDISPUTED JURY INSTRUCTIONS                    CASE NO. 2:16-CV-
                                                                        04587

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on July 27, 2017 with a copy of this document via the Court's CM/ECF system.

*/s/ Darren J. Quinn*
DARREN J. QUINN

- 28 -