LAW OFFICE OF JEFFREY S. YOUNG
Jeffrey S. Young (172016)
Jacob P. Ainciart (313588)
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel.: 805-884-0338

LAW OFFICES OF DARREN J. QUINN
Darren J. Quinn (149679)
12702 Via Cortina, Suite 105
San Diego, CA 92014
Tel.: 858-509-9401
dq#dqlaw.xom

*Additional Counsel Listed on Signature Block*

*Attorneys for Plaintiff Greg Young Publishing, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., a California Corporation, and DOES 1-50,<br><br>Defendants. | CASE NO.: 2:16-CV-04587 SVW (KSx)<br><br>**PLAINTIFF'S TRIAL BRIEF [L.R. 16-10]**<br><br>Judge: Hon Stephen V. Wilson<br><br>1st Pre-Trial Conference: July 31, 2017<br><br>2 nd Pre-Trial Conference: August 7, 2017<br><br>Trial: August 8, 2017 |

## TABLE OF CONTENTS


I. INTRODUCTION . . . . . 1

II. UPDATES TO PLAINTIFF'S CONTENTIONS OF LAW AND FACT . . . 2

A. 35 of 39 Copyrighted Works Are At Issue For The Jury Trial . . . . . 2

B. Defendant's Equitable Defenses Are Determined By the Court - Not The Jury . . . . . 2

III. REPLY TO DEFENDANT'S CONTENTIONS OF LAW AND FACT . . . . 3

A. Defendant's 1st Affirmative DMCA Defense Is Mooted . . . . . 3

B. Defendant's 7th Affirmative Defense Of Innocent Infringement . . . . 4

C. Defendant's 8th Equitable Copyright Misuse Defense . . . . . 5

1. The Court – Not The Jury – Determines Defendant's Equitable Copyright Misuse Defense . . . . . 5

2. Elements of Equitable Copyright Misuse Defense . . . . . 5

3. Defendant's Purported Facts In Support Of Its Equitable Copyright Misue Defense . . . . . 6

D. Defendant's 9th Equitable Unclean Hands Defense . . . . . 7

1. Elements of Equitable Copyright Misuse Defense . . . . . 7

2. Defendant's Purported Facts In Support Of Its Equitable Unclean Hands Defense . . . . . 7

a. Unclean Hands Based Upon Copyright Misuse . . . . . 7

b. Unclean Hands Based Upon Purported Attorney Conflict . . . . . 8

c. Unclean Hands Based Upon Unidentified Copyright Or Trademark Infringement By Unidentified Third Parties . . . . . 8

(1) Defendant Has Not Identified Any "Copyright And Trademark Infringements" By Third Parties . . . . . 8

(2) Zazzle Has No Standing To Assert Any Copyright And Trademark Rights of Unidentified Third Parties . . . . . 8

Plaintiff, Greg Young Publishing, Inc. ("GYPI"), respectfully submits this trial brief pursuant to Local Rule 16-10.

## I. INTRODUCTION

As discussed below, the key factual issue in this case will be the amount of statutory damages – not copyright infringement liability. The parties agree that the jury will be instructed on a number of non-exclusive factors in making their statutory damage determinations, but there is some dispute about certain factors. [ECF 108 (Disputed Instructions) at 57-65]

One dispute appears to the ownership element of plaintiff's copyright infringement claim, but this should not be in contention. *First*, this court already found that plaintiff had standing to pursue its copyright infringement claims based upon copyrights assigned by Kerne Erickson. [ECF 81 (SJ Order), at 4-5] *Second*, the copyright registrations for each work "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate" given that all works were registered before or within five years after first publication of the work. 17 U.S.C. §410(c). "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. Cal. Apr. 3, 2017) *Third*, the painter Kerne Erickon will testify that each work contains his original expression even for those few works that are renditions of public domain works. *Zenix Industrial USA, Inc. v. King HWA Industrial Co.*, 1990 U.S. App. LEXIS 21358 (9th Cir. Dec. 7, 1990); *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 34 (2d Cir. N.Y. Dec. 2, 1982)

A second dispute, which involves defendant's direct copyright infringement liability (violation of exclusive rights under 17 U.S.C. §106), also should not be in contention.

> When the works are "so overwhelmingly identical that the possibility of independent creation is precluded," *id.*, there is simply "no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a). . . .If courts were

> never permitted to grant summary judgment in favor of plaintiffs on the issue of copying, even for identical works, the effect of Rule 56 would be substantially diluted.

*Unicolors, Inc.*, 853 F.3d 980, 987 (9th Cir. 2017)

In addition to the above points, plaintiff has chosen to voluntarily simplify its case, and pursuant to Local Rule 16-10, in §II below, plaintiff is herein updating plaintiff's contentions of law and fact to state that only 35 of the 39 copyrighted works of plaintiff will be are in issue in this jury trial.

Finally, pursuant to Local Rule 16-10, in §III below, plaintiff responds to defendant Zazzle's memorandum of contentions of law and fact. [ECF 84 (D memo law and fact)]

## II. UPDATES TO PLAINTIFF'S CONTENTIONS OF LAW AND FACT

### A. 35 of 39 Copyrighted Works Are At Issue For The Jury Trial

On July 10, 2017, plaintiff filed its memorandum of contentions of law and fact. [ECF 103 (P Memo)]. It sets forth 38 copyrighted works infringed by defendant Zazzle. [ECF 103 (P Memo), at pdf 6]

Another infringement by Zazzle was discovered, so the Proposed Pretrial Order, filed July 20, 2017 refers to 39 copyrighted works owned by plaintiff. [ECF 106-1 (Pretrial Order), ¶5(c) and ¶7 (chart)]

To simplify the case for jury trial, plaintiff's will not pursue monetary relief for 4 of the 39 copyrighted works owned by plaintiff. Although these four works were displayed on defendant Zazzle's website, plaintiff has no evidence that defendant Zazzle manufactured and sold physical products or sales bearing those four infringing images. As discussed in §III.A, this eliminates defendant's DMCA defense for the jury to consider.

### B. Defendant's Equitable Defenses Are Determined By the Court - Not The Jury

Plaintiff's memorandum of contentions of law and fact was silent on whether

defendant's equitable defenses of copyright misuse and unclean hands are determined by the court or the jury. [ECF 103 (P Memo), at pdf 28-29]

Later, during the preparation of disputed jury instructions [ECF 108 (Disputed Jury Instruction), at 28-35, 38-30] and disputed jury verdict forms [ECF 109 (Disputed Jury Verdicts), plaintiff objected to the jury determining these equitable defenses.

> ***A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature***. *Adams v. Johns–Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989).

[ECF 109 (Disputed Jury Verdicts)at 32 *quoting Granite States Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1027 (9th Cir. Cal. Feb. 14, 1996)] A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989).

Equitable defenses should be tried to the court as opposed to an advisory jury. *See Bryant v. Mattel, Inc.*, 2008 U.S. Dist. LEXIS 63391, 17-18 (C.D. Cal. July 24, 2008) (equitable defense "will be tried to the Court" and court disinclined to seek advisory jury verdict "based on the risk of jury confusion. . .[and] jury's attention should be focused on the narrow range of issues it is being asked to decide.")

It is common and appropriate to hold a separate jury trial for legal (copyright infringement) issues and a separate bench trial on equitable defenses.

> ***Because legal and equitable issues are committed to different factfinders, "it is common and appropriate to hold separate jury and bench trials on the different issues***." Peter S. Menell et al., Patent Case Management Judicial Guide 8-4 (2009). "***Separate trials are particularly appropriate where the equitable issues involve facts that are irrelevant or marginally relevant to the liability issues to be decided by the jury, or which may prejudice a party's case on infringement or validity***." Id.

*Ill. Tool Works, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042, 1044 (S.D. Cal. Oct. 15, 2012) (emphasis added).

## III. REPLY TO DEFENDANT'S CONTENTIONS OF LAW AND FACT

### A. Defendant's 1st Affirmative DMCA Defense Is Mooted

For 35 of the 39 copyrighted works of plaintiff, defendant manufactured and sold physical products bearing infringing images. Thus, defendant's DMCA defense does not apply to these 35 copyrighted works of plaintiff. [ECF 81 (SJ Order), at 10 ("To the extent it manufactured and sold physical products bearing infringing images, Zazzle is not protected under 17 U.S.C. § 512(c).")]

Plaintiff is simplifying the case and mooting defendant's DMCA defense with respect to the remaining 4 of 39 works that were not manufactured or sold. [ECF 81 (SJ Order), at 10 ("But Zazzle may invoke this safe harbor to the extent GYPI seeks to impose liability based solely on the unauthorized display of copyrighted images on Zazzle's website.")] Plaintiff will not request the jury to award monetary damages on those four works. Defendant's DMCA defense is a defense to monetary relief remedies, not liability. 17 U.S.C. §512(c)(1) ("A service provider shall not be liable for monetary relief. . .")

### B. Defendant's 7th Affirmative Defense Of Innocent Infringement

Defendant asserts a 7th affirmative defense of innocent infringement. 17 U.S.C. §512(c)(2) provides, in part:

> In a case where the infringer sustains the burden of proving, and the court finds, that ***such infringer was not aware*** and ***had no reason to believe that his or her acts constituted an infringement of copyright***, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200.

(Emphasis added). "[P]racticability is not a proxy for innocence." *L.A. News Serv. v. Reuters TV Int'l, Ltd.*, 149 F.3d 987, 995 (9th Cir. 1998)

"[T]he innocent intent of the defendant constitutes no defense to liability" for copyright infringement. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1171 (9th Cir.2012). *See also Shapkin/Crossroads Prods. v. Legacy Home Video*, 1997 U.S. App. LEXIS 23175 (9th Cir. Cal. Aug. 29, 1997) (Innocent infringer "question is

irrelevant to liability.") *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir. 1978) ("Even where the defendant believes in good faith that he is not infringing a copyright, he may be found liable.").

"If a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504(c)(2)." 17 U.S.C. §401(d).

### C. Defendant's 8th Equitable Copyright Misuse Defense

#### 1. The Court – Not The Jury – Determines Defendant's Equitable Copyright Misuse Defense

Defendant Zazzle asserts an 8th equitable defense of copyright misuse.

As discussed in §II.B above, the court – not the jury – determines defendant's equitable defense. The Ninth Circuit "***expressly adopted copyright misuse as an equitable defense*** to a claim of infringement in *Practice Management Information Corp. v. American Medical Ass'n*, 121 F.3d 516 [*700] (9th Cir. 1997). . ." *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, Concurring).

#### 2. Elements of Equitable Copyright Misuse Defense

The parties agree: "'The defense is often applied when a defendant can prove either: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws.'" [ECF 84 (D Memo Fact and Law), at 7 *quoting Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 700 (9th Cir. 2015)]

Defendant presumably agrees: "***We have thus applied the doctrine sparingly***." *Id.* at 700 (emphasis added).

Defendant needs to show ***ongoing*** copyright misuse, not merely a claimed ***past***

***misuse***. The Ninth Circuit noted "that 'copyright misuse does not invalidate a copyright, but ***precludes its enforcement during the period of misuse***,' *id*. at 520 n.9, as amended by 133 F.3d 1140 (9th Cir. 1998)." *Omega S.A*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, Concurring).

**3. Defendant's Purported Facts In Support Of Its Equitable Copyright Misue Defense**

*First*, defendant claims: "The evidence will show that in at least one instance, Plaintiff used its claimed copyright to send a 'takedown' notice for an image that merely used the same source material as the image allegedly owned by Plaintiff." [ECF 84 (D Memo Law and Fact), at 9] ***Defendant has no witness*** to establish its claimed fact a third party image "merely used the same source material as the image allegedly owned by Plaintiff." *Id*. Plaintiff does not believe that defendant has any such evidence and requests that defendant present a written offer of proof on its copyright misuse defense.

Further, to the extent defendant is referring to Trial Ex. 26, the email communications regarding that instance clearly show that Zazzle, acting on its own and not at the direction of GYPI, removed the public domain work during its one voluntary attempt in 2013 to rid its website of GYPI's artwork. GYPI, on the other hand, specifically informed Zazzle by an email in evidence that Zazzle had made a mistake by removing a work that was not a GYPI arwork. [Trial Ex. 26]

*Second,* defendant claims: "Furthermore, Plaintiff's repeated copyright claims as to "vintage" artworks necessarily crowded out similar works that were not necessarily infringing but merely using the same source material as Plaintiff's artworks. This amounts to an attempt to secure a limited monopoly in 'vintage'-style artworks based on pre-existing and out-of-copyright artworks that is not permissible under the Copyright Act." [ECF 84 (D Memo Law and Fact), at 9] ***Defendant has no witness*** to establish its claimed fact that plaintiff "crowded out" other vintage style artworks that were "using the same source material as Plaintiff's artworks." *Id.*

Again, plaintiff requests an offer of proof.

In short, Zazzle has not provided any facts to support the broad net that it is attempting to cast with its "copyright misuse" defense. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); see Fed. R. Civ. P. 8(b)(1)(A). "In determining whether an affirmative defense gives fair notice of the defense, this court applies the heightened pleading standards..." *Taylor v. Stave, Inc.*, 2016 WL 6674987, *1 (C.D. Cal. 2016).

**D. Defendant's 9th Equitable Unclean Hands Defense**

Defendant Zazzle asserts a 9th equitable defense of unclean hands. As discussed in §II.B above, the court – not the jury – determines defendant's equitable unclean hands defense.

**1. Elements of Equitable Copyright Misuse Defense**

"As Professor Nimmer has written, the defense of illegality or unclean hands is 'recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action. For instance, the defense has been recognized when plaintiff misused the process of the courts by falsifying a court order or evidence, or by misrepresenting the scope of his copyright to the court and opposing party.' 4 *Nimmer on Copyright* § 13.09[B] (7citing L.A. News Serv. v. Tullo, 973 F.2d 791, 799 (9th Cir. 1992)) (internal footnotes omitted)." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-991 (9th Cir. Ariz. Apr. 2, 2009).

**2. Defendant's Purported Facts In Support Of Its Equitable Unclean Hands Defense**

Defendant argues: "GYPI's claims are barred by the doctrine of unclean hands for (1) copyright misuse, as stated above, and (2) GYPI's receipt of advice from an attorney whose firm also represented Zazzle, and (3) Plaintiff's own copyright and trademark infringements." [ECF 84 (D Memo Law and Fact), at

5-6]

**a. Unclean Hands Based Upon Copyright Misuse**

To the extent defendant claims unclean hands based upon copyright misuse, it is discussed in §III.C above.

**b. Unclean Hands Based Upon Purported Attorney Conflict**

Plaintiff understands that defendant will not be presenting any evidence regarding GYPI's receipt of advice from an attorney whose firm also represented Zazzle. If this is not the case, plaintiff requests an offer of proof.

**c. Unclean Hands Based Upon Unidentified Copyright Or Trademark Infringement By Unidentified Third Parties**

Defendant states "GYPI's claims are barred by the doctrine of unclean hands for: . . . Plaintiff's own copyright and trademark infringements" [ECF 84 (D Memo Law and Fact), at 5-6]

**(1) Defendant Has Not Identified Any "Copyright And Trademark Infringements" By Third Parties**

Defendant has not identified any "copyright and trademark infringements." The third parties are unidentified. The unidentified third parties' copyrights and trademarks are also unidentified.

Defendant has not identified any third party witness that will testify that such third party witness owns a registered copyright or trademark. Plaintiff requests an offer of proof.

**(2) Zazzle Has No Standing To Assert Any Copyright And Trademark Rights of Unidentified Third Parties**

Defendant "generally must assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In the copyright context, the Ninth Circuit clearly prohibits defendant from

asserting copyright claims on behalf of third parties (whether identified or not).

> ***The exclusive rights of copyright owners granted by Congress under § 106 of the Copyright Act may only be enforced by an owner or exclusive licensee of the right***; allowing the litigation of these state claims would defeat Congress's intent to have federal law occupy the entire field of copyright law. See 17 U.S.C. § 501(b); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1125 (C.D. Cal. 2001). ***If we were to permit Sybersound's claims based on incidences of copyright infringement to proceed, Sybersound would be litigating a third party copyright infringement claim*** under the guise of state law; to prevail on either the infringement claim or the claim based on misrepresentations of whether infringement occurred, Sybersound would have to prove that copyright infringement occurred. Accordingly, the state law claims that necessarily depend on such a showing were properly dismissed.

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150-1151 (9th Cir. Cal. 2008) (emphasis added)

During the July 31, 2017 pretrial conference, Zazzle's attorney referenced nine (9) purportedly infringed works that it contends are owned unidentified third parties. Without a witness(es) claiming to own those nine (9) purportedly infringed works, defendant has no basis for its claims.

For defendant to claim trademark infringement with respect to an unidentified trademark and unidentified trademark owner, defendant has to establish a likelihood of confusion under the seven factors set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) Defendant has no witness on those seven factors.

Plaintiff requests an offer of proof, including witness names with personal knowledge

Dated: August 1, 2017

Respectfully Submitted,

LAW OFFICES OF JEFFREY YOUNG
JEFFREY S. YOUNG
JACOB P. AINCIART

AQUILINO LAW
JASON A. AQUILINO

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

By: s/s Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014

*Attorneys for Plaintiff Greg Young Publishing, Inc.*

## CERTIFICATE OF SERVICE

I certify that all counsel of record are being served on August 1, 2017 with a copy of this document via the Court's CM/ECF system.

/s/ Darren J. Quinn
DARREN J. QUINN