FILED
CLERK, U.S. DISTRICT COURT

AUG - 9 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GREG YOUNG PUBLISHING, INC., a corporation,,

          Plaintiff,

    v.

ZAZZLE INC., a corporation, and DOES 1 TO 10,

          Defendants.

Case No.: 2:16-cv-04587 SVW (KSx)

**Jury Instructions**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The plaintiff has the burden of proof by a preponderance of the evidence. When a party has the burden of proof by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses, what they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1  Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,
2  such as testimony by a witness about what that witness personally saw or heard or
3  did. Circumstantial evidence is proof of one or more facts from which you could find
4  another fact. You should consider both kinds of evidence. The law makes no
5  distinction between the weight to be given to either direct or circumstantial evidence.
6  It is for you to decide how much weight to give to any evidence.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1    Certain charts and summaries have been received into evidence to illustrate
2  information brought out in trial.  Charts and summaries are only as good as the
3  underlying evidence that supports them. You should, therefore, give them only such
4  weight as you think the underlying evidence deserves.

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to, or authorize others to:

1.     reproduce the copyrighted work in copies;

2.     recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3.     distribute copies of the copyrighted work to the public by sale; and/or

4.     display publicly a copyrighted pictorial work or graphic work.

These exclusive rights, are cumulative and may overlap in some cases.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes an assignee. In general, copyright law protects against reproduction, adaptation, public distribution or public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

The works involved in this trial identified below are known as graphic works such as two dimensional works of graphic art, prints, and art reproductions.

You are instructed that a copyright may be obtained in the following works at issue:

| | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 1 | Aloha Hawaii, AL5 | VA1-159-677 VA1-433-550 | 2000 July 25, 2013 |
| 2 | Los Angeles By Clipper, CS27 | VA1-002-261 VA1-237-000 | 2000 October, 21, 2003 |
| 3 | Hawaii, CS30 | VA1-002-259 VA1-237-001 | 2000 October, 21, 2003 |
| 4 | Havana, CS32 | VA1-002-260 VA1-236-997 | 2000 October, 21, 2003 |
| 5 | Los Angeles – San Diego, CS35 | VA1-048-131 VA1-433-520 | 2000 July 23, 2013 |
| 6 | Catalina by Air, CS36 | VA1-052-091 VA1-433-518 | 2000 July 23, 2013 |
| 7 | Visit Cuba, CS37 | VA1-048-130 VA1-433-528 | 2000 July 23, 2013 |
| 8 | Inter-Island Airways, CS41 | VA1-072-870 VA1-236-996 | 2001 October 21, 2003 |
| 9 | Chicago, CS43 | VA1-072-869 VA1-433-534 | 2001 July 25, 2013 |
| 10 | The Lindbergh Line, CS46 | VA1-094-498 VA1-237-002 | 2001 October 21, 2003 |
| 11 | Super Skyliners, CS47 | VA1-094-512 VA1-236-999 | 2001 October 21, 2003 |
| 12 | Braniff Airways - Manhattan, CS52 | VA1-128-532 VA1-433-545 | 2002 July 25, 2013 |
| 13 | Standard Airlines – El Paso, CS53 | VA1-128-529 VA1-433-546 | 2002 July 25, 2013 |
| 14 | Cuba, CS55 | VA1-130-347 VA1-433-517 | 2002 July, 23, 2013 |
| 15 | Waikiki, Los Angeles Steamship Co., CS56 | VA1-136-536 VA1-433-554 | 2002 July 23, 2013 |
| 16 | Hawaii, Land of Surf & Sunshine, CS60 | VA1-181-637 VA1-433-525 | 2003 July 23, 2013 |
| 17 | Tahiti, CS62 | VA1-190-230 VA1-433-551 | 2003 July 23, 2013 |
| 18 | Miami Beach Eastern Airlines, CS63 | VA1-185-674VA1-433-552 | 2003 July 23, 2013 |

| | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 19 | Varadero Cuba, CS64 | VA1-219-145 VA1-433-544 | 2003 July 25, 2013 |
| 20 | Hope Ranch, CS67 | VA1-259-660 VA1-433-560 | 2004 July 23, 2013 |
| 21 | Huntington Beach, CS69 | VA1-215-855 VA1-433-557 | 2004 July 23, 2013 |
| 22 | Cuba & American Jockey Club, CS70 | VA1-238-650 VA1-433-553 | 2004 July 23, 2013 |
| 23 | Cuba, Land of Romance, CS75 | VA1-280-059 | August 27, 2004 |
| 24 | San Francisco, CS78 | VAu-674-528 | June 14, 2005 |
| 25 | Escape to Cuba, CS79 | VAu-685-249 | September 9, 2005 |
| 26 | Key West, Florida, CS80 | VAu-685-250 | September 9, 2005 |
| 27 | Napa Valley, CS81 | VAu-685-248 | September 9, 2005 |
| 28 | Fly to Hawaii, CS84 | VA1-353-081 | February 6, 2006 |
| 29 | Greetings From Samoa, CS87 | VA1-363-565 | March 13, 2006 |
| 30 | Duke Kahanamoku, Surfing Legend, CS89 | VA1-363-564 | March 13, 2006 |
| 31 | Havana, CS99 | VAu-745-801 | June 12, 2007 |
| 32 | Blue Hawaii, CS115 | VAu-1-028-704 | June 2, 2010 |
| 33 | Pineapple, SP1 | VA1-211-672 VA1-433-537 | 2003 July 25, 2013 |
| 34 | Tahiti, Isle of Paradise, CS86 | VA1-353-079 | January 30, 2006 |
| 35 | Palm Beach, Florida, CS85 | VA1-353-080 | February 6, 2006 |

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed or produced in any tangible medium or form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claims, the plaintiff has the burden of proving by a preponderance of the evidence that:

1.     the plaintiff is the owner of a valid copyright; and

2.     the defendant infringed one or more of plaintiff's exclusive rights to reproduce, prepare derivative works, publicly display or distribute the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibits 25, 52, 54-1, 54-3 – 54-35, 291, 294, and 297, which are certificates of copyright registration from the Copyright Office. If you find that this certificate was made within five years after first publication of the plaintiff's work, you may consider this certificate as evidence of the facts stated in the certificate. From this certificate you may, but need not, conclude that: the works are the original work of Kerne Erickson and that the individuals or entities listed in the registration own the copyright in that work.

| | Artwork Title: | Registration No./Supplemental No. | Registration Date/Supplemental Date |
|---|---|---|---|
| 1 | Aloha Hawaii, AL5 | VA1-159-677<br>VA1-433-550 | 2000<br>July 25, 2013 |
| 2 | Los Angeles By Clipper, CS27 | VA1-002-261<br>VA1-237-000 | 2000<br>October, 21, 2003 |
| 3 | Hawaii, CS30 | VA1-002-259<br>VA1-237-001 | 2000<br>October, 21, 2003 |
| 4 | Havana, CS32 | VA1-002-260<br>VA1-236-997 | 2000<br>October, 21, 2003 |
| 5 | Los Angeles – San Diego, CS35 | VA1-048-131<br>VA1-433-520 | 2000<br>July 23, 2013 |
| 6 | Catalina by Air, CS36 | VA1-052-091<br>VA1-433-518 | 2000<br>July 23, 2013 |
| 7 | Visit Cuba, CS37 | VA1-048-130<br>VA1-433-528 | 2000<br>July 23, 2013 |
| 8 | Inter-Island Airways, CS41 | VA1-072-870<br>VA1-236-996 | 2001<br>October 21, 2003 |
| 9 | Chicago, CS43 | VA1-072-869<br>VA1-433-534 | 2001<br>July 25, 2013 |
| 11 | The Lindbergh Line, CS46 | VA1-094-498<br>VA1-237-002 | 2001<br>October 21, 2003 |
| 11 | Super Skyliners, CS47 | VA1-094-512<br>VA1-236-999 | 2001<br>October 21, 2003 |
| 12 | Braniff Airways - Manhattan, CS52 | VA1-128-532<br>VA1-433-545 | 2002<br>July 25, 2013 |

|  | Artwork Title: | Registration No./ Supplemental No. | Registration Date/ Supplemental Date |
|---|---|---|---|
| 13 | Standard Airlines – El Paso, CS53 | VA1-128-529 VA1-433-546 | 2002 July 25, 2013 |
| 14 | Cuba, CS55 | VA1-130-347 VA1-433-517 | 2002 July, 23, 2013 |
| 15 | Waikiki, Los Angeles Steamship Co., CS56 | VA1-136-536 VA1-433-554 | 2002 July 23, 2013 |
| 16 | Hawaii, Land of Surf & Sunshine, CS60 | VA1-181-637 VA1-433-525 | 2003 July 23, 2013 |
| 17 | Tahiti, CS62 | VA1-190-230 VA1-433-551 | 2003 July 23, 2013 |
| 18 | Miami Beach Eastern Airlines, CS63 | VA1-185-674VA1-433-552 | 2003 July 23, 2013 |
| 19 | Varadero Cuba, CS64 | VA1-219-145 VA1-433-544 | 2003 July 25, 2013 |
| 20 | Hope Ranch, CS67 | VA1-259-660 VA1-433-560 | 2004 July 23, 2013 |
| 21 | Huntington Beach, CS69 | VA1-215-855 VA1-433-557 | 2004 July 23, 2013 |
| 22 | Cuba & American Jockey Club, CS70 | VA1-238-650 VA1-433-553 | 2004 July 23, 2013 |
| 23 | Cuba, Land of Romance, CS75 | VA1-280-059 | August 27, 2004 |
| 24 | San Francisco, CS78 | | |
| 25 | Escape to Cuba, CS79 | VAu-674-528 | June 14, 2005 |
| 26 | Key West, Florida, CS80 | VAu-685-249 | September 9, 2005 |
| 27 | Napa Valley, CS81 | VAu-685-250 | September 9, 2005 |
| 28 | Fly to Hawaii, CS84 | VAu-685-248 | September 9, 2005 |
| 29 | Greetings From Samoa, CS87 | VA1-353-081 | February 6, 2006 |
| 30 | Duke Kahanamoku, Surfing Legend, CS89 | VA1-363-565 VA1-363-564 | March 13, 2006 March 13, 2006 |
| 31 | Havana, CS99 | | |
| 32 | Blue Hawaii, CS115 | VAu-745-801 | June 12, 2007 |
| 33 | Pineapple, SP1 | VAu-1-028-704 VA1-211-672 VA1-433-537 | June 2, 2010 2003 July 25, 2013 |
| 34 | Tahiti, Isle of Paradise, CS86 | VA1-353-079 | January 30, 2006 |
| 35 | Palm Beach, Florida, CS85 | VA1-353-080 | February 6, 2006 |

An original work may include or incorporate elements taken from prior works, works from the public domain, and works owned by others, with the owner's permission. The original parts of the plaintiff's work are the parts created:

1.      independently by the work's author, that is, the author did not copy it from another work; and

2.      by use of at least some minimal creativity.


In copyright law, the "original" part of a work need not be new or novel.

1    A copyright owner is entitled to exclude others from creating derivative works
2    based on the owner's copyrighted work. The term derivative work refers to a work
3    based on one or more pre-existing works, such as an art reproduction, or any other
4    form in which the pre-existing work is recast, transformed, or adapted. Accordingly,
5    the owner of a copyrighted work is entitled to exclude others from recasting,
6    transforming, or adapting the copyrighted work without the owner's permission.

7    If the copyright owner exercises the right to create a derivative work based on
8    the copyrighted work, this derivative work may also be copyrighted. Only what was
9    newly created, such as editorial revisions, annotations, elaborations, or other
10   modifications to the pre-existing work is considered to be the derivative work.

11   If the copyright owner allows others to create a derivative work based on the
12   copyrighted work, the copyright owner of the pre-existing work retains a copyright in
13   that derivative work with respect to all of the elements from the pre-existing work
14   that were used in the derivative work. The author of the derivative work is entitled to
15   copyright protection only for original contributions made by that author that are more
16   than trivial. If the derivative work incorporates work in the public domain, the
17   derivative author's protection is limited to elements added by the derivative author to
18   the public domain work, or limited to the manner in which the derivative author
19   combined the pre-existing elements in the public domain work into the derivative
20   work.

21   The author of the derivative work may enforce the right to exclude others from
22   the original elements added by the author in an action for copyright infringement.

23   The copyright owner of the pre-existing work may enforce the right to exclude
24   others in an action for copyright infringement to the extent that the material copied
25   derived from the pre-existing work.

26

27

28

1   If you find for the plaintiff on the plaintiff's copyright infringement claims,
2   you must determine the plaintiff's damages. The plaintiff seeks a statutory damage
3   award, established by Congress for each work infringed. Its purpose is not only to
4   compensate the plaintiff for its losses, which may be hard to prove, but also to
5   penalize the infringer and deter future violations of the copyright laws.

6   The range of statutory damages depends on the type of infringement.

7   For willful infringement of a work, you must award between $750 and
8   $150,000 for that work.

9   For non-willful infringement of a work, you must award between $750 and
10  $30,000 for that work.

11  For innocent infringement of a work, you must award between $200 and
12  $30,000 for that work.

13  Other instructions will tell you what constitutes innocent infringement and
14  what constitutes willful infringement.

15  You have wide discretion in determining the amount of statutory damages,
16  constrained by the statutory minimum and maximum. Because statutory damages
17  serve both compensatory and punitive purposes, plaintiff can recover statutory
18  damages whether or not there is adequate evidence of the actual damage suffered
19  by plaintiff or the profits reaped by the defendant. There is no required nexus
20  between the amount of statutory damages awarded and any damages suffered by
21  plaintiff or any profits reaped by defendant.

22  The following is a non-exclusive list of factors relevant to the amount
23  of a statutory damages award within those ranges:

24

25

26

27

28

1.      The circumstances of the infringement.

2.      The total number of copyright infringements involved in this action.

3.      Whether the nature of Zazzle's business involved manufacturing, selling and/or distributing copyrighted works and the benefits defendant received from such actions;

4.      The revenues lost by the plaintiff as a result of the defendant's conduct;

5.      The infringer's state of mind—whether willful, knowing, or merely innocent;

6.      The value of the copyright;

7.      The deterrent effect on others besides the defendant;

8.      Whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and

9.      The potential for deterring the defendant.

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.     the defendant was not aware that its acts constituted infringement of the copyright; and

2.     the defendant had no reason to believe that its acts constituted an infringement of the copyright.

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

    1.     the defendant engaged in acts that infringed the copyright; and

    2.     the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

The following is a non-exclusive list of factors relevant to determining whether an infringement was willful:

1.     Whether the defendant was in the business of manufacturing, selling and/or distributing copyrighted works at the time of the infringement.

2.     Whether defendant had knowledge of copyright laws at the time of the infringement.

3.     Whether the defendant did anything to determine if the product was infringing, apart from relying upon the representations of the product's supplier.

4.     Whether the defendant had any procedures or policies to prevent the sale of infringing goods at the time of the infringement.

5.     Whether the defendant paid prices for the infringing products comparable to those it would have paid for non-infringing products.

1  When you begin your deliberations, you should elect one member of the jury as
2  your presiding juror. That person will preside over the deliberations and speak for
3  you here in court.

4

5        You will then discuss the case with your fellow jurors to reach agreement if
6  you can do so. Your verdict must be unanimous.

7

8        Each of you must decide the case for yourself, but you should do so only
9  after you have considered all of the evidence, discussed it fully with the other jurors,
10 and listened to the views of your fellow jurors.

11

12       Do not hesitate to change your opinion if the discussion persuades you that
13 you should. Do not come to a decision simply because other jurors think it is right.

14

15       It is important that you attempt to reach a unanimous verdict but, of course,
16 only if each of you can do so after having made your own conscientious decision. Do
17 not change an honest belief about the weight and effect of the evidence simply to
18 reach a verdict.

19

20

21

22

23

24

25

26

27

28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1   A verdict form has been prepared for you.  After you have reached unanimous
2   agreement on a verdict, your presiding juror will fill in the form that has been given
3   to you, sign and date it, and advise the court that you are ready to return to the
4   courtroom.