Timothy J. Halloran - 104498
   THalloran@mpbf.com
Keith G. Adams - 240497
   KAdams@mpbf.com
Dina M. Zagari - 278627
   DZagari@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA 90071
Telephone: (213) 327-3500
Facsimile: (213) 627-2445

Attorneys for Defendant
ZAZZLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAZZLE INC., a corporation, and DOES 1 TO 10,<br><br>        Defendants. | Case No.: 2:16-cv-04587<br><br>**DEFENDANT ZAZZLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO F.R.C.P. 50(B) AND/OR FOR AN AMENDED JUDGMENT PURSUANT TO F.R.C.P. 59(E)**<br><br>Complaint Filed: June 23, 2017<br>Trial Date: August 8, 2017<br>Judgment Date: August 10, 2017<br><br><u>Hearing</u><br>Date: October 16, 2017<br>Time: 1:30 p.m.<br>Place: First Street Courthouse<br>Courtroom: 10A |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1
II. BACKGROUND ....................................................................................................2
    A. The Evidence Presented at Trial ................................................................2
    B. The Jury Verdict ........................................................................................3
III. STANDARD OF REVIEW ....................................................................................4
IV. ARGUMENT ..........................................................................................................5
    A. Willfulness Requires Actual Knowledge, Recklessness, or Willful Blindness. ..................................................................................................5
    B. Zazzle's Conduct Was Neither Reckless Nor Willfully Blind. ................8
V. CONCLUSION .......................................................................................................8

# TABLE OF AUTHORITIES

Page

### CASES

*Acosta v. City of Costa Mesa*
 718 F.3d 800 (9th Cir. 2013)...................................................................................4

*Barnes v. Arden Mayfair, Inc.*
 759 F.2d 676 (9th Cir. 1985)...................................................................................4

*Central Office Telephone, Inc. v. American Telephone & Telegraph Co.*
 108 F.3d 981 (9th Cir. 1997)...................................................................................5

*Club 93, Inc. v. First Sec. Bank of Idaho, N.A.*
 178 F.3d 1299 (9th Cir. 1999).................................................................................4

*Danjaq LLC v. Sony Corp.*
 263 F.3d 942 (9th Cir. 2001)...................................................................................7

*Evergreen Safety Council v. RSA Network, Inc.*
 697 F.3d 1221 (9th Cir. 2012).............................................................................7, 8

*Friedman v. Live Nation Merch., Inc.*
 833 F.3d 1180 (9th Cir. 2016).............................................................................5, 6

*Glob.-Tech Appliances, Inc. v. SEB S.A.*
 563 U.S. 754 (2011) ................................................................................................6

*In re Barboza*
 545 F.3d 702 (9th Cir. 2008)...................................................................................6

*Johansen v. Combustion Eng'g*
 170 F.3d 1320 (11th Cir.1999)................................................................................5

*Lakeside-Scott v. Multnomah Cty.*
 556 F.3d 797 (9th Cir. 2009)...................................................................................4

*Landes Constr. Co. v. Royal Bank of Canada*
 833 F.2d 1365 (9th Cir. 1987).................................................................................4

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*
 658 F.3d 936 (9th Cir. 2011)...................................................................................5

*Martin v. Cal. Dept. of Veterans Affairs*
 560 F.3d 1042 (9th Cir. 2009).................................................................................4

*Nelson v. Equifax Info. Servs., LLC*
 522 F. Supp. 2d 1222 (C.D. Cal. 2007)...................................................................5

*Ostad v. Oregon Health Scis. Univ.*
 327 F.3d 876 (9th Cir. 2003)...................................................................................4

# TABLE OF AUTHORITIES

Page

*Oyarzo v. Tuolumne Fire Dist.*
  2014 WL 1757215, at *6 (E.D. Cal. Apr. 30, 2014)..................................................5

*Plumbers & Steamfitters Union v. Dillion*
  255 F.2d 820 (9th Cir. 1958)....................................................................................4

*SFH, Inc. v. Millard Refrigerated Services, Inc.*
  339 F.3d 738 (8th Cir. 2003)....................................................................................5

*Taylor Holland LLC v. MVMT Watches, Inc.*
  No. 2:15-cv-03578-SVW-JC, 2016 U.S. Dist. LEXIS 187379, at *27 (C.D. Cal. Aug. 11, 2016).............................................................................................................. 6, 8

*Tronzo v. Biomet, Inc.*
  236 F.3d 1342 (Fed. Cir. 2001)................................................................................5

*Unicolors, Inc. v. Urban Outfitters, Inc.*
  853 F.3d 980 (9th Cir. 2017)................................................................................ 5, 6

*Viacom Int'l, Inc. v. YouTube, Inc.*
  940 F. Supp. 2d 110 (S.D.N.Y. 2013).....................................................................7

*Video Views, Inc. v. Studio 21, Ltd.*
  925 F.2d 1010 (7th Cir. 1991)..................................................................................7

*Wash. Shoe Co. v. A–Z Sporting Goods Inc.*
  704 F.3d 668 (9th Cir. 2012).............................................................................. 5, 6

**STATUTES**

17 United States Code
  § 504(c)....................................................................................................................5

17 United States Code
  § 504(c)(2)...............................................................................................................8

## I. INTRODUCTION

Absent an affirmative finding of "willful" infringement, the Copyright Act limits statutory damages awards to a maximum of $30,000 per copyrighted work. To *willfully* infringe a copyright, the defendant must have had actual knowledge of the infringement or have acted with reckless disregard or willful blindness to the infringement. Here, no reasonable jury could have found on the evidence presented at trial that Defendant Zazzle Inc. ("Zazzle") *willfully* infringed any copyrights. The evidence presented at trial refuting willful infringement was uncontroverted:

- Zazzle had *no idea* that it was infringing the works at issue when it printed the accused products—or it would not have done so;
- The Zazzle employees who printed the accused designs only did so because *they believed the designs were authorized*;
- The third-party designers who gave these designs to Zazzle *contractually warranted that the designs were authorized*;
- Zazzle's employees *did not actually suspect* there was any reason to distrust the contractual promises of these third-party designers;
- Zazzle took precautions to *avoid infringing* any copyrights; and
- Zazzle *swiftly removed* every product that Plaintiff accused of infringement as soon as it was brought to Zazzle's attention.

Although Plaintiff argued that Zazzle could have done more to detect and avoid potential infringement, as a matter of law, Zazzle's alleged failure to take any one particular step that could have reduced the potential for infringement is not a sufficient basis for a finding of willful infringement.

Accordingly, pursuant to Rules 50(b) and 59(e) of the Federal Rules of Civil Procedure, Zazzle renews its motion made at trial for judgment as a matter of law on the question of willful infringement and respectfully requests that the judgment be amended to reduce to $30,000 the five damages awards that exceed this statutory limit for ordinary infringement.

## II. BACKGROUND

### A. The Evidence Presented at Trial

Plaintiff Greg Young Publishing, Inc. ("Plaintiff") brought this copyright infringement action against Zazzle, the operator of an online service that allows designers to upload their designs to the Zazzle website and sell hundreds of different products on which those designs can be printed. Dkt. 120 (Declaration of Keith Adams,[1] Ex. A) at 131:10-132:1. Plaintiff alleged that some of the designs uploaded by third-parties and printed onto products by Zazzle infringed 35 different copyrighted works owned by Plaintiff. The case was tried on August 8-9, 2017.

At trial, Plaintiff made no attempt to argue that Zazzle had actual knowledge that it was infringing the works at issue when it printed the accused products—because there was no such evidence. Nor did Plaintiff present any evidence to show that Zazzle intentionally turned a blind eye to the alleged infringement. To the contrary, the evidence presented at trial refuted any such accusations:

1. *Zazzle Had a Strict Policy Against Infringement*. Zazzle had an express policy against all infringing activity. *See, e.g.*, Dkt. 120 at 120:21-121:4. And there was no evidence presented of any attempt or desire to deviate from that policy.

2. *Users Contractually Warranted that Designs Were Authorized*. Zazzle enforced its no-infringement policy by requiring anyone signing up to use the Zazzle service to contractually promise that they would not upload any designs that infringed someone else's copyright. Dkt. 120 at 130:24-131:9. Zazzle further required its users to contractually warrant and verify that they had the right to use each individual image they uploaded to Zazzle before the image could be uploaded. Dkt. 120 at 120:21-121:4.

3. *Zazzle Employed a Large Team to Help Avoid Infringement*. Zazzle also enforced its no-infringement policy by employing between 30 and 50 people

---

[1] All transcripts and trial exhibits mentioned herein are attached to the declaration of Keith Adams for convenience.

specifically trained and tasked to help Zazzle avoid infringement and to enforce Zazzle's no-infringement policy. Dkt. 120 at 90:2-92:11; 102:14-102:25.

4. *<u>Zazzle Responded Swiftly to Remove Allegedly Infringing Products</u>*. Every time that Zazzle was notified of an allegedly infringing product, it removed that product from its website. In fact, Plaintiff conceded that every time it brought potential infringements to Zazzle's attention, Zazzle swiftly removed the alleged infringements. *See* Tr. Exs. 142-143, 144-145, 146-147, 148-151, 152-154, 159-160, 164; Dkt. 120 at 56:24-57:7, 85:18-20; *see also* Dkt. 120 at 56:24-57:7("[Q:] And every time you sent in notices, Zazzle took them down? [A:] That's correct."), 85:18-20 ("[Q:] Mr. Young, you had testified that Zazzle.com always took down your images when you gave them notice, correct? [A:] That's correct."). Zazzle's witness confirmed this testimony as well. Dkt. 120 at 132:2-132:14.

5. *<u>Zazzle Made a Special Effort to Search for and Remove Plaintiff's Works</u>*. At one point in time, Zazzle made a specific effort to try to remove all products that might potentially infringe Plaintiff's copyrights by using keyword searches to try to find those products and remove them. *See* Dkt. 120 at 20:21-21:12, 114:18-116:18; Tr. Exs. 143, 151. In response, Plaintiff thanked Zazzle "for all of [its] hard work in clearing off the infringements," and stated that it was "pleased with the response and the work you have done." Tr. Ex. 153.

**B.     The Jury Verdict**

After both sides rested at trial, Zazzle made an oral motion under Rule 50(a) for judgment as a matter of law on the question of willfulness. Dkt. 122. The Court did not rule on the motion and instead gave a willfulness instruction to the jury. Dkt. 131. The jury returned its verdict on August 9, awarding separate damages awards for each of the 35 copyrights at issue. Dkt. 129. The awards ranged from $200 to $66,800. Dkt. 129.[2] On Question #7 (CS37 – Visit Cuba), the jury awarded $36,000;

---

[2] The normal range of statutory damages is $750 to $30,000 per work infringed; "innocent" infringement can reduce the minimum to $200, and "willful" infringement can increase the maximum to $150,000. 17 U.S.C. § 504(c)(2).

- 3 -

1  on Question #10 (CS46 – San Francisco), the jury awarded $49,500; on Question #24
2  (CS78 – San Francisco), the jury awarded $65,000; on Question #27 (CS81 – Napa
3  Valley), the jury awarded $66,800; and on Question #31 (CS99 – Havana), the jury
4  awarded $42,400. Dkt. 129. The Court entered judgment on the verdict on August
5  10, 2017. Dkt. 123.

### III.   STANDARD OF REVIEW

Judgment as a matter of law pursuant to Rule 50(b) "should be granted if the evidence permits only one conclusion and that conclusion is contrary to the jury's verdict." *Martin v. Cal. Dept. of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009); *see also Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003). The central inquiry in a Rule 50(b) motion is whether there is "substantial evidence" to support the verdict. *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). Substantial evidence is present only if reasonable minds can accept the evidence as adequate to support the conclusion. *Id.*

The court should draw inferences in favor of the nonmoving party, but only if those inferences are "reasonable." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013). An inference is not reasonable if it is "supported by only threadbare conclusory statements instead of significant probative evidence." *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985)). And judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott,* 556 F.3d at 802.

Where identifiable sums included in the verdict should not have been included as a matter of law, the court may reduce the awarded damages. *See Plumbers & Steamfitters Union v. Dillion*, 255 F.2d 820, 824 (9th Cir. 1958). If the court reduces damages pursuant to a Rule 50 motion for judgment, it may do so unilaterally without offering the option of a new trial (remittitur). *See Club 93, Inc. v. First Sec. Bank of Idaho, N.A.,* 178 F.3d 1299 (9th Cir. 1999) (upholding reduction in damage award

without a new trial); *Central Office Telephone, Inc. v. American Telephone & Telegraph Co.*, 108 F.3d 981, 993 (9th Cir. 1997) (holding reduction in damages via a Rule 50 judgment was permissible) (*reversed on other grounds*).[3]

District courts can also alter or amend a judgment under Rule 59(e) due to "legal error." F.R.C.P. 59(e). "Rule 59(e) provides an efficient mechanism by which the trial court can correct otherwise erroneous judgment without implicating the appellate process." *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1237 (C.D. Cal. 2007). One valid ground for such a motion is where there is error in the calculation of damages. *Id.*; *see also SFH, Inc. v. Millard Refrigerated Services, Inc.*, 339 F.3d 738, 746 (8th Cir. 2003) (upholding correction of damages award).

## IV. ARGUMENT

### A. Willfulness Requires Actual Knowledge, Recklessness, or Willful Blindness.

A copyright owner can only recover damages in excess of $30,000 per infringed work if the infringement was "willful." 17 U.S.C. § 504(c). "The copyright owner has the burden of proving willfulness." *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016). To meet this elevated burden, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) (quoting *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012); citing *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011); *In re Barboza*, 545 F.3d 702, 707 (9th

---

[3] *See also Oyarzo v. Tuolumne Fire Dist.*, 2014 WL 1757215, at *6 (E.D. Cal. Apr. 30, 2014) (reducing damages without new trial where the reduction was for "an identifiable amount for which … damages could not be awarded"); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1350–51 (Fed. Cir. 2001) (holding modification of damages award pursuant to Rule 50 was not remittitur where "the court awarded the maximum damages possible"); *Johansen v. Combustion Eng'g*, 170 F.3d 1320, 1330–31 (11th Cir.1999) (holding that "the Seventh Amendment is not offended" when a reduction in a damages award is necessitated due to a legal error by the jury).

Cir. 2008)). The doctrines of recklessness and willful blindness are not unique to copyright law. A reckless defendant is one who engages in wrongdoing when he "knows of a substantial and unjustified risk of such wrongdoing." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769-70 (2011). "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.*

Pursuant to this standard, a copyright defendant may be liable for willful infringement if it fails to make any "attempt to check or inquire into" the copyright status of a design when it "has a general awareness" that the design might be unauthorized, *Unicolors, Inc.,* 853 F.3d at 991-992, or if the defendant uses "an approval process that never explicitly asks about copyrights at all," *Friedman*, *Inc.*, 833 F.3d at 1186, or if the defendant deliberately sells infringing products after receiving a cease-and-desist notice, *Wash. Shoe Co.*, 704 F.3d at 674.

But in contrast to such cases, there is no willful infringement as a matter of law where, as here, the defendant has relied on a third party's representation that the third party has the right to authorize the defendant to use the work and the defendant is aware of no facts to suspect infringement. *Taylor Holland LLC v. MVMT Watches, Inc.*, No. 2:15-cv-03578-SVW-JC, 2016 U.S. Dist. LEXIS 187379, at *27 (C.D. Cal. Aug. 11, 2016). In *Taylor Holland*, this Court determined that willful infringement could not be shown as a matter of law where a third party supplied the defendant with a copyrighted photograph and falsely represented that she had the right to authorize the defendant to use the image. Although the defendant could have uncovered the truth had it inquired and investigated the issue, there was "no other evidence that could lead a reasonable trier of fact to conclude that [the defendant] should have been suspicious about the origin or rights to the Photograph." *Id.* at *28. The Court recognized that a failure to act with "prudence" is "not the same as" "reckless disregard and willful blindness." *Id.* at *29 n.24. "Moreover," the Court found, the

fact that the defendant removed the image from its website as soon as it was notified of the infringement belied "a finding of willfulness." *Id.*

Even where a defendant receives a demand letter specifically identifying infringing content, continued use of the work is not willful infringement if the defendant "believes reasonably, and in good faith, that he or she is not infringing." *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012). Because the defendant in *Evergreen* had a reasonable belief that it had an express or implied license to the work and also believed that the use was non-infringing even without a license, as a matter of law the defendant "did not willfully infringe [plaintiff]'s copyright after its receipt of the demand letters." *Id.* at 1229; *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959 (9th Cir. 2001) ("[Nor] is there any evidence that [infringer] took a 'damn the torpedoes' approach and decided to gamble as to the ultimate determination of rights. Therefore, as a matter of law, [infringer's] conduct was not willful."); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020-21 (7th Cir. 1991) (no willful infringement even where defendant had received a cease and desist notice that it was showing plaintiff's copyrighted films where notice did not "specifically" identify two of the films at issue).

And with respect to online service providers like Zazzle that host large volumes of user-uploaded content, receiving a takedown request for a specific unauthorized copy of a copyrighted work does not without more impute an objective suspicion that other instances of that same work exist on the service and are likewise unauthorized. *Viacom Int'l, Inc. v. YouTube, Inc.*, 940 F. Supp. 2d 110, 116 (S.D.N.Y. 2013). "[W]illful blindness is not the same as an affirmative duty to monitor [the service for other instances of infringement]." *Id.* Absent a takedown notice from a copyright owner identifying specific infringing copy, the service provider has no way of knowing whether any particular copy is authorized or not. *Id.* at 116-117 (where defendant had "at most information that infringements were occurring with particular works, and occasional indications of promising areas to locate and remove them," but

not the "specific locations of infringements," then "[t]here is no showing of willful blindness to specific infringements").

### B. Zazzle's Conduct Was Neither Reckless Nor Willfully Blind.

Here, as in *Taylor Holland* and in *Evergreen*, there is insufficient evidence as a matter of law to support a finding that Zazzle willfully infringed the copyrights at issue. To the contrary, the undisputed evidence refutes any such suggestion because Zazzle went out of its way to avoid infringement by (1) adopting a strict no-infringement policy, (2) requiring its users to contractually warrant that each design was authorized for use by Zazzle, (3) employing a large team to help enforce its no-infringement policy, (4) responding expeditiously to every one of Plaintiff's takedown requests, and (5) making a special effort to try to locate and remove additional infringements from Plaintiff's catalogue. Indeed, Plaintiff thanked Zazzle "for all of [its] hard work in clearing off the infringements," and stated that it was "pleased with the response and the work you have done." Tr. Ex. 153.

On these facts, a finding of willful infringement against Zazzle cannot stand. No case supports a "willfulness" standard so low that a company who not only has an active anti-infringement policy, but who indisputably took action in response to every alleged infringement is deemed to have acted "recklessly" or been "willfully blind." This Court should not be the first to adopt such a standard. The Court should therefore enter judgment as a matter of law that any alleged infringement was not "willful." And the Court should accordingly reduce the five statutory damages awards that exceed the statutory maximum for non-willful infringement to no more than $30,000 each pursuant to 17 U.S.C. § 504(c)(2).

### V. CONCLUSION

Judgment as a matter of law should be entered on the issue of willfulness pursuant to Rule 50, and the judgment amended under Rule 59(e), to reduce any jury award of statutory damages over $30,000 to the $30,000 maximum for non-willful infringement.

1  DATED: September 7, 2017     MURPHY, PEARSON, BRADLEY & FEENEY

                                By _____
                                    Keith G. Adams
                                    Attorneys for Defendant
                                    ZAZZLE INC.