UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case Nos. | 2:16-CV-04587-SVW-KS | Date | October 27, 2017 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | Page | 1 of 5 |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

Paul Cruz
Deputy Clerk

NOT REPORTED
Court Reporter

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings**: ORDER REGARDING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [141]

I. **INTRODUCTION**

Absent an affirmative finding of "willful" infringement, the Copyright Act limits statutory damages awards to a maximum of $30,000 per copyrighted work. To willfully infringe a copyright, the defendant must have had actual knowledge of the infringement or have acted with reckless disregard or willful blindness. Here, no reasonable jury could have found on the evidence presented at trial that Defendant Zazzle Inc. ("Zazzle") *willfully* infringed any copyrights. Although Plaintiff argued that Zazzle could have done more to detect and avoid potential infringement, as a matter of law, Zazzle's failure to take any of these particular steps is not a sufficient basis for a finding of willful infringement. Accordingly, the Court GRANTS Defendant's renewed motion for judgment as a matter of law on the question of willful infringement and reduces the judgment to $30,000 for each of the five images that exceeds the statutory limit for ordinary infringement.

II. **BACKGROUND**

Plaintiff Greg Young Publishing, Inc. ("Plaintiff") brought this copyright infringement action against Zazzle, the operator of an online service that allows designers to upload their designs to the Zazzle website and sell products on which those designs can be printed. Dkt. 120 (Declaration of Keith Adams,1 Ex. A) at 131:10-132:1. Plaintiff alleged that some of the designs

uploaded by third-parties and printed onto products by Zazzle infringed 35 different copyrighted works owned by Plaintiff. The case was tried on August 8-9, 2017.

*The Trial*

At trial, Plaintiff did not argue that Zazzle had actual knowledge that it was infringing the works at issue. Nor did Plaintiff present any evidence to show that ignored any infringement. The testimony was as follows.

Zazzle had an express policy against infringing activity. *See*, e.g., Dkt. 120 at 120:21-121:4. Plaintiff presented no evidence of deviation from that policy. Zazzle this policy by requiring anyone uding the Zazzle service to contractually promise that they would not upload any infringing designs. Dkt. 120 at 130:24-131:9. Zazzle also required its users to contractually warrant and verify that they had the right to use each individual image. Dkt. 120 at 120:21-121:4. Zazzle also employed 30 and 50 people to help Zazzle enforce its policy. Dkt. 120 at 90:2-92:11; 102:14-102:25.

Evidence at trial showed that every time that Zazzle was notified of an alleged infringement, it removed that product from its website. Plaintiff agreed that every time it brought potential infringements to Zazzle's attention, Zazzle swiftly removed the alleged infringements. See Tr. Exs. 142-143, 144-145, 146-147, 148-151, 152-154, 159-160, 164; Dkt. 120 at 56:24-57:7, 85:18-20; see also Dkt. 120 at 56:24-57:7("[Q:] And every time you sent in notices, Zazzle took them down? [A:] That's correct."), 85:18-20 ("[Q:] Mr. Young, you had testified that Zazzle.com always took down your images when you gave them notice, correct? [A:] That's correct."). Zazzle's witness confirmed this testimony as well. Dkt. 120 at 132:2-132:14.

At one point in time, Zazzle made a specific effort to try to remove all products that might potentially infringe Plaintiff's copyrights by using keyword searches to try to find those products and remove them. See Dkt. 120 at 20:21-21:12, 114:18-116:18; Tr. Exs. 143, 151. In response, Plaintiff thanked Zazzle "for all of [its] hard work in clearing off the infringements," and stated that it was "pleased with the response and the work you have done." Tr. Ex. 153. Plaintiff's ongoing concern was that other third-party users continued to upload its images to Zazzle and Zazzle did not proactively takedown the images. Plaintiff showed that it had to continue sending takedown notices to combat these new images.

*The Jury Verdict*

After both sides rested at trial, Zazzle made an oral motion under Rule 50(a) for judgment as a matter of law on the question of willfulness. Dkt. 122. The Court did not rule on the motion and instead gave a willfulness instruction to the jury. Dkt. 131. The jury returned its verdict on August 9, awarding separate damages awards for each of the 35 copyrights at issue. Dkt. 129. The awards ranged from $200 to $66,800. Dkt. 129. The normal range of statutory damages is $750 to $30,000 per work infringed; "innocent" infringement can reduce the minimum to $200, and "willful" infringement can increase the maximum to $150,000. 17 U.S.C. § 504(c)(2). For this motion, Zazzle is concerned about five specific awards: On Question #7 (CS37 – Visit Cuba), the jury awarded $36,000; on Question #10 (CS46 – San Francisco), the jury awarded $49,500; on Question #24 (CS78 – San Francisco), the jury awarded $65,000; on Question #27

(CS81 – Napa Valley), the jury awarded $66,800; and on Question #31 (CS99 – Havana), the jury awarded $42,400. Dkt. 129. The Court entered judgment on the verdict on August 10, 2017. Dkt. 123.

III. **ANALYSIS**
    a. **Standard of Review**

Judgment as a matter of law pursuant to Rule 50(b) "should be granted if the evidence permits only one conclusion and that conclusion is contrary to the jury's verdict." *Martin v. Cal. Dept. of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009); *see also Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003). The central inquiry in a Rule 50(b) motion is whether there is "substantial evidence" to support the verdict. *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). Substantial evidence is present only if reasonable minds can accept the evidence as adequate to support the conclusion. *Id*.

The court should draw inferences in favor of the nonmoving party, but only if those inferences are "reasonable." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013). An inference is not reasonable if it is "supported by only threadbare conclusory statements instead of significant probative evidence." *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985)). And judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott*, 556 F.3d at 802.

Where identifiable sums included in the verdict should not have been included as a matter of law, the court may reduce the awarded damages. *See Plumbers & Steamfitters Union v. Dillion*, 255 F.2d 820, 824 (9th Cir. 1958). If the court reduces damages pursuant to a Rule 50 motion for judgment, it may do so unilaterally without offering the option of a new trial (remittitur). *See Club 93, Inc. v. First Sec. Bank of Idaho, N.A.*, 178 F.3d 1299 (9th Cir. 1999) (upholding reduction in damage award without a new trial).

    b. **Willfulness Requires Actual Knowledge, Recklessness, or Willful Blindness**

A copyright owner can only recover damages in excess of $30,000 per infringed work if the infringement was "willful." 17 U.S.C. § 504(c). "The copyright owner has the burden of proving willfulness." *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016). As set forth in a series of recent Ninth Circuit decisions in a variety of copyright contexts, "willful infringement does not require … actual knowledge; a showing of recklessness or willful blindness is sufficient." *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017).[1] Pursuant to this standard, a copyright defendant may be liable for willful infringement if it fails to make any "attempt to check or inquire into" the copyright status of a design when it "has a general awareness" that the design might be unauthorized, *Unicolors, Inc.*, 853 F.3d at 991-992, or if the defendant uses "an approval process that never explicitly asks

---

[1] GYPI does not argue that Zazzle "as a matter of policy" failed to investigate infringement. GYPI's argument as to *Unicolors* is that Zazzle did not "meaningfully" check into copyrights. Dkt. 150 at 17:7-24. The insertion of "meaningfully" ignores the actual reasoning of *Unicolors*, which concerned a company that did not attempt ***any*** investigation even though infringement was obviously likely. Plaintiffs made no allegation or showing of fact at trial that Zazzle's conduct met that standard.

about copyrights at all," *Friedman, Inc.*, 833 F.3d at 1186, or if the defendant deliberately sells infringing products after receiving a cease-and-desist notice. *Wash. Shoe Co.*, 704 F.3d at 674.

But in contrast to these cases, willful infringement does not exist as a matter of law where, as here, the defendant relies on a third party's representation that the third party can authorize the defendant to use the work and the defendant is aware of no facts to suspect infringement. *Taylor Holland LLC v. MVMT Watches, Inc.*, No. 2:15-cv-03578-SVW-JC, 2016 U.S. Dist. LEXIS 187379, at *27 (C.D. Cal. Aug. 11, 2016). In *Taylor Holland*, this Court determined that willful infringement could not be shown as a matter of law where a third party supplied the defendant with a copyrighted photograph and falsely represented that she had the right to authorize the defendant to use the image.[2] The Court recognized that a failure to act with "prudence" is "not the same as" "reckless disregard and willful blindness." *Id*. at *29 n.24.

And with respect to online service providers that host large volumes of user-uploaded content, receiving a takedown request for a specific unauthorized copy of a copyrighted work does not, without more, impute an objective suspicion that other instances of that same work exist on the service and are likewise unauthorized. *Viacom Int'l, Inc. v. YouTube, Inc*., 940 F. Supp. 2d 110, 116 (S.D.N.Y. 2013). "[W]illful blindness is not the same as an affirmative duty to monitor [the service for other instances of infringement]." *Id*. Absent a takedown notice from a copyright owner identifying specific infringing copy, the service provider cannot know whether every particular copy is authorized or not. *Id*. at 116-117 (where defendant had "at most information that infringements were occurring with particular works, and occasional indications of promising areas to locate and remove them," but not the "specific locations of infringements," then "[t]here is no showing of willful blindness to specific infringements").

   c. **Zazzle's Conduct Was Neither Reckless Nor Willfully Blind**

Here, as in *Taylor Holland* and in *Evergreen*, there is insufficient evidence as a matter of law to support a finding that Zazzle willfully infringed the copyrights at issue. To the contrary, the undisputed trial evidence refutes any such suggestion because Zazzle (1) adopted a policy against copyright infringement, (2) required its users to contractually warrant that each design's use was authorized, (3) employed a large team to help enforce its policy, (4) responded to every one of Plaintiff's takedown requests, and (5) made an effort to try to locate and remove additional infringements from Plaintiff's catalogue.

Plaintiff argues that its non-exclusive willfulness factors—taken from the jury instructions—support a finding of willfulness by the jury. Zazzle does not dispute the instructions themselves. Zazzle argues that Plaintiff did not produce the requisite evidence during trial to meet those factors. Under Ninth Circuit law, simply selling copyrighted works is not enough to find willfulness, contrary to Plaintiff's assertion. The instruction included whether defendant "did anything to determine if the product was infringing, apart from relying upon the representations of the product's supplier." Dkt. 131 at 22:14-15. Plaintiff never addressed the undisputed testimony that Zazzle would reach out for additional information where it doubted the uploaders had the relevant rights. Dkt. 120 at 121:5-121:14, 134:5-10. The instruction

---

[2] The Court continues that lthough the defendant could have uncovered the truth had it inquired and investigated the issue, there was "no other evidence that could lead a reasonable trier of fact to conclude that [the defendant] should have been suspicious about the origin or rights to the Photograph." Id. at *28

included whether defendant "had any procedures or policies to prevent the sale of infringing goods." Dkt. 131 at 22:16-17. Plaintiff acknowledges that there were policies in place, even though the policies may not have flagged every new instance of copyright infringement on the platform. Even in the light most favorable to Plaintiff, Zazzle's conduct was not "so unreasonable as to constitute reckless disregard." *Island Software & Computer Serv.*, 413 F.3d at 264.

Drawing reasonable inferences in Planitiff's favor, Zazzle's conduct cannot be considered reckless or willfully blind. Whenever Plaintiff gave Zazzle notice of infringement, Zazzle responded. Planitiff's closing arguments acknowledged Zazzle had a working anti-infringement system. Dkt. 147 at 116:8-11 ("[GYPI is] asking you to get Zazzle to do a better job.") While that system admittedly could not address future infringement, it did have the ability to remove infringing material upon receipt of a takedown notice. And the Ninth Circuit does not set the willfulness bar so low that it requires active monitoring for infringement in the online platform context.

Even in the light most favorable to Planitiff, the undisputed facts do not show recklessness. Zazzle indisputably reviewed product orders and employed dozens of people to combat infringement. Nor was there evidence to support "willful blindness." Plaintiff elicited no testimony that Zazzle "believed that there is a high probability" of infringement of Plaintiff's copyrights, and Plaintiff showed no "deliberate actions" by Zazzle "to avoid learning" about infringement. *Glob.-Tech Appliances, Inc.*, 563 U.S. at 769–70. Both elements are required; Plaintiff showed neither at trial.

No caselaw supports a willfulness standard so low that a company with an active anti-infringement policy that took action against any alleged infringement—albeit upon receiving notice—is deemed to have acted recklessly or been willfully blind. This Court enters judgment as a matter of law that any infringement found by the jury was not "willful."

## IV. CONCLUSION

This Court GRANTS Defendant Zazzle's renewed motion for judgment as a matter of law and accordingly reduces the five statutory damages awards that exceed the statutory maximum for non-willful infringement to $30,000 each pursuant to 17 U.S.C. § 504(c)(2).