

FILED
CLERK, U.S. DISTRICT COURT
OCT 27 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZAZZLE, INC., a corporation, and DOES 1 to 10<br><br>Defendants. | Case No. 2:16-cv-04587-SVW-KS<br><br>[PROPOSED] PERMANENT INJUNCTION<br><br>Judge: Hon Stephen V. Wilson<br>Date: October 16, 2017<br>Time: 1:30 p.m.<br>Courtroom: 10A |

1   The court has considered Plaintiff's motion for equitable relief and Defendant's
2   opposition thereto. For good cause appearing, it is therefore ORDERED, ADJUDGED,
3   and DECREED that:
4       1.      Pursuant to 17 U.S.C. §502, Defendant ZAZZLE INC. (and Defendant's
5   officers, agents, directors, employees, and those acting in privity or in concert with them)
6   are permanently enjoined from infringing any of the exclusive rights in 17 U.S.C. §106
7   with respect to Plaintiff's copyrighted works identified on the joint trial exhibit list
8   (**Exhibit A** hereto) ~~and other copyrighted works owned by Plaintiff (**Exhibit B** hereto).~~
9   ~~Plaintiff may supplement and update the copyrighted works identified in **Exhibit B** by~~
10  ~~filing and serving via CM/ECF a Supplement~~ identifying additional copyrighted works
11  ~~owned by Plaintiff. The copyrighted works~~ identified in **Exhibit A**, ~~**Exhibit B** or any~~
12  ~~Supplement thereto are~~ collectively referred to as "Copyrighted Works."
13          a.      To the extent that an act of reproducing, copying, creating derivative
14  works, distributing, or displaying takes place in the United States, it may violate 17
15  U.S.C. § 106, subject to the generally applicable requirements and defenses of the
16  Copyright Act.
17          b.      Defendant shall not be in violation of this permanent injunction as to
18  any alleged infringing image not identified in the Copyrighted Works.
19          c.      Defendant ~~shall not be in violation of this permanent injunction~~ with
20  respect ~~to an alleged infringing~~ image if Defendant ~~establishes that Defendant~~ conducted a
21  reverse image search ~~(using reverse image search software~~ at least as accurate as the
22  image search function available at ~~https://tineye.com/), but the reverse image search~~ did
23  ~~not identify that alleged infringing image. Plaintiff will provide digital images of~~ the
24  ~~Copyrighted Works to Defendant to~~ conduct the reverse image search.
25      2.      Pursuant to 17 U.S.C. §§502 and 503, the court orders the impounding and
26  destruction of all copies of the Copyrighted Works in Defendant's possession, custody or
27  control.
28          a.      ~~Defendant shall conduct a reverse image search (using reverse~~ image

1

search software at least as accurate as the image search function available at https://tineye.com/) of the original images described by its Chief Technology Officer, Robert Beaver III, (Beaver Depo., at 15:22-24 and 17:1-4[1]) for each of the Copyrighted Works. Plaintiff will provide digital images of the Copyrighted Works to Defendant to conduct the reverse image search.

   b. Defendant shall provide a report to Plaintiff's counsel describing the search process and identifying each Copyrighted Works image and each original image(s) located by such reverse image search along with a copy of the original image file.

   c. Plaintiff's counsel will then identify any original image(s) that should be permanently removed.

   d. Defendant will then provide a declaration that it removed any original image(s) identified by Plaintiff's counsel and that it removed any images derived therefrom, including images for virtual and physical products.

   3. Violation of this permanent injunction shall expose the Defendant, and all others properly bound by it, to all applicable penalties, including for contempt of Court. In issuing the injunction, the Court is cognizant that "[t]he fact that absolutely perfect compliance is unattainable does not of itself preclude an injunction." *Withrow v. Concannon*, 942 F.2d 1385, 1388 (9th Cir. 1991). "If a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvert[e]nt violations of the order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citation omitted). Ultimately, Defendant has the option — and the burden — of deciding how it will comply with the following injunction. *Triad Systems Corp. v. Southeastern Exp. Co.*, 64 F.3d 1330, 1337 (9th Cir. 1995) ("Putting this burden on Southeastern is appropriate because Southeastern is the

---

[1] "Zazzle systems saves the images as they were uploaded to us in original form and it retains all of that original file data." Beaver Depo., at 15:22-24.

"Per my earlier answer, we retain all of the original file information that's provided to us. So to the extent EXIF or any other metadata formats are included in the file, that's what we retain." Beaver Depo., at 17:1-4.

infringer."), *overruled on other grounds by Gonzales v. Texaco Inc.*, 344 Fed. Appx. 304, 306 (9th Cir. 2009).

4. Nothing in this permanent injunction shall limit the right of Plaintiff to seek to recover damages under 17 U.S.C. §504, or costs, including attorneys' fees, under 17 U.S.C. §505.

5. The Court shall maintain jurisdiction over this action for the purposes of enforcing this Permanent Injunction and for amending the injunction in response to future changes in the law or factual circumstances. See *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 518 F. Supp. 2d 1197, 1239-40 (C.D. Cal. 2007) (collecting cases).

6. Any party can move the Court to modify the injunction to reflect new developments. *MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1236 (C.D. Cal. Oct. 16, 2007) ("Thus, if it is ultimately possible to filter Plaintiffs' copyrighted works with 100% effectiveness, the Court can consider modifying the injunction to reflect this new development.").

Dated: 1/26/17

Hon. Stephen V. Wilson