LAW OFFICE OF JEFFREY S. YOUNG
Jeffrey S. Young (172016)
Jacob P. Ainciart (313588)
1307 State Street, 1ˢᵗ Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel.:  805-884-0338

LAW OFFICES OF DARREN J. QUINN (149679)
Darren J. Quinn (149679)
12702 Via Cortina, Suite 105
San Diego, CA  92014
Tel.:  858-509-9401
dq@dqlaw.com

*Additional Counsel Listed on Signature Block*

*Attorneys for Plaintiff Greg Young Publishing, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZAZZLE INC., a California Corporation, and DOES 1-50,<br><br>　　　　Defendants. | CASE NO.: 2:16-CV-04587 SVW (KSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND FULL COSTS**<br><br>Judge:　　Hon Stephen V. Wilson<br><br>Date:　　January 8, 2018<br><br>Time:　　1:30 p.m.<br><br>Courtroom: 10A |

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   THE COURT SHOULD AWARD PLAINTIFF REASONABLE
      ATTORNEY FEES UNDER §505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The Non-Exclusive Factors Support An Award Of Attorney Fees To
            Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            1.    Degree of Success Obtained . . . . . . . . . . . . . . . . . . . . . . . . . 4

            2.    Frivolousness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            3.    Objective Reasonableness of Factual And Legal Arguments
                  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            4.    Motivation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            5.    Need For Compensation and Deterrence . . . . . . . . . . . . . . . 6

      B.    Plaintiff's Fee Request Is Reasonable. . . . . . . . . . . . . . . . . . . . . . . . 7

            1.    Reasonableness Of The Hourly Rates. . . . . . . . . . . . . . . . . . 7

                  a.    The Rates Sought Are Below The 2016-2017 Locality
                        Adjusted *Laffey* Matrix
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                  b.    Attorney Fee Expert Declaration Of Richard Pearl In A
                        2017 Central District Case Copyright and Trademark
                        Infringement Case
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                  c.    Other Recent Central District Court Opinions
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

                  d.    Declarations Supporting The Reasonable Rates
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                  e.    The Hourly Rates In Plaintiff's Counsel's Fee
                        Agreements Are Not Determinative Of A "Reasonable Rate"
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

            2.    Reasonableness of Hours Spent . . . . . . . . . . . . . . . . . . . . . . 17

                  a.    Pre-July 25, 2017 Lodestar
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

                  b.    Total Lodestar
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

            3.    Estimated Future Hours. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

III.  THE COURT SHOULD AWARD PLAINTIFF REASONABLE

ATTORNEY FEES UNDER §505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    A.     Any Costs Disallowed On Bill of Costs . . . . . . . . . . . . . . . . . . . . . . 20

    B.     Deposition and Trial Travel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    C.     Lodging And Parking for Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    D.     Lexis Legal Research Changes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IV.     Prejudgment Interest on Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Plaintiff, Greg Young Publishing, Inc. ("GYPI"), respectfully submits this memorandum in support of attorney fees and "full costs" under 17 U.S.C. §505.

## I.   INTRODUCTION

Plaintiff seeks an award of reasonable attorney fees and "full costs" under 17 U.S.C. §505 ("§505").   The Supreme Court explained "'copyright law ultimately serves the purpose of enriching the general public through access to creative works.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016) *quoting Fogerty v. Fantasy, Inc.*, 510 U. S. 517, 527 (1994). *See also* U. S. Const., Art. I, §8, cl. 8 ("To promote the Progress of Science and useful Arts").   "Accordingly, fee awards under §505 should encourage the types of lawsuits that promote those purposes." *Kirtsaeng.*, 136 S. Ct. at 1986.

Plaintiff obtained a jury verdict of $351,100 based upon defendant's infringement of thirty-five (35) different works. [Dkt. 123 (Judgment) and Dkt 159 (Order re: non-willful)] Plaintiff also obtained a permanent injunction.  [Dkt. 160]

As explained in §II.A, plaintiff is entitled to reasonable attorney fees under §505.  An award of attorney fees is supported by the five non-exclusive factors of: (1) degree of success obtained; (2) frivolousness; (3) objective reasonableness of factual and legal arguments; (4) motivation; and (5) need for compensation and deterrence.

As discussed in §II.B, plaintiff's fee request is reasonable.  Plaintiff's requested rates are very reasonable (and below market). *See* §II.B.1.  Plaintiff's hours are also reasonable and well supported.  *See* §II.B.2.  Plaintiff's counsel have estimated hours for future tasks but will supplement to provide exact amounts prior to any opinion on this motion. *See* II.B.3.

As discussed in §III, plaintiff seeks "full costs" under §505.   These are essentially non-taxable costs that are normally billed, such as travel and computerized legal research.

Finally, as discussed in §IV, plaintiff seeks an award of prejudgment interest pursuant to 28 U.S.C. §1961.

## II. THE COURT SHOULD AWARD PLAINTIFF REASONABLE ATTORNEY FEES UNDER §505

The Copyright Act provides, in part: "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505. Our Supreme Court established several principles and criteria to guide the award of attorney fees under §505.

"The statutory language, . . . 'clearly connotes discretion,' and eschews any 'precise rule or formula' for awarding fees." *Kirtsaeng*, 136 S. Ct. at 1985 *quoting Fogerty*, 510 U. S. at 534..

"[A] district court may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." *Kirstaeng*, 136 S. Ct. at 1985 *quoting Fogerty*, 510 U. S. 533.

"[A] court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Kirstaeng*, 136 S. Ct. at 1985 *quoting Fogerty*, 510 U. S. 534.

The Supreme Court "noted with approval 'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Kirstaeng*, 136 S. Ct. at 1985 *quoting Fogerty*, 510 U. S. 534, n. 19.

"'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty*, 510 U.S.534 *quoting Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably

expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. 424, 435 (1983).

### A. The Non-Exclusive Factors Support An Award Of Attorney Fees To Plaintiff

Following the Supreme Court, the Ninth Circuit has held: "'In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence.'" *VMG Salsoul, Ltd. Liab. Co. v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016) *quoting Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).

These factors are "not exclusive and need not all be met." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). *See also Althouse v. Warner Bros. Entm't*, 2014 U.S. Dist. LEXIS 194872, at *4 (C.D. Cal. June 17, 2014) ("This list is not exhaustive, and not every factor must be met in order to grant an award of fees and costs.") Although all factors need not be met, all factors support an award of attorney fees to plaintiff as discussed below.

### 1. Degree of Success Obtained

Plaintiff obtained near complete success on its claims for copyright infringement of thirty-five (35) registered copyrights for paintings by Kerne Erickson.

On Zazzle's motion for summary judgment, the court denied summary judgment as to the Erickson works and ruled plaintiff "may elect to pursue statutory damages and attorney's fees." [Dkt 81 (SJ Order), at 10][1]

On plaintiff's motion for summary judgment on Zazzle's affirmative defense under 17 U.S.C. 512(c), the court rules: "To the extent it manufactured and sold

---

[1]  The court did grant partial summary judgment for Zazzle as to plaintiff's claims based upon Westmoreland works.  [Dkt 81 (SJ Order), at 10] No attorney fees are sought as to attorney time solely attributable to Westmoreland works.  J. Young Decl., ¶20, Ainciart Decl., ¶16, Aquilino Decl., ¶23.

physical products bearing infringing images, Zazzle is not protected under 17 U.S.C. § 512(c)." [Dkt 81 (SJ Order), at 10]

At trial, plaintiff prevailed completely. The jury found infringement and awarded $460,800 statutory damages on all thirty-five (35) copyrighted works submitted to the jury for determination. [Dkt. 129 (Verdict)]

After jury trial, plaintiff filed a motion for post-trial equitable relief, and the court granted a Permanent Injunction. [Dkt. 160 (Permanent Injunction)]

After jury trial, Zazzle successfully renewed its motion for judgment as to "willfulness" statutory damages as to five works. Although the court granted Zazzle's motion, plaintiff still obtained the maximum non-willful statutory damages of $30,000 for each of those five works. [Dkt 159 (Order), at 5] Thus, the jury's award was reduced from $460,800 to $351,100.

Thus, the "degree of success" factor strongly supports an award of attorney fees to plaintiff.

### 2.    Frivolousness

Because plaintiff prevailed completely at trial as to all 35 copyrighted works at issue, plaintiff's copyright claim is not frivolous as a matter of law.   *Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, 2017 U.S. Dist. LEXIS 112576, at *8 (C.D. Cal. Jan. 27, 2017) ("Plaintiff's suit is obviously not frivolous since it prevails on the merits.")

### 3.    Objective Reasonableness of Factual And Legal Arguments

Similarly, because plaintiff prevailed completely at trial as to all 35 copyrighted works at issue, the objective reasonableness of plaintiff's factual and legal arguments is also established.   [Dkt. 129 (Verdict)]

### 4.    Motivation

Plaintiff's motivation in bringing suit was to protect its copyrights, prevent Zazzle's infringement, and prevent damage to plaintiff's relationships with its licensors. G. Young Decl., ¶3.  *See Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, 2017

U.S. Dist. LEXIS 112576, at *8-9 (C.D. Cal. Jan. 27, 2017) ("Plaintiff's motivation in bringing the suit is its desire to protect its copyright — action consistent with a purpose of the Copyright Act."); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074-75 (D. Ariz. 2006) ("Film Corp.'s motivation is pursuing this litigation is to protect its copyrights which is one of the objectives of the Copyright Act.").

Plaintiff's motivation in bringing suit was also to support artists enriching the general public with new copyrighted works. G. Young Decl., ¶4.  *See Kirtsaeng*, 136 S. Ct. at 1986 ("'copyright law ultimately serves the purpose of enriching the general public through access to creative works.'") (*quoting Fogerty*, 510 U. S. at 527).

Plaintiff's motivation in bringing this lawsuit was also to deter Zazzle from infringing copyrights in the future.  Plaintiff sent seven written infringement notices before filing this lawsuit.  *See* Trial Exs. 142, 144, 146, 148, 149, 154 and 155. G. Young Decl., ¶5.

### 5.   Need For Compensation and Deterrence

An award of attorney fees will further the dual goals of compensating plaintiff and deterring defendant's conduct.  *See Roach v. Tate Publ'g & Enters.*, 2017 U.S. Dist. LEXIS 182884, at *20 (E.D. Cal. Nov. 2, 2017) ("fees would account for the dual goal of compensating Plaintiff and deterring Defendants' conduct");  *Oracle United States, Inc. v. Rimini St.*, 209 F. Supp. 3d 1200, 1215 (D. Nev. 2016) ("court finds that an award of attorneys' fees is appropriate to deter defendant Rimini from its pattern of infringing Oracle's copyrights, which started when the business began and continued until the middle of this litigation."); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1075 (D. Ariz. 2006) ("An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations.").

"The holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small.. ." *Kirtsaeng*, 136

S. Ct. at 1986. *See also Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) ("we are particularly concerned that the small award for damages in this case is insufficient to deter future copyright infringements such as the one at issue here"). In *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002), the Seventh Circuit explains that the smaller the damages, the stronger the case for attorney fees.

> No one can prosecute a copyright suit for $ 3,000. The effect of the district court's decision if universalized would be to allow minor infringements, though willful, to be committed with impunity, to be in effect privileged, immune from legal address. ***The smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees***.

*Id*. (emphasis added).

Thus, the need for compensation and deterrence is particularly important here because plaintiff's attorney fees required to litigate its copyright claims exceeded plaintiff's recovery of damages or profits under 17 U.S.C. §504.

## B.   Plaintiff's Fee Request Is Reasonable

The Copyright Act provides for awarding "a reasonable attorney's fee. . .." 17 U.S.C. §505.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id*. at 437.

### 1.   Reasonableness Of The Hourly Rates

"The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016) *quoting Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-1211 (9th Cir. 1986) (*citing Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

"The lodestar should be computed using an hourly rate that reflects the

prevailing rate as of the date of the fee request. . . ."  *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016).

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'"  *Hiken*, 836 F.3d at 1044 *quoting Chalmers*, 796 F.2d at 1211(*citing Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

"The burden is on the fee applicant to produce evidence 'that the requested rates are in line with those prevailing in the community.'"  *Hiken*, 836 F.3d at 1044 *quoting Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks omitted) (*quoting Blum*, 465 U.S. at 895 n.11).

"In general, '[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.'"  *Hiken*, 836 F.3d at 1044 *quoting United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

As discussed below, the reasonable hourly rates sought by plaintiff's counsel appear to be ***below*** the prevailing market rate for other lawyers practicing in the Central District of California with similar experience and skill.  The rates sought are approximately $30/hour ***below*** the persuasive (but non-binding) 2016-2017 locality adjusted *Laffey* Matrix.  The rates sought are also ***materially below*** the rates  recently opined on by a prominent attorney fee expert in another case involving copyright and trademark infringement issues.  The rates sought are also ***below*** the rates awarded by other Central District Court judges.  Plaintiff's attorneys' declarations, as well as declarations of other attorneys who practice in the Central District, also support the following requested rates:

| Attorney/Paralegal | Education | Admitted | Years | Rate |
|---|---|---|---|---|
| Darren Quinn | University of San Diego School of Law | 1990 | 26 | $565 |
| Jeffrey Young | Santa Barbara College of Law | 1994 | 23 | $525 |
| Jason Aquilino | George Washington University | 2002 | 15 | $475 |
| Jacob Ainciart | American University College of Law | 2016 | 1 | $285 |
| Patricia McWilliams | University of Missouri-Columbia, B.S. Ed., M. Ed., Ph.D (School Administration and Law) 1979 | N/A | 8+ | $150 |

### a. The Rates Sought Are Below The 2016-2017 Locality Adjusted *Laffey* Matrix

"A widely recognized compilation of attorney and paralegal rate data is the so-called *Laffey* matrix, so named because of the case that generated the index." *In re Chiron Corp. Sec. Litig.*, No. C-04-4293 VRW, 2007 U.S. Dist. LEXIS 91140, at *18-19 (N.D. Cal. Nov. 30, 2007) *citing Laffey v Northwest Airlines, Inc*, 572 F Supp 354 (DDC 1983), *aff'd in part, rev'd in part on other grounds*, 241 U.S. App. D.C. 11, 746 F2d 4 (DC Cir 1984).

"The *Laffey* Matrix is a 'widely recognized compilation of attorney and paralegal rate data' that is used in the District of Columbia." *Langer v. Dodaiton, Inc.*, 2015 U.S. Dist. LEXIS 64805, n. 53 (C.D. Cal. 2015) *quoting In re Chiron Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91140 at *18-19. "'The *Laffey* [M]atrix is especially useful when the work to be evaluated consists of that by a mix of senior, junior and mid-level attorneys, as well as paralegals.'" *Id. quoting In re Chiron Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91140 at *19.

"'The *Laffey* [M]atrix has been regularly prepared and updated by the Civil Division of the United States Attorney's Office for the District of Columbia and used in fee shifting cases, among others.'" *Id. quoting In re Chiron Corp. Sec. Litig.*, 2007

U.S. Dist. LEXIS 91140 at *19.  The *Laffey* Matrix for 2017-2018 is available at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_4.html. *See Young v. Polo Retail, LLC*, 2007 U.S. Dist. LEXIS 27269, at *20 (N.D. Cal. Mar. 28, 2007) (quoting website link).

The *Laffey* Matrix can be adjusted to account for locality differences between the District of Columbia and Los Angeles.  "To calculate the adjusted rate, the court has multiplied the original rate by the percentage increase, and added that amount to the original rate. (Citations). . . (See Judicial Salary Plan Pay Rates, http://www.uscourts.gov/Careers/Compensation/JudiciarySalaryPlanPayRates.aspx.)" *Langer*, 2015 U.S. Dist. LEXIS 64805, at *37 n.55.  Adjusting for the Los Angeles locality (29.65%) from the standard District of Columbia locality (27.10%) federal judicial rates (and highlighting the relevant experience levels at issue on this motion), the Los Angeles adjusted *Laffey* rates (29.65%/27.1%) are:

| Experience | Laffey (LA Adj.) 2017-2018 | Laffey (LA Adj.) 2016-2017 | Laffey (LA Adj.) 2015-2016 |
|---|---|---|---|
| 31+ years (- 1986) | $658.65 | $635.67 | $621.45 |
| 21-30 years ('87-'96) | $615.98 | $594.09 | $579.87 |
| 16-20 years ('97-'01) | $586.44 | $564.55 | $551.42 |
| 11-15 years('02-'06) | $528.45 | $508.75 | $497.81 |
| 8-10 years ('07-'09) | $448.58 | $432.17 | $422.32 |
| 6-7 years ('10-'11) | $385.12 | $370.90 | $363.24 |
| 4-5 years ('12-'13) | $378.56 | $363.24 | $355.58 |
| 2-3 years ('14-'15) | $365.43 | $352.30 | $344.64 |
| < 2 years ('16 - ) | $330.42 | $318.38 | $310.72 |
| Paralegals & Law Clerks | $179.43 | $171.77 | $168.49 |

Quinn Decl., ¶15 and Ex. C.

Thus, the rates plaintiff's counsel seek are ***below*** the Los Angeles adjusted *Laffey* Matrix rates.

| Attorney/ Paralegal | Admitted | Years | P Rate Sought | Laffey 2017-2018 | Laffey 2016-2017 | Laffey 2016-2017 |
|---|---|---|---|---|---|---|
| Darren Quinn | 1990 | 26 | $565 | $615.98 | $594.09 | $579.87 |
| Jeff Young | 1994 | 23 | $525 | $615.98 | $594.09 | $579.87 |
| Jason Aquilino | 2002 | 15 | $475 | $528.45 | $508.75 | $497.81 |
| Jacob Ainciart | 2016 | 1 | $285 | $330.42 | $318.38 | $310.72 |
| Patricia McWilliams Ph.D | N/A | | $150 | $179.43 | $171.77 | $168.49 |

Quinn Decl., ¶16 and Ex. D.

Thus, the *Laffey* Matrix rates (adjusted for Los Angeles) support that the rates sought by plaintiff's counsel are reasonable.

**b.    Attorney Fee Expert Declaration Of Richard Pearl In A 2017 Central District Case Copyright and Trademark Infringement Case**

On January 9, 2017, attorney fee expert Richard Pearl submitted a declaration regarding "non-contingent market rates charged by Los Angeles area attorneys of reasonably comparable experience, skill, and expertise for reasonably comparable services." JN, ¶12.  Mr. Pearl submitted his declaration in connection with a request for attorney fees in a copyright infringement and trademark infringement case. *Amusement Art, LLC v. Life Is Beautiful, LLC*, 2017 U.S. Dist. LEXIS 79135, at *7 (C.D. Cal. May 23, 2017).

Judge Pregerson noted: "Mr. Pearl catalogued a number of recent fee award decisions in this district, as well as the prevailing market rates for comparable counsel detailed in various industry reports. (Id. ¶¶ 13-16.)."  *Id*. at *17.   Mr. Pearl listed eleven (11) recent Los Angeles fee awards that overwhelmingly  awarded Los Angeles rates higher than the Los Angeles *Laffey* Matrix (and thus higher than the rates sought by plaintiff's counsel in this motion).

| Laffey Matrix | P Rate Sought | LA Laffey 2017-2018 | Recent Cases (Pearl Decl., ¶13) |
|---|---|---|---|
| 21-30 years (1987-1996) | **$565** (Quinn-26 yrs) **$525** (Young -23 yrs) | $615.98 | $680-$775 [¶13(2)] $890 [¶13(3)] $825-930 [¶13(4)] $700-775 [¶13(6)] $700 [¶13(7)] $750 [¶13(9)] $660-$725 [¶13(10)] $625 [¶13(11)] |
| 11-15 years (2002-2006) | **$475** (Aquilino-15yrs) | $528.45 | $525-$550 [¶13(2) $610-$690[¶13(4)] $590 [¶13(5)] $500 [¶13(8)] $600 [¶13(9)] $575 [¶13(10] |
| < 2 years (2016 - ) | **$285** (Ainciart - 1 yr) | $330.42 | $360-$450 [¶13(4)] $330 [¶13(5)] $375 [¶13(7)] |
| Paralegals & Law Clerks | **$150** (McWilliams 8+) | $179.43 | $110-$250 [¶13(2)] $220-340 [¶13(3)] $245-$345 [¶13(4)] $140-190 [¶13(5)] $175-$295 [¶13(6)] $225 [¶13(7)] $125 [¶13(10)] $250 [¶13(11)] |

Mr. Pearl also listed the "standard hourly non-contingent rates for comparable civil litigation stated in court filings, depositions, surveys, or other reliable sources by numerous California law firms or law firms with offices or practices in California. These sources include, among others, the 2016 rates included in the Valeo Attorney Hourly Rates and Fees Database." Pearl Decl., ¶15. Mr. Pearl lists rates for 29 California law firms (with 26 firms having offices in the Los Angeles area).[2] Pearl Decl., ¶15. The hourly rates for these 26 firms are overwhelmingly higher than the Los Angeles *Laffey* Matrix (and thus higher than the rates sought by plaintiff's counsel in this motion).

---

[2]     Three firms listed by Mr. Pearl have offices in San Francisco, but not Los Angeles: (1) Hausfeld LLP: (2) Lieff Cabraser Heimann & Bernstein, LLP; and (3) Ropes & Gray LLP.   Quinn Decl. The rates of these firms are not listed on the "Other Firms" chart above.

| Laffey Matrix | P Rate Sought | LA Laffey 2017-2018 | Other Firms (Pearl Decl., ¶15) |
|---|---|---|---|
| 21-30 years (1987-1996) | **$565** (Quinn-26 yrs) **$525** (Young -23 yrs) | $615.98 | $750 (2013 Covington) $800-955 (2016 Geffen) $650-$850 (2106 Greins) $700 (2015 Hadsell) $625 (2012 Hadsell) $700-$775 (2014 Kaye) $890 (2012 (Kiesel) $775 (2011 Kirkland) $805 (2013 Reed) |
| 11-15 years (2002-2006) | **$475** (Aquilino-15yrs) | $528.45 | $655 (2010 Binghma) $670 (2013 Covington) $600 (2015 Hadsell) $525 (2012 Hadsell) $915 (2016 Milbank) $625 (2011 Morrison) $780-895(2016 O'Melveny) $570 (2013 Reed) |
| < 2 years (2016 - ) | **$285** (Ainciart - 1 yr) | $330.42 | $400 (2010 Bingam) $375 (2013 Covington) $450 (2016 Jones Day) $400 (2014 Jones Day) $435 (2016 O'Melveny) $440-445 (2016 Proskauer) |
| Paralegals & Law Clerks | **$150** (McWilliams 8+) | $179.43 | $275-325 (2014 Cooley) $260 (2013 Cooley) $245 (2012 Cooley) $110-355 (2013 Covington) $345 (2013 Gibson) $100 (2012 Greines) $175-250 (2015 Hadsell) $175-295 (2014 Kaye) $120-280 (2010 Sidley) |

Thus, the 2017 attorney fee expert declaration of Mr. Pearl supports that the rates sought by plaintiff's counsel are reasonable (especially since it shows the Los Angeles market rates are higher than the Los Angeles adjusted *Laffey* Matrix).

### c.    Other Recent Central District Court Opinions

Although the attorney fee expert declaration of Richard Pearl lists eleven (11) recent cases, plaintiff's counsel bring three other cases to the court's attention that are relevant to reasonable hourly rates in the Central District.

On May 23, 2017 in *Amusement Art, LLC,* Judge Pregerson (relying, in part, on the Pearl Decl.) ruled in a copyright infringement and trademark infringement action that attorney "hourly billing rates **between $450 and $865**" and "paralegals and support staff charging hourly rates **between $215 and $380"** were adequately substantiated by the Pearl Decl. as "in line with the prevailing rates." 2017 U.S. Dist. LEXIS 79135 *17.  Judge Pregerson also ruled that "both the attorney rates and the paralegal rates are in line with hourly rates approved in recent comparable intellectual property cases in this district. *See, e.g., Perfect 10*, 2015 U.S. Dist. LEXIS 53681, 2015 WL 1746484, at *29, Appendix A (approving hourly rates for **partners between $705 and $930**, hourly rates for **associates between $360 and $690**, and hourly rates for **paralegal and support staff between $245 and $345**)" *Id.* (emphasis added).

On August 16, 2016, Judge King, in a copyright declaratory relief action regarding the song "Happy Birthday To You," ruled the following rates reasonable: (1) $820/hour (1985 - 31 years); (2) $770/hour (1986 - 30 years); (3) $640/hour (1997 - 19 years); (4) 420/hour (2008 - 8 years); and (5) $395/hour (2010 6 years). *Morning v. Warner/Chappell Music, Inc.*, 2016 U.S. Dist. LEXIS 191665 *19 (C.D. Cal. Aug. 16, 2016).  Although plaintiff's moving papers "did not submit evidence showing that their hourly rates are reasonable for the Los Angeles area," Judge King noted that plaintiff's reply paper cited Central District opinions "that compare favorably with the billing rates here.  (Citations omitted)." *Id*. at *19-20 (collecting cases).

On March 9, 2016, this court in a copyright infringement action regarding the television show *New Girl* approved the following "discounted" rates: (1) $701.25/hour (1983 - 33 years); (2) $552.50/hour (2000 - 16 years); (3) $446.25/hour (2009 - 7 years); (4) $488.75 (2008 - 8 years); and (5) $165.75 for paralegals. *Counts v. Meriwether*, 2016 U.S. Dist. LEXIS 40651 (C.D. Cal. Mar. 9, 2016) *8-11.  This court ruled that the "hourly rates charged by the Fox Defendants' counsel were

1    reasonable and consistent with the prevailing rates in the Central District for counsel

2    of similar skill and experience." *Id*. at *11. "Finally, consistent with the Court's own

3    knowledge and experience, $165.75/hour is a reasonable billing rate for paralegals

4    in Los Angeles." *Id*. at *12. This court relied upon a 2014 billing summary compiled

5    by the National Law Journal and a 2015 American Intellectual Property Law

6    Association's 2015 Report of the Economic Survey showing that the requested

7    "discounted" rates were commensurate with the rates of other attorneys in Los

8    Angeles. *Id*. *11. Because of the passage of time, plaintiff's more recent evidence

9    of hourly rates set forth above is more relevant.

10                    **d.      Declarations Supporting The Reasonable Rates**

11             The declaration of attorney Gregory Garrison supports the rates requested by

12   plaintiff's counsel. Mr. Garrison has been practicing law for over 24 years and has

13   personal knowledge of the skill and experience of attorney Quinn (26 years) and the

14   $700/hour rate Mr. Garrison was recently awarded in the Central District of

15   California. Mr. Garrison has personal knowledge that the current market rates in the

16   Central District of California tend to be higher than the Los Angeles adjusted *Laffey*

17   Matrix rate. Garrison Decl., ¶¶4-9. Mr. Garrison believes that a rate of $565/hour for

18   attorney Quinn is below market rates.   Garrison Decl., ¶9.

19             The declaration of attorney Kirk Hulett supports the rates requested by

20   plaintiff's counsel. Mr. Hulett has been practicing law for about 34 years and has

21   personal knowledge of the skill and experience of attorney Quinn (26 years). Mr.

22   Hulett bills at $675/hour and also believes that current market rates in the Central

23   District  tend to be higher than the Los Angeles adjusted *Laffey* Matrix rate. Hulett

24   Decl., ¶¶4-7. Mr. Hulett believes that a rate of $565/hour for attorney Quinn is

25   comparable to or less than market rate. Hulett Decl., ¶8.

26

27

28

e.    **The Hourly Rates In Plaintiff's Counsel's Fee Agreements Are Not Determinative Of A "Reasonable Rate"**

"Though the fee actually charged to the client may be an important factor, 'whether or not [the client] agreed to pay a fee and in what amount is not decisive. * * * *The criterion for the court is not what the parties agreed but what is reasonable*.'" *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984) *quoting Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) (emphasis added).

It is reversible error to reduce a requested hourly rate on the ground that an attorney has never collected a requested rate from a paying client. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007)

> First, the district court erred in reducing Welch's requested rate because Kantor & Kantor does not collect $375 and $400 from its paying clients. *We have repeatedly held that the determination of a reasonable hourly rate "is not made by reference to the rates actually charged the prevailing party*." *See, e.g., Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000) (*quoting Chalmers*, 796 F.2d at 1210). Rather, billing rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis*, 976 F.2d at 1545; *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (holding that the prevailing market rate -- not the individual contract between the applicant attorney and the client -- "provides the standard for lodestar calculations").

*See also Stirling v. Genpact Servs., LLC*, 2012 U.S. Dist. LEXIS 196197, at *5-6 (C.D. Cal. May 2, 2012) (the district court found an attorney's hourly fee of $290/hour reasonable and found a $50/hour rate charged by that attorney in another case not dispositive).

In the instant case, the hourly rates in plaintiff's counsel fee agreements with plaintiff are lower than prevailing market rates for attorneys in the Central District with comparable experience. The fee agreement for attorney Darren Quinn provides an hourly rate of $495/hour. Quinn Decl., ¶14. The 2014 fee agreement covering attorney Jeff Young and Jacob Ainciart sets forth an hourly rate of $475/hour for attorney Young and $275/hour for "Associates" which would include attorney

Ainciart.  Young Decl., ¶17. The 2012 fee agreement for attorney Aquilino provided for a $325/hour pre-litigation rate and a "in the case of litigation, the prevailing rate for the applicable jurisdiction."  Aquilino Decl., ¶18.

The Supreme Court instructed that an attorney who defers payment or who takes a case on contingency "will require paying more than their customary hourly rates. Most attorneys paid an hourly rate expect to be paid promptly and without regard to success or failure." *Hensley*, 461 U.S. 424, 448-49.   In the instant case, attorney Darren Quinn associated in as counsel for plaintiff in reliance of obtaining attorney fees under §505 either by settlement or by court award.  Quinn Decl., ¶10. The Supreme Court instructed "no fee is reasonable unless it would be adequate to induce other attorneys to represent similarly situated clients seeking relief comparable to that obtained in the case at hand."  *Id*.  As a result, the court may rule that attorney Quinn's rate should be higher than the *Laffey* Matrix and Los Angeles market rates set forth above.

## 2.    Reasonableness of Hours Spent

Plaintiff's counsel have submitted detailed time records indicating the amount of time spent on each task,  the attorney performing the task, and the hourly rate charged. Plaintiff's counsel billed in tenths of an hour with the exception of attorney Young who billed in hundredth's of an hour increments.  The time was not "block billed" - that is, the time spent on each individual task was detailed. Quinn Decl, ¶11. J. Young Decl., ¶14, Ainciart Decl., ¶11, Aquilino Decl., ¶15.

Because Zazzle served a Rule 68 Offer on July 25, 2017 that was "inclusive of all attorney's fees and costs incurred by Plaintiff in relation to its claims against Zazzle as of the date of this offer," plaintiff's counsel separates the hours billed.

### a.  Pre-July 25, 2017 Lodestar

| Attorney/Paralegal | Pre-7/25/17 Hours | Rate | Lodestar |
|---|---|---|---|
| Jeff Young | 261.42 | $525.00 | $137,245.50 |
| Jacob Ainciart | 252.8 | $285.00 | $72,048.00 |
| Jason Aquilino | 250.90 | $475.00 | $119,177.50 |
| Darren Quinn | 135.60 | $565.00 | $76,614.00 |
| Patricia McWilliams | 17.60 | $150.00 | $2,640.00 |
| TOTAL | 893.72 | | $405,085.00 |

Quinn Decl., ¶12; Young Decl., ¶15; Ainciart Decl., ¶12; and Aquilino Decl., ¶16.

### b.  Total Lodestar

| Attorney/Paralegal | Total Hours | Rate | Lodestar |
|---|---|---|---|
| Jeff Young | 366.17 | $525.00 | $192,239.25 |
| Jacob Ainciart | 420.00 | $285.00 | $119,700.00 |
| Jason Aquilino | 333.80 | $475.00 | $158,555.00 |
| Darren Quinn | 434.60 | $565.00 | $245,339.00 |
| Patricia McWilliams | 61.30 | $150.00 | $9,195.00 |
| TOTAL | 1554.57 | | $715,833.25 |

Quinn Decl., ¶13; Young Decl.,¶16; Ainciart Decl., ¶13 and Aquilino Decl., ¶17.

### 3.  Estimated Future Hours

Plaintiff's counsel estimates that they will expend additional time prior to the court's decision on this motion.   Accordingly, plaintiff's counsel provides a "fair estimate" pursuant to Fed. R. Civ. Proc. 54(d)(2)(B) of the following reasonably anticipated activities:

| Activity | Young | Ainciart | Aquilino | Quinn |
|---|---|---|---|---|
| Continue settlement discussions | 6.0 | 3.0 | 1.0 | 6.0 |
| Attorney fee discovery issues | 1.0 | .5 | 1.5 | 5.0 |
| Review attorney fee opposition | .5 | .5 | .5 | 2.0 |

| | | | | |
|---|---|---|---|---|
| Prepare attorney fee reply | 1.0 | 3.0 | .5 | 10 |
| Request injunction findings | 1.0 | 1.0 | 0 | 5.0 |
| Review opposition to findings | .5 | .5 | .5 | 2.0 |
| Prepare findings reply | 1.0 | 1.0 | 1.0 | 6.0 |
| Review Zazzle motion to stay pending appeal papers | .5 | .5 | .5 | 1.0 |
| Oppose Zazzle stay motion | 1.0 | 3.0 | 1.0 | 15.0 |
| Review Zazzle stay reply | .5 | .5 | .5 | 1.0 |
| Prepare for hearings | 2.0 | 0 | 0 | 4.0 |
| Travel to and from hearing | 4.0 | 0 | 0 | 5.0 |
| Attend hearing | 1.0 | 0 | 0 | 1.0 |

Plaintiff's counsel reserve the right to supplement this fee request with exact hours expended prior to the court's decision on this motion.

## III.   THE COURT SHOULD AWARD PLAINTIFF REASONABLE ATTORNEY FEES UNDER §505

"The Copyright Act also affords courts discretion to award a prevailing party 'recovery of full costs.' 17 U.S.C. §505." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *16 (C.D. Cal. Mar. 24, 201).

"In addition to regular taxable costs, allowable costs under section 505 include costs for service of process, depositions expenses, copying, computer assisted legal research, expert witness fees, and travel costs." *Id.*

Plaintiff's non-taxable costs are itemized in the expenses total as follows:

| *Expense Paid By* | *Support* | *Amount* |
|---|---|---|
| Jeffrey Young | J. Young Decl., Ex. B | $271.38 |
| Jason Aquilino | Aquilino Decl., Ex. B | $613.66 |
| Darren Quinn | Quinn Decl., Ex. B | $4,551.48 |
| Gregory Young | G. Young Decl., Ex. A | $969.61 |
| Gregory Young | G. Young Decl. Ex. B | $2,580.72 |
| TOTAL | | $8,986.85 |

### A.   Any Costs Disallowed On Bill of Costs

Concurrently with the filing of this motion, plaintiff is also filing a Bill of Costs for costs recoverable under 28. U.S.C. §1920.

To the extent that any costs on the Bill of Costs are not allowed by the court, then plaintiff seeks to recover such non-taxable costs under §505. "The statute's use of the term 'full costs' means that 'district courts may award otherwise non-taxable costs, including those that lie outside the scope of [28 U.S.C.] § 1920, under § 505.'") *Perfect 10, Inc.*,  2015 U.S. Dist. LEXIS 54063, at *16 ( *quoting Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005).

### B.   Deposition and Trial Travel

Plaintiff's travel costs, including airfare to San Francisco to take depositions of Zazzle employees, travel to court for hearings and trial, are recoverable under §505.  *See, e.g. ExperExchange, Inc. v. DocuLex, Inc.*, 2010 U.S. Dist. LEXIS 54530, at *35 (N.D. Cal. May 10, 2010) ("amounts charged for travel expenses already incurred are reasonable").

### C.   Lodging And Parking for Trial

Plaintiff paid $2,580 for hotel lodging during the trial at the rate of $175/night ($215.06 after taxes/fees) for each room.  The trial's first witness (Kerne Erickson) stayed one night.  Greg Young and attorney Young shared a room.  Plaintiff's attorneys Quinn, Ainciart and Aquilino each had their own room. The lodging was the closest plaintiff could find to court that offered the benefit of free meeting space to prepare for trial and free use of a printer. Plaintiff also paid $28.60 for parking. G. Young, ¶10.

### D.   Lexis Legal Research Changes

Attorney Quinn incurred computer assisted research.  Quinn Decl., Ex. B.

"Computer assisted research fees are expenses that are normally incurred in the course of litigation and routinely billed to fee-paying clients. Thus, they are recoverable as 'full costs' under § 505. This Court finds that counsel's billing

1  statements submitted with the Guidance Motion adequately document the online

2  research fees incurred by counsel." *Berry v. Hawaiian Express Serv.*, No. 03-00385

3  SOM-LEK, 2006 U.S. Dist. LEXIS 78281, at *48 (D. Haw. Oct. 25, 2006); *Perfect*

4  *10, Inc.,* 2015 U.S. Dist. LEXIS 54063, at *89 ("$68,634 in Westlaw legal research

5  charges" allowed under §505 because "prevailing practice in the district is to

6  separately bill for such expenses.").

7  **IV.    Prejudgment Interest on Judgment**

8  Prejudgment interest is allowed on plaintiff's award. *Polar Bear Prods. v. Timex*

9  *Corp.*, 384 F.3d 700, 718 (9th Cir. 2004) ("Because prejudgment interest may be

10  necessary at times to effectuate the legislative purpose of making copyright holders

11  whole and removing incentives for copyright infringement, we hold that the district

12  court erred in concluding that prejudgment interest is unavailable under the Copyright

13  Act of 1976. . .")

14  "Interest shall be allowed on any money judgment in a civil case recovered in

15  a district court." 28 U.S.C. § 1961(a)     "Such interest shall be calculated from the

16  date of the entry of the judgment, at a rate equal to the weekly average 1-year constant

17  maturity Treasury yield, as published by the Board of Governors of the Federal

18  Reserve System, for the calendar week preceding[.] the date of the judgment." Id.

19  The judgment was entered August 10, 2017. [Dkt 123 (Judgment)] Plaintiff is

20  entitled to 1.23% interest on $351,100 which amounts to $11.83/day ($351,100 X

21  1.23%/365).

22  **V.    CONCLUSION**

23  For the foregoing reasons, plaintiff requests that the court award plaintiff

24  reasonable attorney fees and "full costs" pursuant to §505.

25  Dated:         November 13, 2017         Respectfully Submitted,

26                                         LAW OFFICES OF JEFFREY YOUNG
                                           JEFFREY S. YOUNG
27                                         JACOB P. AINCIART

28                                         AQUILINO LAW

1    JASON A. AQUILINO

2    LAW OFFICES OF DARREN J. QUINN
     DARREN J. QUINN
3

4    By:   s/s Darren  J. Quinn
                 Darren J. Quinn
5

6    12702 Via Cortina, Suite 105
     Del Mar, CA 92014

7    *Attorneys for Plaintiff Greg Young Publishing, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28