UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND FULL COSTS [164]

### I. Introduction

Plaintiff Greg Young Publishing, Inc. ("Plaintiff") filed its motion for attorneys' fees and full costs as the prevailing party under Section 505 of the Copyright Act. (Dkt. 164.) Defendant Zazzle Inc. ("Defendant") opposes Plaintiff's motion for attorneys' fees and full costs. (Dkt. 173.) For the following reasons, Plaintiff's motion for attorneys' fees and full costs is DENIED.

### II. Factual and Procedural Background

The facts are well-known to the parties and are recited at length in the Court's May 1, 2017 and October 27, 2017 Orders. (Dkt. 81 & 159). Therefore, the Court only briefly addresses the facts most pertinent to the present motion.

Plaintiff filed this action on June 23, 2016. (Dkt. 1). On February 15, 2017, Plaintiff filed an amended complaint, alleging direct copyright infringement of thirty-five works by Kerne Erickson and six works by Scott Westmoreland, as well as contributory and vicarious copyright infringement.[1] (Dkt. 39). On March 27, 2017, each party filed for summary judgment. (Dkt. 49 & 50).

---

[1] On June 22, 2017, Plaintiff withdrew its second claim for contributory and vicarious infringement. (Dkt. 96).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

On May 1, 2017, the Court ruled on the motions for summary judgment. (Dkt. 81). On Defendant's motion for summary judgment, the Court ruled that Plaintiff lacked standing to enforce the six Westmoreland copyrights. But the Court found that Plaintiff had standing to enforce the thirty-five Erickson copyrights and could elect to pursue statutory damages as to those works. On Plaintiff's motion for partial summary judgment, the Court held that Defendant could not claim the DMCA Section 512(c) safe harbor to the extent Defendant manufactured and sold physical products bearing infringing images; however, Defendant may invoke the safe harbor to cover liability based solely on the unauthorized display of copyrighted images on Defendant's website.

On June 1, 2017, the parties held a mediation before the Honorable Rosalyn Chapman, but did not settle. On June 2, 2017, Defendant made a Rule 68 offer of judgment of $310,000, inclusive of attorneys' fees, and an offer to monitor its website for infringements of Erickson's artwork on an ongoing basis, and payment to Plaintiff of twice the amount of any royalties paid to uploaders for infringing sales. Plaintiff did not respond to Defendant's proposal. On July 25, 2017, Defendant served another Rule 68 offer, with the monetary payment of $525,000, and the non-monetary terms previously offered. Again, Plaintiff did not respond to Defendant's proposal.

The initial pre-trial conference was held on July 31, 2017, which made clear that the focus of the trial would be the originality of certain pieces and then damages, not liability. Another pre-trial conference was held on August 7, 2017. There, Defendant disputed whether certain images were original enough to receive copyright protection.

A two-day jury trial was held starting August 8, 2017. The jury first had to determine whether some of Plaintiff's works were original enough to receive copyright protection. Defendant argued that the Kerne Erickson's works, owned by Plaintiff, were actually derivative works that involved trivial variations on pre-existing works. Defendant argued that Plaintiff hired Erickson to essentially copy and alter well-known photographs and posters by depicting them, in a slightly different manner, in a painting. (Dkt. 118.) Outside of originality, Defendant also argued that any infringement was innocent and not willful and that Defendant had many processes in place to stop copyright infringement.

At the end of the second day, the jury returned its verdict in favor of Plaintiff, awarding separate damages awards for each of the copyrights at issue, totaling $460,800. (Dkt. 129). The awards started at $200 for some of the paintings where the Defendant contested originality. The Court entered judgment on

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

August 10, 2017. (Dkt. 123). Thereafter, Defendant moved for judgment as a matter of law on the issue of whether the infringement was willful. (Dkt. 141).

On October 27, 2017, the Court granted Defendant's motion, reducing Plaintiff's damages to $351,100. (Dkt. 159). Additionally, the Court initially granted Plaintiff's motion for a permanent injunction against Defendant. (Dkt. 160). However, on February 8, 2017, the Court vacated the permanent injunction, finding no basis for a permanent injunction in this matter. (Dkt. 182). On November 13, 2017, Plaintiff filed the present motions for attorneys' fees and costs as the prevailing party in a copyright infringement action. (Dkt. 164).

### III. Plaintiff's Motion for Attorney Fees and Full Costs

Under Section 505 of the Copyright Act, the court has discretion to award a prevailing party costs and attorneys' fees. See 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party .... [T]he court may also award a reasonable attorneys' fee to the prevailing part as part of the costs.").

While this broad statutory language "clearly connotes discretion" and "eschews any precise rule or formula for awarding fees," the Supreme Court has established two important restrictions. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994)). First, a district court may not award attorneys' fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently. *Id.*[2] The court must "give substantial weight to the objective reasonableness of the losing party's position" while still providing "due consideration" to other factors. *Id.* at 1983.

In order to determine whether an award of attorneys' fees and non-taxable costs are warranted under the Copyright Act, courts consider certain "nonexclusive" factors: "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *See Kirtsaeng*, 136 S. Ct. at 1986. The objective unreasonableness of a

---

[2] In its Reply, Plaintiff argues cases issued before the Supreme Court's decision in *Kirtsaeng* are unpersuasive and potentially overruled. (Dkt. 180, Pg. 5). The Court finds Plaintiff is incorrect. In *Kirtsaeng*, the Supreme Court reaffirmed the principles outlined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) for granting attorney's fees under Section 505 of the Copyright Act. See *Kirtsaeng*, 136 S. Ct. at 1985.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

claim, in particular, "carries significant weight," *id.* at 1989, but "can only be an important factor in assessing fee applications—not the controlling one," *id.* at 1988. The Court noted that the objective-reasonableness approach "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Id.* at 1986.[3] In the Ninth Circuit, courts may also consider the degree of success obtained and the purposes of the Copyright Act. *Ets-Hokin v. Skyy Spirits*, 323 F.3d 763, 766 (9th Cir. 2003).

In applying these factors, courts should look to "the large objectives" of the Copyright Act, *see Kirtsaeng*, 136 S. Ct. at 1982, which "ultimately serves the purpose of enriching the general public through access to creative works," *Fogerty*, 510 U.S. at 527. The Court in *Kirtsaeng* emphasized that both plaintiffs and defendants could help serve the purposes of the Copyright Act by standing on their rights when either side had a strong or novel position.

The Court accordingly analyzes Plaintiff's application for an attorneys' fee award and costs in light of the relevant factors enumerated by the Supreme Court and the Ninth Circuit, as well as the broader objectives of the Copyright Act. The Court finds that Defendant Zazzle's arguments were in furtherance of developing copyright law and thus DENIES Plaintiff's Motion for Attorneys' Fees.

A. <u>Degree of Success</u>

Under the first factor, the Court weighs the party's degree of success in the lawsuit. Here, Plaintiff argues that this factor weighs in its favor because the jury found infringement and awarded $460,800 statutory damages on all thirty-five copyrighted works. (Dkt. 164, Pg. 5). Plaintiff also argues that it reached a high degree of success because the Court granted its motion for partial summary judgment as to Defendant's DMCA defense and denied Defendant's motion for summary judgment. According to Plaintiff, even though the Court reduced the jury award as a matter of law, Plaintiff still obtained the *maximum* non-willful statutory damages of $30,000 for each of those five works. Thus, Plaintiff maintains this factor weighs in its favor.

Defendant asserts that the judgment obtained by Plaintiff could "hardly be labeled a 'success' when considered against Zazzle's settlement offers and GYPI's recovery of only a small fraction of the amount it sought." (Dkt. 173, Pg. 7). In support, Defendant first argues that of the forty-four works at

---

[3] The Court noted that it did not want to discourage suits that would meaningfully clarify copyright law. *Id.* at 1987.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

issue, only thirty-five of them were submitted to the jury because Defendant prevailed on its standing claim against the Westmoreland copyrights at the summary judgment stage. Next, Defendant argues that compared to its last Rule 68 offer of $525,000 and Plaintiff's sought-after award of $2.1 million in damages, Plaintiff's $351,000 statutory damages award ended up equaling only 16.7% of what Plaintiff asked for at trial, and two-thirds of the offer prior to trial.[4]

The Court finds this factor weighs in favor of Defendant. Here, Plaintiff prevailed on the merits of the case, not on a technical defense. *See Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 WL 1258690, at *4 (N.D. Cal. Mar. 31, 2016) (concluding success on the merits weighs in favor of an attorneys' fees award more than technical success). But being the prevailing plaintiff is not dispositive. *See Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (vacating and remanding a fee award where the district court failed to "properly consider the relationship between the extent of success and the amount of the fee award"); *Gold Glove Prods. v. Handfield*, 2014 WL 12560617, at *4 n.2 (C.D. Cal. June 4, 2014) (noting "a prevailing plaintiff may attain only a marginal degree of success if, for example, the plaintiff is awarded a small portion of the damages sought").

In this case, the trial focused almost entirely on statutory damages. At trial, Plaintiff sought $2.1 million in statutory damages. The jury awarded Plaintiff $460,800, which was subsequently reduced to $351,000 after the Court found Defendant's infringement was not willful. For some of the paintings, the jury only awarded $200 in statutory damages. Thus, the Court finds Plaintiff did not obtain a high degree of success because Plaintiff's statutory damages were merely 16.7% of what Plaintiff asked for at trial. *See Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, No. CV05-7686 AHM FMOX, 2007 WL 4898364, at *2 (E.D. Cal. Dec. 20, 2007), aff'd, 345 F. App'x 244 (9th Cir. 2009) (finding that the degree of success weighed against the prevailing plaintiff when the damages sought were $2,900,000 and plaintiff only $34,875.97). This factor weighs against awarding attorneys' fees to Plaintiff.

      B.    <u>Objective Reasonableness and Frivolousness</u>

---

[4] Plaintiff's argument that the Rule 68 settlement communications are inadmissible under Federal Rule of Evidence 408 is incorrect. In *Ingram v. Oroudjian*, the Ninth Circuit held that the district court did not err by considering settlement negotiations for the purpose of determining the degree of success for an attorney fee award in a Fair Housing Act case. *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). District courts have applied the *Ingram* ruling in copyright cases in deciding whether to award attorney fees. *See BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, 103 F. Supp. 3d 1242, 1247 (W.D. Wash. 2015).

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

The second factor is the objective reasonableness of the losing party's position during the litigation. In *Kirtsaeng v. John Wiley & Sons, Inc.*, the Supreme Court held that district courts should give substantial weight to the objective reasonableness of the losing party's litigating position. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. at 1979 (2016). Nevertheless, the Supreme Court made clear that "objective reasonableness can only be an important factor in assessing the applications—not the controlling one." *Id.* at 1988.

Plaintiff contends Defendant was objectively unreasonable in asserting that the DMCA § 512(c) safe harbor constituted a complete defense to Defendant's manufacture and sale of physical goods. (Dkt. 180, Pg. 6). Ultimately, the Court found that the Defendant could not invoke the safe harbor. But the fact that a party loses is insufficient to establish objective unreasonableness. *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013).

Notably, the issue of whether § 512(c) applies to Defendant's offline activities--those involving physical products--was a novel issue of law with no binding Circuit authority. As the Supreme Court explained in *Fogerty*, "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). Reasonable litigation positions, even if they do not win, define the precise boundaries of copyright law. *Williams v. Bridgeport Music, Inc.*, No. LACV1306004JAKAGRX, 2016 WL 6822309, at *4 (C.D. Cal. Apr. 12, 2016). Thus, parties who advance arguments of first impression should not be punished because the litigation could reasonably be seen as contributing to an informed discussion on the demarcation of copyright law. *Id.*

A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in this case were slim to none. *SOFA Entm't, Inc. v. Dodger Prods.*, Inc., 709 F.3d 1273, 1280 (9th Cir. 2013). Here, Defendant successfully pursued arguments that Plaintiff lacked standing to enforce the Westmoreland copyrights and prevailed on the willfulness issue. This led the Court to reduce the jury award and vacate the permanent injunction. Thus, these arguments were not objectively unreasonable.

Finally, the Court finds Defendant's challenge to the originality of eight of the Erickson copyrights objectively reasonable because the issue was submitted to the jury at trial. *See VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016) (explaining if a claim hinges on disputed facts sufficient to

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

reach a jury, that claim is objectively reasonable because a jury might decide the case in either party's favor). As the jury's verdict demonstrates, some of the paintings where Defendant contested originality were only awarded $200 for statutory damages, making Defendant's arguments even more reasonable and necessary. While the Court cannot consider the degree of originality—or lack thereof—in determining a motion for attorney's fees, in this case, the Defendant was justified in vigorously defending the case on that basis.

A frivolous claim supports an award of attorneys' fees. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The claim must be "clearly baseless," such as factual claims that are "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 325-28. For the same reasons that Defendant's arguments were not objectively unreasonable, they also are not frivolous.

Because the Court finds that Defendant's positions were objectively reasonable and not frivolous, this factor weighs against awarding attorneys' fees to Plaintiffs.

D.  Motivation

The existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party. *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 WL 1258690, at *6 (N.D. Cal. Mar. 31, 2016). "Courts have held a plaintiff demonstrates bad faith when alleging [a] copyright claim to secure benefits other than merely addressing grievances." *Brighton Collectibles, Inc. v. Pedre Watch Co.*, No. 3:11-CV-00637 AJB WVG, 2014 WL 29008, at *4 (S.D. Cal. Jan. 2, 2014) (citing *Maljack Prod., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996)). Here, Plaintiff argues its motivation in bringing this action was to protect its copyrights, protect its relationships with its licensors and to deter Defendant from infringing copyrights in the future. (G. Young Decl., ¶3-5.)

Defendants, on the other hand, contend that Plaintiff's true motive was to create a library of questionable copyrighted works to pursue litigation and financial windfalls. Defendant argues that Plaintiff's conduct in rejecting reasonable settlement offers, failing to engage in good-faith settlement negotiations, and prosecuting infringement claims for copyrights it did not own was improper. According to Defendant, had Plaintiff accepted its numerous settlement offers, Plaintiff could have adequately

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

protected its legitimate interests in protecting the copyrights. Defendant also cites the fact that Plaintiff has prosecuted at least twelve copyright infringement lawsuits similar to the present action as evidence of improper motive and impermissible windfall.

Plaintiff argues that Defendant's repeated references to Plaintiff not accepting its Rule 68 Offer creates a false impression that Plaintiff did not reasonably attempt to settle the case. According to Plaintiff, Defendant's final Rule 68 Offer of $525,000 (inclusive of fees and costs) was in response to Plaintiff's $760,000 settlement demand. (See Quinn Supp. Decl., ¶11). From what the Court can gather, it is Plaintiff's position that the $760,000 amount is almost identical to Plaintiff's awarded statutory damages of $351,000 plus the $407,725 lodestar amount as of July 25, 2017. Thus, Plaintiff argues that it exceeded the final Rule 68 Offer by $233,825 based upon Plaintiff's lodestar on that date.

Plaintiff's stated motivations to protect its copyrights, prevent infringement, and to prevent damages to its relationships with licensees are valid. *Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, No. 2:16-CV-00393-RGK-SS, 2017 WL 2719983, at *4 (C.D. Cal. Jan. 27, 2017) ("Plaintiff's motivation in bringing the suit is its desire to protect its copyright — action consistent with a purpose of the Copyright Act.").

While there may be some basis for Defendant's arguments regarding true motive, the arguments do not rise to the level bad faith or an improper motive. This factor weighs in favor of granting Plaintiff's attorneys' fees.

E. <u>Deterrence, Compensation and Furthering the Purposes of the Copyright Act</u>

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc. v. MGA Entm't*, 705 F.3d 1108, 1111 (9th Cir. 2013). The Copyright Act "ultimately serves the purpose of enriching the general public through access to creative works...." *Fogerty*, 510 U.S. at 527. In furtherance of that purpose, fee awards under section 505 should promote lawsuits that "encourag[e] and reward authors' creations while also enabling others to build on that work." *Kirtsaeng*, 136 S. Ct. at 1986.

Plaintiff contends the need for compensation and deterrence is particularly important here because plaintiff's attorneys' fees required to litigate its copyright claims exceeded plaintiff's recovery of damages or profits under 17 U.S.C. 504. (Dkt. 164-1, Pg. 9). Plaintiff also argues that "no attorney will ever file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

copyright infringement action against Zazzle if the attorney will likely not get paid resulting in Zazzle continuing to 'infringe until caught' business practice." Defendant argues that awarding attorneys' fees would only encourage Plaintiff's overaggressive litigation tactics and discourage Plaintiff and others from accepting reasonable settlement offers.

Having previously determined that Defendant's defense was neither frivolous nor objectively unreasonable, the Court cannot conclude that Defendant should have been deterred from invoking the DMCA safe harbor defense. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, CV–12–4601 EMC, 2014 WL 1724478 (N.D. Cal. 2014) ("[I]t is not the purpose of the Copyright Act 'to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful."); *Ventura Content Ltd. v. Motherless Inc.*, No. 211CV05912SVWFMOX, 2013 WL 12122569, at *4 (C.D. Cal. Oct. 30, 2013) ("there is no need for deterrence when neither party has any improper motivation in litigating a case, both parties have an important economic interest, and the matter of the litigation has some importance for Copyright law."). Furthermore, the jury's low verdict for many of the images indicated that Defendant's arguments regarding originality were also not frivolous or objectively unreasonable. Defendant's reasonable arguments regarding the DMCA safe harbor and the originality of Erickson's images justified Defendant's vigorous defense and need to continue litigating this matter.

The Court also notes that Defendant's DMCA defense promotes the purpose of the Copyright Act because, as a novel issue of law, this litigation will ensure help ensure that "the boundaries of copyright law are demarcated as clearly as possible." *Kirtsaeng*, 136 S. Ct. at 1987. The deterrent value is low here, weighing in favor of denying Plaintiff's request for attorney's fees.

### F. Weighing the Factors

In light of the "substantial weight" afforded to the "objective reasonableness" of Defendant's litigation position, and the relative weakness of Plaintiff's arguments on the other factors, the Court denies Plaintiff's motion for attorneys' fees and full costs.

## V. Plaintiff's Request for Prejudgment Interest

A prejudgment interest award is available under the Copyright Act and is left to the district court's sound discretion. *See Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 716 (9th Cir.2004). In *Polar Bear*, the Ninth Circuit indicated that, in a copyright infringement case, "prejudgment interest may be necessary

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | March 21, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees" (i.e., to make the copyright holder whole) and to "remov[e] incentives for copyright infringement." *Id*. at 718.

Without explaining its position, Plaintiff asserts it is entitled to 1.23% interest on $351,000. (Dkt. 164, Pg. 21). Defendant asserts prejudgment interest is not warranted because Plaintiff was awarded statutory damages, not actual damages. The Court agrees with Defendant and concludes that prejudment interest is not warranted. *See Brayton Purcell LLP v. Recordon & Recordon*, No. C-04-4995 EMC, 2007 WL 420122, at *10 (N.D. Cal. Feb. 6, 2007)(holding prejudgment interest is not needed when there was no evidence of lost profits or license fees as a result of Defendants' infringement and where the arbitrator awarded statutory damages, not actual damages).

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion for attorneys' fees and full costs is DENIED. Plaintiff's request for prejudgment interest is similarly DENIED.

:

Initials of Preparer

PMC