UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S APPLICATION AND MOTION FOR COSTS [185, 186] AND PARTIAL GRANT OF PLAINTIFF'S MOTION FOR COSTS [192]

### I. Introduction

On July 25, 2017, defendant Zazzle Inc. (Zazzle) made an F.R.C.P. 68 offer to Greg Young Publishing, Inc. (Plaintiff or GYPI) in the amount of $525,000, inclusive of attorney's fees. Now, after the completion of post-trial motions, the ultimate judgment in Plaintiff's favor stands at $351,100, with no non-monetary relief and no awarded attorney's fees. As the ultimate judgment obtained by GYPI is "less favorable" than Zazzle's Rule 68 offer, the Court GRANTS Zazzle its taxable costs incurred on or after July 25, 2017. Dkts. 185, 186. The Court notes that Zazzle does not entirely oppose Plaintiff's motion to re-tax costs so the Court GRANTS Plaintiff's motion to re-tax costs as to any costs before July 25, 2017. The award of costs to Zazzle should offset any award to Plaintiff, and vice versa.

### II. Factual and Procedural Background

The facts are well-known to the parties and are recited at length in the Court's May 1, 2017 and October 27, 2017 Orders. (Dkt. 81 & 159). Therefore, the Court only briefly addresses the facts most pertinent to the present motion.

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

On July 25, 2017, Zazzle served an F.R.C.P. 68 offer in the amount of $525,000, inclusive of attorney's fees and costs, and including terms for prospective non-monetary relief, which read in its entirety:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), defendant Zazzle Inc. ("Zazzle") hereby offers to allow judgment to be entered against it in this action brought by plaintiff Greg Young Publishing, Inc. ("Plaintiff"; and inclusive of Greg Young d/b/a Greg Young Publishing and d/b/a Greg Young International) as follows:
>
> 1. Zazzle shall pay to Plaintiff the sum of $525,000.00 (the "Offer Amount"). This sum shall be inclusive of all attorney's fees and costs incurred by Plaintiff in relation to its claims against Zazzle as of the date of this offer. Such amount shall be paid within thirty (30) days after entry of this Judgment.
>
> 2. The Offer Amount is the total amount that shall be paid by Zazzle on account of any liability claimed by Plaintiff, and shall dispose in full of all Plaintiff's claims against Zazzle as of the date of this offer.
>
> 3. Included in the judgment would be the following term: "Zazzle is hereby ORDERED to, once per calendar quarter for at least a three-year period from the date of this judgment, run a reverse image search of its website (through Google, or any other third-party and/or proprietary reverse image search service) for any copyrighted images originally authored by Kerne Erickson alleged to have been infringed in the Second Supplemental Complaint in this action, as well as any such copyrighted images that may be included in any subsequent amended and/or supplemental Complaint or listed in the Final Pretrial Conference Order of the Court (the "Images-At-Issue"). Zazzle will remove any unauthorized copies of any products containing the Images-At-Issue that it identifies via its quarterly search, and shall provide Plaintiff with a report regarding the same. If there are any sales of products bearing the Images-At-Issue identified in Zazzle's searches, Zazzle will provide an accounting and pay to Plaintiff an amount equal to twice the royalties paid to the designers as to such sales, excluding any sales to Plaintiff or individuals or entities acting on Plaintiff's behalf. Zazzle shall not have any additional liability based on infringements that have been accounted for in this manner. Zazzle shall provide such reporting and accounting to Plaintiff within forty-five (45) days of the close of each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

calendar quarter. Prior to the end of the three-year period, the parties are ordered to meet-and-confer as to whether modification or dissolution of this provision is appropriate. Such negotiations should consider any factors the parties deem appropriate, including but not limited to (1) available technology available for searching for infringements, (2) the number of Images-At-Issue that have appeared on Zazzle's website since entry of judgment, and (3) the number of sales (if any) of products bearing such Images-At-Issue since entry of judgment. Absent agreement of the parties or an order of the Court modifying or dissolving this provision, this provision shall continue in force and effect beyond the three-year period."

4. This offer is revocable as it lapses by operation of law pursuant to Federal Rule of Civil Procedure 68 if not accepted within fourteen (14) days.

5. Zazzle makes this offer without any admission of liability. This offer is not to be construed as an admission that Defendants are liable in this action or that Plaintiff has suffered any damage or is entitled to any relief.

*See* Dkt. 173-2.

The case was tried on August 8-9, 2017. The initial verdict of $460,800, entered August 10, 2017, was reduced pursuant to Court order to $351,100 on October 27, 2017. Dkt. 159. On November 13, 2017, GYPI filed an Application to the Clerk to Tax Costs, requesting a total of $12,099.88 in costs. Dkt. 163. Zazzle objected to post-July 25, 2017 fees included in that application. Dkt. 184. The Court ultimately vacated an injunction in GYPI's favor. Dkt. 182. On November 13, 2017, GYPI also filed a motion for attorney's fees. Dkt. 164. On March 21, 2018, the Court entered an order denying GYPI's motion for attorney's fees. Dkt. 183. Zazzle's counsel has calculated its taxable post-July 25, 2017 costs as being in the amount of $6,361.12. Declaration of Keith Adams ("Adams Decl."), ¶2 and Ex. A.

### III. Analysis
#### a. Defendant's F.R.C.P 68 Offer and Costs

Under Federal Rule of Civil Procedure 68, if a party makes an offer of judgment that is rejected by one side, and the ultimate result is less than the offer, then the party that rejected the offer, even if a prevailing party, bears the burden of the costs incurred after that date. *See Wyatt v. Ralphs Grocery Co.*, 65

|  |  | : |
|---|---|---|
|  | Initials of Preparer | |
|  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

Fed. Appx. 589 (9th Cir. 2003); *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002); *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) ("Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer."). The award is mandatory. *Trident Seafoods Corp.*, 92 F.3d at 859. The ultimate verdict in GYPI's favor was for $351,100, with no non-monetary or prospective relief and no award of attorney's fees, and GYPI seeks costs in the amount of $12,099.88.

$525,000 is greater than $363,199.88. The ultimate verdict in favor of GYPI is "less favorable" than Zazzle's Rule 68 offer; cost-shifting is mandatory for taxable costs incurred on or after July 25, 2017. The Ninth Circuit has expressly ruled on how to determine whether or not a judgment is "more favorable" in the context of attorney's fees: "Where a Rule 68 offer explicitly states that it is inclusive of prejudgment interest and pre-offer costs and attorneys' fees, the judgment to which the offer is compared must include these items if they are awarded." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003).[1]

Plaintiff claims that, if the settlement offer is "inclusive of" Plaintiff's attorney's fees as of the date of the offer, Plaintiff's attorney's fees must be deducted from the offer. The Court has not found any authority supporting this calculation. Plaintiff does not and cannot dispute that Zazzle's Rule 68 offer would result in a payment of $525,000. The offer states that the $525,000 would be the only payment for past violations made by Zazzle, and that the amount would include compensation for GYPI's attorney's fees.

Plaintiff then claims that the Court should deduct its attorneys' fees incurred pre-July 25, 2017 from the amount of the Rule 68 offer. GYPI cites no legal authority for this proposition. As Defendant notes, "[a] Rule 68 offer is not a testing ground for the parties' legal theories: it is a concrete offer for payment by the defendant in exchange for a judgment in favor of the plaintiff. GYPI's claimed 'contractual' attorney's fees are irrelevant to the monetary payment, except insofar as they are included in

---

[1] Plaintiff's attempt to distinguish *Champion Produce* is futile. Plaintiff claims the specific language used in the offer in *Champion Produce* was different. Dkt. 193 at 6:8-18. Zazzle admits that it did not use that language; rather, it used the language the Ninth Circuit specifically used in *Champion Produce*'s holding, language including the phrase "inclusive of."

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

and disposed of by the offered judgment." Dkt. 194, at 3.[2]

Zazzle offered a payment of $525,000 to resolve (1) any ultimate judgment, (2) any fees incurred as of July 25, 2017, and (3) any costs incurred as of July 25, 2017. GYPI's "ultimate judgment" was for $351,100 plus $0 in attorney's fees incurred as of July 25 or otherwise (Dkt. 183) plus $0 in costs (Dkt. 188; only $12,099.88 were claimed in any event). The only way to compare these figures is by adding them up. $525,000 is more than $351,100. *See Marek v. Chesny*, 473 U.S. 1, 7 (1985) ("A reasonable determination whether to accept the offer can be made by simply adding these two figures and comparing the sum to the amount offered.")

Plaintiff rejoins that the judgment it obtained is "more favorable" than the July 25, 2017 offer because it sent a letter raising an additional claim against Zazzle on August 6, 2017. Dkt. 193 at 6:19-7:17. But the Rule 68 offer states that it would "dispose in full of all Plaintiff's claims against Zazzle as of the date of this offer." The date of Plaintiff's offer was July 25, 2017. The August 2017 claim was not part of "Plaintiff's claims against Zazzle" as of July 25, 2017 and was therefore not part of the offer.

Plaintiff also claims that the judgment it obtained was "more favorable" than the prospective relief Zazzle offered because, in essence, it is free to continue suing Zazzle and obtain statutory damages instead of license payments. Dkt. 7:18-8:18. First, Plaintiff argued previously that its attorney's fees motion that it was motivated by the need to prevent infringement and not the desire to file additional copyright lawsuits. Second, this Court has rejected Plaintiff's position that it would suffer irreparable harm in the Court's ruling on injunctive relief. Dkt. 182. There is no evidence that Plaintiff gained more from its denial of injunctive relief than the Rule 68 offer.[3]

Finally, Plaintiff claims that the Rule 68 offer was without an admission of liability and that the verdict established liability, and that alone renders the judgment "more favorable" than the offer. Dkt. 193 at 8:19-9:3. GYPI's argument completely circumvents the purpose of Rule 68, as a "verdict" judgment would automatically be more favorable than a "Rule 68" offer. It is well-settled that an offer of judgment

---

[2] In an offer for compromise, the offer is not contingent on whether Plaintiff would or would not actually receive attorneys' fees at the end of litigation. Plaintiff's argument might be stronger if there was an automatic fee-shifting provision that did not require the Court to conduct any analysis to reach this question. But that is not how § 505 is written. Here, parties knew that there was a chance that the prevailing party was not guaranteed attorneys' fees because the Supreme Court ruled on that possibility in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016), a year before Zazzle's settlement offer.
[3] Zazzle made a Rule 68 offer to proactively monitor its website for alleged infringement as well.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

need not include any admission of liability to be valid, as the purpose of the Rule 68 mechanism is not to adjudicate liability, but to encourage settlement. *See, e.g., Delta Air Lines, Inc. v. August*, 450 U.S. 346, 348-49 n.2 (1981) (holding offer with similar condition valid); *Martin v. PPP, Inc.*, 719 F.Supp.2d 967, 972 (N.D. Ill. 2010) ("It is well-settled, however, that even offers under Rule 68 are not required to contain admissions of liability."); *Staples v. Wickesberg*, 122 F.R.D. 541, 544 (E.D.Wis. 1988) (noting that the contention liability admission is required is "utterly without merit"). Furthermore, if Plaintiff did accept the offer, judgment would have been entered in its favor in the amount of $525,000. The Court GRANTS Zazzle's Rule 68 motion for costs.[4]

## IV. Plaintiff's Motion for Review of Clerk's Denial of Regular Taxable Costs

Plaintiff is correct that the Clerk erroneously denied plaintiff regular taxable costs sought by plaintiff under 28 U.S.C. §1920 ("§1920") in its Application to the Clerk To Tax Costs. [Dkt. 188 (Order denying Application to the Clerk to Tax Costs)]. The Clerk's reference to "the Court's order [183] dated March 21, 2018" refers to the Order Denying Plaintiff's Motion For Attorney Fees and Full Costs, filed March 21, 2018 [Dkt. 183] which sought non-taxable costs under 17 U.S.C. § 505 of the Copyright Act ("§505")—as opposed to regular taxable costs sought under §1920. The Court's order made no reference to regular taxable costs sought under §1920. [Dkt. 183 (Order Denying §505 Fees/Costs)].

Plaintiff notes that the distinction between regular taxable costs under §1920 and non-taxable "full costs" under §505 is critical. The Ninth Circuit held that "that district courts may award otherwise non-taxable costs, including those that lie outside the scope of §1920, under §505." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (emphasis added). Recently, the Ninth Circuit followed *Twentieth Century Fox* and affirmed a district court's award of over $12.7 million

---

[4] Plaintiff also argued that Zazzle's motion was untimely. This motion is not a "bill of costs" or application to tax costs as a prevailing party under F.R.C.P. 54, Local Rule 54-1 et seq., or 28 U.S.C. § 1920. It is a motion for taxable costs (governed by Rule 54) where Zazzle is entitled to such costs based on F.R.C.P. 68. Plaintiff makes no argument for why a motion for costs under Rule 68 must be brought within 14 days of an initial or amended judgment. Such a motion, brought within 14 days of the Court's October 27, 2017 order modifying the judgment, would have been premature. GYPI's motion for attorney's fees, required to determine whether or not Zazzle's Rule 68 offer was "more favorable" than GYPI's ultimate judgment, had not been decided at that time. Zazzle timely filed its motion for costs under Rule 68 to the Court on April 3, 2018, within fourteen days of the Court's determination of the fee issue on March 21, 2018 (Dkt. 183). Zazzle's separate "application" and bill of costs to the Clerk (Dkt. 185) was made in the interests of completeness.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587-SVW-KS | Date | May 24, 2018 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

in non-taxable costs under §505. *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 966 (9th Cir. 2018) ("Here, relying expressly on Twentieth Century Fox, the district court awarded Oracle $12,774,550.26 in non-taxable costs.").

Accordingly, the Court re-taxes regular taxable costs under §1920 for Plaintiff before July 25, 2017. That amount is $7,073.79. The Court awards post-July 25, 2017 regular taxable costs to Zazzle as the Court finds Zazzle's motion for costs to be timely.

V.  **Conclusion**

The Court GRANTS Defendant's motion under Rule 68. The Court GRANTS Plaintiff's motion to re-tax costs as to any costs before July 25, 2017. The award of costs to Zazzle should offset any award to Plaintiff, and vice versa.

:

Initials of Preparer    PMC