**NOT FOR PUBLICATION**

FILED

NOV 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ZAZZLE, INC., a California corporation; DOES, 1-10, <br><br> Defendants-Appellees. | No.  18-55522 <br><br> D.C. No. 2:16-cv-04587-SVW-KS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District Judge.

Greg Young Publishing, Inc. ("Young") brought this copyright-infringement action against Zazzle, Inc. ("Zazzle") after discovering its copyrighted images for

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

sale on items on Zazzle's website. Before trial, Zazzle conceded infringement as to the thirty-five images remaining at issue, contesting only damages and whether infringement was willful. The jury awarded Young $460,800 in statutory damages; in doing so, the jury awarded over $30,000 for five of the works, necessarily finding willful infringement as to those works. *See* 17 U.S.C. § 504(c). The district court reduced the award by $109,700, finding insufficient evidence of willful infringement. The court also (1) entered, but later vacated, a permanent injunction, (2) denied Young's motion for attorney's fees, and (3) awarded costs to both parties. We have jurisdiction over Young's appeal under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

    1. Recklessness can constitute willful infringement, and can be established by an infringer's knowing reliance on obviously insufficient oversight mechanisms. *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017); *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186–87 (9th Cir. 2016). Zazzle never deviated from, or improved, its oversight system throughout the two-year period at issue, despite repeated notice of that policy's ineffectiveness. Zazzle "knew it needed to take special care with respect to [Young's] images," *Friedman*, 833 F.3d at 1187, but never gave its content-management team a catalogue of those images provided by Young. Even after Young provided the catalogue, Zazzle continued to sell products bearing each of the works for which the jury found willful

infringement. Zazzle also relied on a user-certification process it knew produced false certifications and took no action to remove a user who had marketed more than 2,000 infringing products. A reasonable jury could find willfulness on this evidence and we therefore remand for entry of judgment consistent with the jury verdict.

2. The district court did not abuse its discretion in vacating the permanent injunction. *See Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 965 (9th Cir. 2017) (stating standard of review); *see also Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) ("The law in this circuit is that errors of law are cognizable under Rule 60(b)." (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 356 (9th Cir. 1966))). To obtain injunctive relief, Young was required to demonstrate "a likelihood of irreparable harm." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) (per curiam). The district court reasonably found Young's assertions of irreparable harm grounded "in platitudes rather than evidence." *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013).[1]

---

[1] Young's motions for judicial notice concerning alleged continued infringement are denied. *See Bingham v. Holder*, 637 F.3d 1040, 1045 n.3 (9th Cir. 2011) (holding that "[t]he content of particular websites on a specified date . . . is not 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201 (1974) (amended Dec. 2011)). On remand, however, the district court is free to consider "other relevant events that may have intervened." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 458 (1988).

3. The district court did not abuse its discretion in denying Young's motion for attorney's fees. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017) (stating standard of review). Zazzle conceded infringement of the works considered by the jury, and Young's ultimate recovery was only about 16% of the damages sought at trial. Zazzle obtained summary judgment on eight works. Zazzle also defeated a summary judgment motion on its Digital Millennium Copyright Act defense.[2]

4. The district court did not err in awarding Zazzle costs pursuant to Rule 68. Zazzle's final offer of judgment of $525,000, inclusive of attorney's fees, is more favorable than Young's net recovery, even after the jury's willfulness finding is reinstated.[3] *See United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**. Each party shall bear its own costs.[4]

---

[2] In light of our reinstatement of the jury award—and Young's consequent increased degree of success on the merits—our decision today is without prejudice to Young seeking reconsideration of its fee application on remand.

[3] If the district court elects to award fees to Young, it can of course revisit the Rule 68 issue in light of Young's ultimate recovery.

[4] Zazzle's motion to strike portions of Young's reply brief is denied.