UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION AND ATTORNEY'S FEES [217]

Plaintiff Greg Young Publishing, Inc. ("GYPI" or "Plaintiff") brings this motion against Defendant Zazzle, Inc. ("Zazzle" or "Defendant") seeking a permanent injunction and attorney's fees. Dkt. 217. GYPI alleges that they are entitled to injunctive relief because Zazzle has continued to infringe on GYPI's copyrights, causing irreparable harm. *See* Dkt. 217. GYPI also argues that they are entitled to attorney's fees because Zazzle's willful infringement requires deterrence in the form of attorney's fees. *Id.* For the reasons stated below, GYPI's motion for a permanent injunction is DENIED, and GYPI's motion for attorney's fees is DENIED.

**I.   Factual Allegations and Procedural Background**

Plaintiff, Greg Young Publishing, Inc., is a corporation which works in publishing visual arts. Dkt. 217. Defendant, Zazzle, Inc., runs a website that allows users to upload images of artwork and choose consumer products for those images to appear on. *Id.* Zazzle then offers those products for sale to the public. *Id.* On June 23, 2016, GYPI filed a lawsuit for copyright infringement against Zazzle alleging that Zazzle sold products bearing 41 different images to which GYPI holds a copyright. Zazzle Opp., Dkt. 219 at 2.

On March 21, 2017, both parties moved for summary judgment. Dkt. 81 at 1. In Zazzle's answer to GYPI's motion for summary judgment, Zazzle asserted that they are protected from liability by the "safe harbor" provision of the Digital Millennium Copyright Act ("DMCA"), 17

: 
Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

U.S.C. § 512(c). *Id.* The "safe harbor" provision of the DMCA protects service providers from liability for infringing works stored on a "system or network" that the provider controls, so long as the provider does not have actual knowledge that the works are infringing or they act expeditiously to remove those works. 17 U.S.C. § 512(c). On May 1, 2017, this Court granted in part and denied in part both parties' summary judgment motions. *Id.* at 10. The Court held at summary judgment that Zazzle was not protected from liability under 17 U.S.C. § 512(c) but allowed Zazzle to invoke the safe harbor provision "to the extent GYPI seeks to impose liability based solely on the unauthorized display of copyrighted images on Zazzle's website." *Id.*

On August 8–9, 2017 a jury trial was held in this Court. Dkt. 219 at 2. On August 9, 2017 the jury awarded GYPI $460,800 in statutory damages. *Id.* Pursuant to 17 U.S.C. § 504(c)(1)–(2), a copyright owner may recover statutory damages below $30,000 for non-willful infringement or statutory damages greater than $30,000 if it finds that the infringement was willful. *Id.* The jury awarded damages individually based on each instance of infringement, with awards ranging from $200 to $66,800. Dkt. 219 at 2. The jury did not explicitly find that the infringement was willful, but the jury awarded less than $30,000 for four instances of infringement and greater than $30,000 for five instances of infringement. *Id.* at 2–3. During the trial, GYPI did not challenge Zazzle's DMCA defense for "display-only" images. Dkt. 219 at 6–7. As a result, the jury only found that infringement had occurred with regard to images that were sold (not displayed) by Zazzle. Dkt. 219 at 1.

Zazzle moved pursuant to Rule 50 and Rule 59 for renewed judgement as a matter of law on the question of whether there was willful infringement for the five images for which the jury awarded greater than $30,000. Dkt. 158 at 1. This Court granted Zazzle's motion, finding that there was no willful infringement, and remitted the individual award to a maximum of $30,000 per infringement. *See* Dkt. 158. GYPI then moved for a permanent injunction, which this Court initially granted. Dkt. 160. The Court then reconsidered the motion and denied GYPI's request for a permanent injunction. Dkt. 182.

On November 13, 2017 GYPI filed a motion for attorney's fees and costs. Dkt. 164. On March 21, 2018, this Court denied GYPI's request for attorney's fees and costs, finding that GYPI did not achieve complete success in the action, that Zazzle was objectively reasonable and not frivolous throughout the litigation, that neither party was motivated by bad faith, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

deterrence goals weighed in favor of Zazzle. *See* Dkt. 183.

On appeal, GYPI challenged this Court's finding that Zazzle did not willfully infringe. Dkt. 219 at 3. GYPI also challenged this Court's denial of the permanent injunction and attorney's fees. *Id.* The Ninth Circuit found that Zazzle's infringement was willful, thereby reinstating the jury's implicit finding that Zazzle had willfully infringed on five images and increasing GYPI's award to the original jury award, $460,800. Dkt. 212 at 2–3. The Ninth Circuit affirmed this Court's denial of a permanent injunction, stating that this Court's denial was "well-reasoned." Dkt. 212 at 2. However, the Ninth Circuit left open the possibility that GYPI could raise their motion for a permanent injunction again on remand based on new evidence. *Id.* The Ninth Circuit also upheld this Court's denial of attorney's fees but left open the possibility that GYPI could raise their motion for attorney's fees again based on the Ninth Circuit's reinstatement of the jury award. *Id.* at 4.

GYPI alleges that Zazzle has continued to infringe on their copyright through the use of four images whose copyright is held by GYPI. Dkt. 217 at 1. GYPI alleges that these images were used on Zazzle's website and third-party websites connected to Zazzle. *Id.* It is undisputed that two of these images were not posted directly on Zazzle's website, but were used in promotional advertisements on third-party websites. Dkt. 219 at 6. It is also undisputed that only one of the images in question was sold during the appeal. Dkt. 219 at 1. This image was sold to GYPI's counsel at GYPI's behest. *Id.*

During the prior proceedings, Zazzle removed all images involved in the dispute from their website. Dkt. 219 at 2. Zazzle also claims that as soon as they received GYPI's brief on this motion they removed all four images from their use. *Id.* at 6. Now, GYPI seeks reconsideration of this Court's denial of the permanent injunction based on new evidence, and reconsideration of this Court's denial of attorney's fees in light of the Ninth Circuit's reinstatement of the original verdict. *See* Dkt. 217.

**II.  GYPI's Motion for a Permanent Injunction**

GYPI requests a permanent injunction against Zazzle's infringement of GYPI's copyrighted images. Dkt. 217 at 1. GYPI argues that Zazzle's use of four images to which GYPI holds a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

copyright warrants a permanent injunction because it imposes irreparable harm on their business. *See generally* Dkt. 217. GYPI argues that Zazzle's use of these four images causes a loss of reputation and market share, and a loss of control of their right to exclude afforded by virtue of owning the copyright. *Id.*

    a.  **Legal Standard**

An injunction should only be granted when it is essential to protect against irremediable injury. *Weingerger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). In order to establish that they are entitled to a permanent injunction, a plaintiff must meet their burden with the respect to a four-part test. Plaintiffs "must demonstrate: (1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C*, 547 U.S. 388, 391 (2006); *see generally Oracle USA, Inc v. Rimini St., Inc.*, 783 F. Appx. 707 (9th Cir. 2019) (applying the *eBay* factors in a copyright infringement case).

    i.  **Analysis**

    1.  **Irreparable Harm**

Irreparable harm is not automatically proven by a finding of copyright infringement. *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989 (9th Cir. 2011) ("We conclude that presuming irreparable harm in a copyright infringement case is inconsistent with . . . Supreme Court precedent . . . . we hold that even in a copyright infringement case, the plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite to injunctive relief."). Irreparable harm can be proven by evidence of an injury for which monetary damages are unsuitable to remedy, or harm that would necessitate a multiplicity of suits to remedy. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007).[1] A

---

[1] The Supreme Court held in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) that those who distribute a device with the object of promoting its use to infringe copyright are liable for the infringing acts of third parties. Two years after the Supreme Court's decision, this Court decided whether the plaintiff was entitled to a

    :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

plaintiff may not establish irreparable harm based on conclusory assertions of loss of reputation stemming from a small number of sales. *Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, No. 11cv00673 AJB, 2013 WL 5719071, at *4 (S.D. Cal. Oct. 21, 2013).

      GYPI argues that irreparable harm has occurred because Zazzle has continued to infringe on their copyright. Dkt. 217 at 5. GYPI's new evidence of continued infringement consists of four images, and it is undisputed that three of these images were only displayed on Zazzle's website or third-party websites connected to Zazzle. *See* Dkt. 217. GYPI did not attempt to challenge Zazzle's DMCA defense during the trial. *Id.* at 6–7. The jury never found that images that were only displayed on Zazzle's website constituted infringement. *Id.* Therefore, the three images only displayed in connection with Zazzle are not conclusive evidence of continued infringement. GYPI claims that, post-trial, Zazzle was "caught infringing four of Plaintiff's works." Dkt. 217 at 2. GYPI cannot claim that Zazzle was "caught infringing" post-trial through three display-only images when GYPI did not even challenge during trial whether display-only images were infringement. As to the fourth image, it is undisputed that the singular purchase of this image was made by GYPI's counsel at GYPI's behest. *Id.* at 1.

      In similar circumstances, federal courts in California have found that irreparable harm is not likely when high-volume sellers promptly and voluntarily remove infringing items. *See Brighton*, 2013 WL 5719071 at *1 (finding that the plaintiff did not suffer irreparable harm where the defendant had sold only 287 watches that infringed on plaintiff's design, the defendant promptly obtained the return of a majority of the watches upon learning of the infringement, and the plaintiff only made conclusory assertions of loss of reputation). Just as in *Brighton*, where the infringement was limited to a small number of items, Zazzle's potential infringement is limited to one image. A multiplicity of suits would not be required to remedy GYPI's harm because only four images were connected to Zazzle's website during the appeal, and only one was purchased. Additionally, there is no evidence to suggest that Zazzle is unable to pay the statutory damages awarded by the jury. As a result, monetary damages are not unsuitable. *See Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

---

permanent injunction in the case cited here, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197 (C.D. Cal. 2007).

                                                                                                                                                     :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

    GYPI claims that the infringement has led to a loss of reputation, but this claim is conclusory. GYPI does not provide evidence to support the assertion that they have experienced a loss of reputation as a result of Zazzle's infringement. Greg Young, owner of GYPI, stated that, "lower cost infringing posters *should* impact the sale of higher priced authentic prints." Dkt. 215-7 ¶ 7–8 (emphasis added). Young also stated that, "[Z]azzle's poor image quality *can* cause a loss of reputation by plaintiff . . . ." Dkt. 215-7 ¶ 15–16 (emphasis added). Because of a lack of evidence provided to support their assertion that the infringement impacts their market share or reputation, GYPI's argument that they have experienced a loss of reputation is conclusory. *See Bean v. Pearson Educ., Inc.*, No. CV 11-8030-PCT-PGR, 2011 WL 1211684, at *3 (D. Ariz. Mar. 30, 2011) (holding that there was not irreparable harm where the plaintiff, owner of a copyrighted photograph, offered no evidence that the defendant's actions would irreparably harm plaintiff's business reputation).

    GYPI argues that they have suffered irreparable harm because they have lost their exclusive right to control their copyright. The Ninth Circuit ruled in *Flexible Lifeline Systems* that the fact that copyright infringement has occurred does not lead to a presumption of irreparable harm. *Flexible Lifeline Sys.*, 654 F.3d at 998 (9th Cir. 2011). GYPI's argument that irreparable harm results from losing their exclusive right to control their copyright is inconsistent with *Flexible Lifeline Systems* because it means that copyright infringement leads to a per se presumption of irreparable harm.[2] *See Metro-Goldwyn-Mayer Studios,* 518 F. Supp. 2d at 1211 (holding that there is no presumption of irreparable harm when copyright infringement is shown because "[s]uch a rule would contravene the Supreme Court's intent that Plaintiff's establish . . .

---

[2] Plaintiff's reliance on *Presidio Components* and the concurrence in *Apple, Inc.* is misguided. In *Presidio Components*, a patent infringement case, the Federal Circuit vacated the lower court's denial of a permanent injunction because the district court improperly concluded that the right to exclude was not a factor to be taken into account as part of the irreparable harm analysis. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012). At no point did the Federal Circuit find that courts must *assume* the right to exclude *always* means irreparable harm is likely. *Id.* Similarly, in *Apple Inc.*, the plaintiff brought an action for patent infringement against the defendant regarding smartphone and tablet interfaces. *Apple Inc. v. Samsung Elec. Co., Ltd.*, 809 F. 3d 633, 637, 648 (Fed. Cir. 2015) (Reyna, J., concurring). Relying on the *Apple, Inc.* concurrence, GYPI argues that its exclusive reproduction right was infringed upon, and therefore its rights to exclude have presumptively been irreparably harmed. This is in direct conflict, however, with the holding in *Flexible Lifeline Systems*, and the Court must follow the Ninth Circuit's binding precedent.

  :  

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

how [the harm] amounts to *irreparable* harm."). Therefore, GYPI has failed to show that they have suffered irreparable harm.

### 2. Adequate Remedy at Law

The analysis for whether a plaintiff has an adequate remedy at law is similar to the analysis for irreparable harm. *Metro-Goldwyn-Mayer Studios*, 518 F. Supp. 2d at 1219. There is no adequate remedy at law for a plaintiff if there is a possibility that damages will be unpaid by the defendant or if a multiplicity of suits would be required for an adequate remedy. *Id.* Even if further infringement is likely, a plaintiff has an adequate remedy at law when they can obtain redress via further damages because there is *de minimis* infringement. *Bean*, 2011 WL 1211684, at *3 (citing *Metro-Goldwyn-Mayer Studios*, 518 F. Supp. 2d at 1215).

There is no indication that Zazzle will be unable to pay GYPI the statutory damages awarded by the jury. Further, GYPI only presented evidence of one instance of infringement post-trial. As a result, the post-litigation sales are *de minimis*, so a multiplicity of suits would not be required for an adequate remedy and further damages would be an adequate redress.[3] *See Brighton*, 2013 WL 5719071, at *5 (holding that the plaintiff had an adequate remedy at law where there were no indications that the defendant could not pay the statutory damages, and if future infringement occurred the plaintiff could be compensated by further damages); *Warner-Tamerlane Publ'g Corp. v. Leadsinger Corp.*, No. CV 06-6531-VAP, 2008 WL 11334487, at *7 (C.D. Cal. Apr. 18, 2008) (denying the plaintiff's request for a permanent injunction where the plaintiff did not show that there was "far more" infringement than could be addressed with damages). Therefore, GYPI has an adequate remedy at law to be compensated for their injury.

### 3. Balancing the Hardships

When courts balance the hardships between the plaintiff and the defendant to determine whether an equitable remedy is warranted, courts consider whether the defendant is likely to engage in further infringement absent an injunction. *Metro-Goldwyn-Mayer Studios, Inc.*, 518 F.

---

[3] For reference, during the trial there were three images infringed upon by Zazzle for which only a single sale was shown. Dkt. 219 at 5. For these three images, the jury awarded GYPI $200. *Id.* A multiplicity of suits would not be required for GYPI to recover for harm incurred from one image purchased one time. Given the small amount of money awarded by the jury for images purchased once, Zazzle would likely be able to pay further statutory damages. Therefore, further damages are an adequate redress for GYPI.

| | : | |
|---|---|---|
| | Initials of Preparer | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

Supp. 2d at 1221. When the hardship that would be imposed by an injunction is small relative to its benefit, the balance of the hardships weighs in favor of the plaintiff. *Mitchell v. 3PL Sys., Inc.*, No. SAVC 11-0534 AG, 2013 WL 12129617, at *4 (C.D. Cal. Apr. 8, 2013).

      It is undisputed that only one image was purchased post-trial and thus reflects litigated infringement. Dkt. 219 at 1. In ruling that Zazzle's infringement was willful, the Ninth Circuit explained that Zazzle did not change or improve their system to catch copyright infringement during the trial, and that Zazzle knew that their process for catching infringing images created false certifications.[4] Dkt. 212 at 2–3. Despite this finding, GYPI has been unable to establish that they will undergo a greater hardship absent an injunction than Zazzle would with an injunction. GYPI contends that Zazzle could do more to decrease their infringement, and that an injunction is necessary in order to ensure that Zazzle does so. Dkt. 217 at 2. It is not clear from the record that Zazzle's infringement has not, in fact, decreased since the jury awarded statutory damages. GYPI has only shown that Zazzle has potentially infringed on one image post trial, which GYPI *themselves* bought. Dkt. 219 at 5. Furthermore, GYPI has not presented any evidence of a more effective way for Zazzle to prevent infringement. GYPI does not present any feasible alternative to Zazzle's current policy to prevent infringement and has abandoned on remand their suggestion that software called "tineye" would help lower infringement. *See* Dkt. 217.

      Zazzle, on the other hand, reiterates their argument that allocating additional resources to policing copyright infringement would be burdensome and inefficient. Dkt. 149 at 10. It is not clear what additional effort Zazzle should undertake, or if that effort is reasonable or even possible. Plaintiff has not established that an injunction would have the effect of preventing further infringement by Zazzle, and therefore has not met their burden of proving that the balance of the hardships weighs in their favor. Based on this record, it would be improper to speculate what the burden of an injunction would be on Zazzle. Therefore, GYPI has not shown that the balance of the hardship falls in their favor. *Cf. Warner Bros. Entm't Inc. v. WTV Sys., Inc.*, 824 F. Supp. 2d 1003, 1014–15 (C.D. Cal. 2011) (holding that the balance of the hardships went in favor of the plaintiff where the defendant's infringement would harm the plaintiff's ability to profit from their business).

---

[4] The Ninth Circuit was aware of these false certifications on appeal, which contributed to the finding of willfulness.

                                                                                               :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

### 4. The Public Interest

The public interest factor falls in favor of a plaintiff when an injunction protects the rights of copyright holders. *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009); *see Perfect 10 v. Amazon, Inc.*, 487 F.3d 701 (9th Cir. 2007) ("[T]he public interest is also served when the rights of copyright holders are protected against acts likely constituting infringement."). Zazzle likely infringed on GYPI's copyright in their sale of one image post-trial. Zazzle's current method of preventing copyright infringement did not succeed in preventing the infringement of GYPI's copyright. As a result, a permanent injunction would protect the rights of GYPI as copyright holders. *See Broad. Music, Inc.*, 2013 WL 12113406, at *4 (holding that the public interest factor fell in favor of the plaintiff because the public receives a benefit when the rights of copyright holders are upheld). Therefore, the public interest factor tips in favor of GYPI.

### 5. Weighing the Factors

Weighing the *eBay* factors, courts view the most important factors as whether the plaintiff has suffered irreparable harm and whether the plaintiff has an adequate remedy at law. *See generally Brighton*, 2013 WL 5719071, at *6 (denying the plaintiff's request for a permanent injunction where the court found for the defendant on the first two factors and expressed "sympathy" towards the plaintiff on the third factor while partially finding for the plaintiff on the fourth factor); *Bean*, 2011 WL 1211684, at *4 (denying the plaintiff's request for a permanent injunction where the plaintiff could not prove irreparable harm, without considering the other three factors).

GYPI's harm is not irreparable because only one image was likely infringed upon post-trial, their claim of loss of reputation is conclusory, and monetary damages are suitable to compensate for their injury. Therefore, the first factor weighs in favor of Zazzle. GYPI does have an adequate remedy at law because there is no indication that Zazzle is unable to pay the statutory damages, and, because of *de minimis* infringement post-trial, there is likely not a need for a multiplicity of suits. As a result, the second factor weighs in favor of Zazzle. The balance of the hardship factor does not weigh in GYPI's favor because they have not met their burden of showing that an injunction would provide a benefit to GYPI greater than the harm it would impose on Zazzle. Lastly, the public interest factor tips towards GYPI because of the public's interest in protecting the rights of copyright holders. Weighing the factors together, the Court

:

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

finds an injunction is not warranted in this circumstance. Therefore, GYPI's motion for a permanent injunction is DENIED.

### III. GYPI's Motion for Attorney's Fees

On appeal, the Ninth Circuit found that this Court did not abuse its discretion in denying Plaintiff's motion for attorney's fees. Dkt. 219 at 4. However, in light of the Ninth Circuit finding that Zazzle's infringement was willful, the Ninth Circuit left open the possibility for GYPI to move for attorneys' fees based on the unremitted verdict. *Id.* at 4 n.2. In the present motion, GYPI requests that this Court award them attorney's fees pursuant to § 505 of the Copyright Act, 17 U.S.C. § 505. Dkt. 217 at 6. GYPI argues that they are entitled to attorney's fees based on the Ninth Circuit's finding that Zazzle willfully infringed on GYPI's copyright. *Id.*

#### a. Legal Standard

Pursuant to Section 505 of the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . . The court may also award reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Fogerty*, the Supreme Court introduced a non-exhaustive list of factors for courts to consider when making fee determinations, including: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996); *see also Fogerty v. Fantasy*, 510 U.S. 517, 534 n.19 (1994). District courts have broad discretion to award fees, "as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996); *see also Fogerty*, 510 U.S. at 534 n.19 ("We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

### i. Analysis

#### 1. Degree of Success

When reviewing a moving party's degree of success, courts look to the actual success of the moving party, measured by "establishing the [non-moving party's] liability." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1038 (9th Cir. 2018). This factor weighs in favor of the party who "obtained *complete success* on the merits." *Metcalf v. Bochco*, 200 Fed. App'x. 635, 641 (9th Cir. 2006) (emphasis added). However, prevailing in an action is not dispositive evidence that that party has obtained complete success on the merits. *See Glacier Films*, 896 F.3d at 1039 (refusing to adopt the Seventh Circuit's presumptive entitlement to fees for prevailing parties in copyright cases). The Court should consider the percentage of damages sought compared with damages awarded and the success on summary judgment by each party. *See Gold Glove Prods. v. Handfield*, No. CV 13-7247 DSF (RZx), 2014 WL 12560617 at *5 n. 2 (C.D. Cal. June 4, 2014) ("[A] prevailing plaintiff may attain only a marginal degree of success if, for example, the plaintiff is awarded a small portion of the damages sought."); *Glass v. Sue*, No. CV 09-8570-RGK (SHx), 2011 WL 561028 at *3 (C.D. Cal. Feb. 8, 2011) ("Plaintiff did not completely succeed in her action . . . . the Court granted in part Defendant's motion for Summary Judgment.").

In light of the Ninth Circuit's finding that Zazzle's infringement was willful, and reinstating the original $460,800 verdict, GYPI argues that they obtained "total success." Dkt. 217 at 7. Despite the Ninth Circuit reinstatement of the verdict, GYPI only succeeded in obtaining 21% of their original request for relief, which was $2.1 million. Dkt. 220 at 11. The Ninth Circuit found that Zazzle willfully infringed on GYPI's copyright to five works, but the jury found that four other instances of infringement were not willful. Dkt. 219 at 14. Zazzle succeeded in obtaining summary judgement on eight works and succeeded in confirming Zazzle's ability to assert the DMCA defense. Dkt. 212 at 4. Because the percentage of damages awarded was only 21% of GYPI's original request for relief, and because Zazzle succeeded in obtaining summary judgment on several grounds, GYPI did not achieve complete success. *See Anthony California, Inc. v. Fire Power Co., Ltd.*, No. EDCV 15-867 JGB (SPx), 2018 WL 5816169 at *3 (C.D. Cal. Aug. 10, 2018) (finding that the degree of success factor was neutral where the jury found willful infringement and awarded the plaintiff damages, but the defendants had prevailed on a counter-claim and proved that the defendant did not infringe on four

:

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

copyrights). Both GYPI and Zazzle were not "completely successful" in this action, so the degree of success factor does not weigh in GYPI's favor. *See id.*

### 2. Frivolousness

Attorney's fees are warranted when the non-moving party has brought frivolous claims. *Maljack Prods., Inc.*, 81 F.3d at 890. A frivolous claim "lacks an arguable basis in either law or fact." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). An unsuccessful claim is only deemed frivolous where "the result is obvious or the arguments are wholly without merit." *Glass,* 2011 WL 561028 at *3 (quoting *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003)).

This Court previously denied GYPI's motion for attorney's fees, and the frivolousness analysis has remained unchanged.[5] Zazzle prevailed in excluding certain works from this action, obtained the ability to utilize the DMCA defense, and successfully proved that four instances of infringement were not willful. Dkt. 81 at 4–5. Although Zazzle did not succeed in proving that five images were not willfully infringed upon, the result as to those images was not obvious and Zazzle's arguments were not without merit. *Id.* Therefore, Zazzle was not frivolous, and this factor weighs in Zazzle's favor. *See Benay v. Warner Bros. Entm't, Inc.*, No. CV 05–8508 PSG (FMOx), 2008 WL 11338634 at *2 (C.D. Cal. May 6, 2008) (finding that the non-moving party's claims were not frivolous where they were based on a good faith belief the moving party had infringed on their copyright and the non-moving party supported this belief sufficiently).

### 3. Objective Unreasonableness

When determining whether a non-moving party was objectively reasonable in litigation, courts should "give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1981-82 (2016). Liability is not the same as unreasonableness. *Id.* at 1988; *see also Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013) ("[T]he mere fact that Seltzer lost cannot establish his objective unreasonability."). A non-moving party is unreasonable when the moving party is "*clearly correct*" such that the non-moving party has no reasonable defense but continues to litigate. *Kirtsaeng*, 136 S.Ct. at 1986-87 (emphasis added) (explaining that, in order to deter against

---

[5] The Ninth Circuit affirmed this Court's denial of Plaintiff's motion for attorneys' fees, which was based on the same record with regard to the "frivolousness" element.

: _____

Initials of Preparer  _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

prolonged litigation, parties who continue to litigate clearly losing claims are unreasonable).

The objective reasonableness of Zazzle's behavior in this litigation has remained unchanged by the Ninth Circuit's findings on appeal. GYPI is the prevailing party in this litigation, but they did not prevail in proving that four instances of infringement were willful or that the six Erickson images should be included in the action. Dkt. 219 at 2. Zazzle successfully defeated GYPI's argument at summary judgment that Zazzle could not raise the DMCA defense. *Id.* As a result, GYPI was not *clearly* correct in all aspects of this litigation. Therefore, Zazzle was not objectively unreasonable. *See Seltzer*, 725 F.3d at 1181 (holding that the losing party was not objectively unreasonable where the winning party only won on two out of four "fair use factors"); *Abbas v. Vertical Entm't, LLC*, No. 2:18-cv-7399-CBM-AFMx, 2019 WL 6486035 at *1 (C.D. Cal. Oct. 8, 2019) (holding that the losing party, whose claim was barred by the statute of limitations, was still objectively reasonable because they "relied on a colorable theory in opposition to the motion for judgment on the pleadings.").

### 4. Motivation

The presence of bad faith in bringing or pursuing an action weighs against an award of attorney's fees to a plaintiff. *Maljack Prods.*, 81 F.3d at 890. Bad faith exists when a party brings or pursues a claim without the goal of advancing the public good as envisioned by the Copyright Act. *YS Built LLC v. Ya Hsing Chiang Cind Huang*, 739 Fed. App'x. 414, 417 (9th Cir. 2018). GYPI's stated motivation in bringing this action is to "promote creators" and protect "the original creative expression" of artists. Dkt. 220 at 1; Dkt. 217 at 10. As a result, GYPI brings the claim with the goal of advancing the public good as envisioned by the Copyright Act and their claim is not motivated by bad faith. Therefore, this factor tips in GYPI's favor. *See Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, No. 2:16-CV-00393-RGK-SS, 2017 WL 2719983 at *4 (C.D. Cal. Jan. 27, 2017) (holding that the plaintiff's motivation for bringing the copyright infringement suit was consistent with the purpose of the Copyright Act where the plaintiff's motivation was to protect their copyright).

### 5. Compensation and Deterrence

Damages are insufficient and attorney's fees are warranted when a small award of damages resulting from willful infringement would not deter future infringement. *Glacier Films*, 896 F.3d at 1039; *see also Magnuson*, 85 F.3d at 1432 ("[W]e are particularly concerned that the small

:

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

award for damages in this case is insufficient to deter future copyright infringements . . . ."). Deterrence is needed when there is a substantial likelihood of future infringement that would cause actual harm. *WB Music Corp. v. Royce Int's Broad. Corp.*, No. EDCV 16-600 JGB (DTBx), 2018 WL 6177237 at *4 (C.D. Cal. July 9, 2018) (finding that the deterrence factor weighed in favor of the plaintiff where there was a substantial likelihood that the defendant would continue to infringe and cause actual harm to the plaintiff).

    The Ninth Circuit found on appeal that Zazzle's conduct was willful. Dkt. 212 at 2–3. However, the damages awarded to GYPI are not "small," and total $460,800. *See Glacier Films*, 896 F.3d at 1040 (holding that the damages award was "small" where the plaintiff was awarded $750). In this Court's denial of GYPI's request for a permanent injunction, the Court found that despite Zazzle's willful infringement on some of the copyrighted images, there is not a substantial likelihood that Zazzle will continue to infringe in any way that will cause an actual threat to GYPI. *See supra* Section II.A.ii. As a result, the damage award is not small and there is no substantial likelihood of future infringement. Therefore, attorney's fees are not necessary for deterrence.[6] *See Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-CV-2472-AJB-KSC, 2019 WL 1429588 at *5 (C.D. Cal. Mar. 29, 2019) (holding that the deterrence concerns did not require an award of fees where both parties' litigation stances were reasonable and therefore did not need deterrence).

### 6. The Goals of the Copyright Act

    Lastly, courts analyze whether awarding fees would "further the purposes of the Copyright Act." *Glacier Films*, 896 F.3d at 1040 (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)). "The goal of the Copyright Act is 'to promote creativity for the public good.'" *Id.* (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). A defendant advances

---

[6] Plaintiff claims that *Glacier Films*, which was decided by the Ninth Circuit after this Court entered judgment on Plaintiff's original motion for fees, dictates a finding that deterrence concerns require the award of attorney's fees. Dkt. 217 at 7–9. However, the holding in *Glacier Films* does not disturb our prior order. In *Glacier Films*, the Ninth Circuit held that attorney's fees were necessary to deter repeated violations in *torrent* cases. *Glacier Films (USA)*, 896 F.3d at 1040 ("[I]t is not logical to resolve that statutory damages alone sufficiently deter *this species* of copyright infringement . . . .") (emphasis added)). The Ninth Circuit did not announce a per se rule of awarding attorney's fees to deter *all* copyright violations. "The Ninth Circuit did not, at any point in *Glacier Films*, announce a new legal standard or provide new guidance on how to weigh the *Fogerty* factors." *Universal Dyeing & Printing, Inc. v. Lularoe, LLC*, No. 2:17-cv-06096-CAS(SSx), 2018 WL 4223605 at *2 (C.D. Cal. Sept. 5, 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

the goals of the Copyright Act when they defend against baseless claims. *Shame on You Prods., Inc. v. Banks*, No. CV 14-03512-MMM (JCx), 2016 WL 5929245 at *11 (C.D. Cal. Aug. 15, 2016) ("Awarding fees to Defendants in this case will reward artists and others who defend against meritless claims . . . ."); *see also Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 3627595 at *2 (finding that the defendants successful defense furthered the Copyright Act's underlying goals).

An award of attorney's fees would not advance goals of deterrence and therefore promote creativity given the lack of complete control Zazzle has over who posts images on their website. While the Ninth Circuit did find that Zazzle was "reckless" in not changing their strategy to prevent infringement,[7] GYPI does not provide evidence to suggest that attorney's fees would add to the deterrent factor already provided by the jury award of $460,800. Dkt. 212 at 2–3. Given the lack of substantial threat of future infringement that would actually harm GYPI, the goals of the Copyright Act to promote creativity for the public good do not require an award of attorney's fees. Additionally, Zazzle's DMCA defense promotes the goals of the Copyright Act because it is a novel issue that will help to ensure that "the boundaries of copyright law are demarcated as clearly as possible." *Kirstaeng*, 136 S.Ct. at 1987. Therefore, this factor weighs in favor of Zazzle. *See Anthony California*, 2018 WL 5816169 at *5 ("Awarding fees to Plaintiff will reward a copyright holder for pursuing claims against infringers, particularly those who did so willfully. Nevertheless, an award of fees to Plaintiff would also deter defendants who have reasonable defenses and litigate their defenses through the trial.").

### 7. Weighing the Factors

Weighing the factors set out in *Fogerty*, courts "give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng*, 136 S.Ct. at 1981-82 (2016). The goals of the Copyright Act are an important consideration in the award of attorney's fees. *Glacier Films*, 896 F.3d at 1033. Zazzle's actions in this litigation were objectively reasonable and not frivolous, and the goals of the Copyright Act are furthered by Zazzle prevailing on this motion. The degree of success factor does not weigh in either Zazzle or GYPI's favor. The only factor that weighs in GYPI's favor is that their motivation was not based on bad faith. These findings

---

[7] This finding of "recklessness" existed at the time of this Court's original denial of the preliminary injunction, which was affirmed by the Ninth Circuit. Accordingly, the Court does not consider Zazzle's "recklessness" with regard to its anti-infringement policy to necessitate a permanent injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04587 SVW (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | *Greg Young Publishing, Inc. v. Zazzle, Inc.* | | |

remain unchanged from this Court's original holding that attorney's fees were not warranted. *See* Dkt. 183. The Ninth Circuit did not criticize that finding. Dkt. 212 at 4. For these reasons, GYPI's motion for attorney's fees is DENIED.

**IV. Conclusion**

In accordance with the Order above, GYPI's motion for a permanent injunction is DENIED. GYPI's motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer